_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
                       COUNSEL/PARTIES OF RECORD

JUN 2 4 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

OMAR QAZI,

                Defendant.

Case No. 2:15–cr–14–APG–VCF

**REPORT & RECOMMENDATION**

MOTION TO SUPPRESS (#18)

This matter involves the United States prosecution of Omar Qazi for being a felon in possession of a firearm. *See* (Indict. #1[1]). Before the court is Qazi's Motion to Suppress (#18). The government opposed (#21) and Qazi replied (#22). For the reasons stated below, Qazi's motion should be denied.

## I. BACKGROUND

On January 6, 2015, at 3:53 p.m., Omar Qazi entered a gold Saturn sedan, departed the Harbor Island Apartments, pulled onto East Harmon Avenue, and nearly collided with Officer Glover's patrol car. (Police Rep. (#21-1) at 3). Qazi allegedly failed to yield the right of way, forcing Officer Glover to slam on his breaks. (*Id.*) Officer Glover activated his overhead emergency lights and stopped Qazi. (*Id.*)

Officer Glover approached the driver's side window and smelled marijuana. (*Id.*) Qazi produced his driver's license and, on account of the smell of marijuana, Officer Glover decided to search the vehicle. (*Id.*) Officer Glover ordered Qazi from the vehicle, placed him in handcuffs, and began the search. (*Id.*) He immediately noticed that the center console's ashtray was loose. (*Id.*) He lifted it up and discovered a

---

[1] Parenthetical citations refer to the court's docket.

bag of marijuana, crystal meth, and a black revolver. (*Id.*) The drugs were removed and the gun was left in order to preserve DNA evidence, if any. (*Id.*)

Officer Glover returned to his patrol car and conducted a records search using Qazi's driver's license. (*Id.*) The search revealed that Qazi is a felon. (*Id.*) Officer Glover placed Qazi under arrest and notified the Firearms Investigation Unit of the Las Vegas Metropolitan Police Department. (*Id.*)

At 5:56 p.m., Detective Frank Bien arrived on the scene and applied for a telephonic search warrant to recover the revolver and DNA evidence from it. (*Id.*) A search warrant was issued at 6:03 p.m. (*Id.*) Meanwhile, a third law enforcement member, Officer Kitchen, interviewed Qazi, who admitted to possessing the firearm. (*Id.*)

Detective Bien removed the revolved from the vehicle; identified it as a Smith & Wesson; and took the narcotics from Officer Glover. (*Id.*) Qazi was then booked on one count for being a felon in possession of a firearm and, based on the way that the drugs were packaged, one count for possession with intent to distribute. (*Id.* at 2).

On January 20, 2015, Qazi was indicted in the United States District Court for the District of Nevada on one count for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Now, he moves to suppress the narcotics and revolver that were obtained from Saturn

## II. LEGAL STANDARD

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and requires that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. CONST. amend. IV. The general rule is that the Fourth Amendment makes warrantless searches and seizures unreasonable as a matter of law. *See United States v. Cervantes*, 703 F.3d 1135–1138–39 (9th Cir. 2012) (citing *Katz v. United States*, 389 U.S.

347, 357 (1967)). Traffic stops provide one of the "few specifically established and well-delineated exceptions" to this rule. *Id.*

A police officer may stop a car without a warrant, and thereby seize its passengers, if there is reasonable suspicion that criminal activity may be afoot or that a traffic violation has occurred. *Whren v. United States*, 517 U.S. 806, 809–10 (1996); *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Pennsylvania v. Mimms*, 434 U.S. 106, 109 (1977) (stating that a police officer who personally observes a traffic violation has probable cause to stop the vehicle and offending driver). Reasonable suspicion is a low standard; it only requires a police officer to "be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant" a stop. *See Terry v. Ohio*, 392 U.S. 1, 21 (1968).

A police officer may also search a car without a warrant if there is probable cause that the car contains contraband or other evidence of criminal activity. *Carroll v. United States*, 267 U.S. 132, 153–54 (1925). The warrantless search is limited in scope to compartments and containers in the car that may hold the suspected contraband or evidence. *United States v. Ross*, 456 U.S. 798, 820–21 (1982). The rationale for this rule is twofold: automobiles can be driven away before a warrant may be obtained and their occupants have a reduced expectation of privacy when traveling openly in public view. *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996) (tracing the history of the automobile exception).

Probable cause exists if there is a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Probable cause is "a fluid concept." *Id.* at 232. It is "not readily, or even usefully, reduced to a neat set of legal rules." *Id.* Determining whether probable cause exists "turn[s] on the assessment of probabilities in particular factual contexts." *Id.* The concept does not deal with hard certainties, but with probabilities. *Id.* at 241. This means

3

that a police officer's reasonable but mistaken belief regarding the facts establishing probable cause does not offend the Fourth Amendment. *Saucier v. Katz*, 533 U.S. 194, 206 (2001).

If a police officer stops a vehicle without reasonable suspicion or searches it without probable cause, then the occupant's Fourth Amendment rights have been violated, *see Florida v. Royer*, 460 U.S. 491, 497–99 (1983), and the exclusionary rule bars the prosecution from introducing evidence against that person that was obtained as a result of the illegal seizure. *See Wong Sun v. United States*, 371 U.S. 471, 484 (1963); *Spano v. New York*, 360 U.S. 315, 320–21 (1959). ("[T]he police must obey the law while enforcing the law; [] in the end life and liberty can be as much endangered from illegal methods used to convict those thought to be criminals as from the actual criminals themselves.").

## III. DISCUSSION

Qazi contends that the narcotics and revolver should be suppressed for three reasons: (1) Officer Glover lacked reasonable suspicion to conduct a traffic stop; (2) Officer Glover prolonged the stop beyond its permissible scope; and (3) the police officers unlawfully searched Qazi's Saturn. Each question is discussed below.

### A.     Whether Officer Glover Lacked Reasonable Suspicion to Stop Qazi's Car

Qazi first contends that the narcotics and revolver should be suppressed from the government's case in chief because "there was no reasonable suspicion of criminal activity or a traffic violation prior to Officer Glover pulling over the gold Saturn." This is not an argument; it is a legal conclusion. *See* BLACK'S LAW DICTIONARY (9th ed. 2009) (Conclusory: "Expressing a factual inference without stating the underlying facts on which the inference is based"). Conclusory arguments are generally not entertained by the courts. *See, e.g., United States v. Balcar*, 141 F.3d 1180, 1180 (9th Cir. 1988) ("None of these conclusory arguments are discussed in any depth and we thus decline to address them.").

4

In response, the government argues that Officer Glover had reasonable suspicion to stop Qazi because Qazi pulled out of the Harbor Island Apartments' parking lot, failed to yield the right of way, and nearly collided with Officer Glover. These undisputed facts provide reasonable suspicion to believe that Qazi violated Nevada's traffic laws. *See* NEV. REV. STAT. § 484B.260 ("The driver of a vehicle about to enter or cross a highway from a private way shall yield the right-of-way to all vehicles approaching on such highway."); *see also Mimms*, 434 U.S. at 109 (stating that a police officer who personally observes a traffic violation has probable cause to stop the vehicle and offending driver).

The court finds that Officer Glover's stop was constitutional. Qazi's reply brief abandoned the argument that Officer Glover lacked reasonable suspicion and Qazi's motion failed to allege any facts that would warrant an evidentiary hearing. *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) (citing *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986)) ("An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist.").

**B.     <u>Whether Officer Glover Impermissibly Prolonged the Duration of the Stop</u>**

Qazi next argues that Officer Glover impermissible prolonged the duration of the stop. Like Qazi's previous argument, this argument is conclusory, unsupported by factual assertions, and was abandoned in Qazi's reply brief.

Under the Fourth Amendment, a police officer must have reasonable suspicion to execute a traffic stop and an independent basis of reasonable suspicion to prolong a stop beyond its initial purpose." *United States v. Turvin*, 517 F.3d 1097, 1100 (9th Cir. 2008) (citing *United States v. Mendez*, 476 F.3d 1077, 1080 (9th Cir. 2007)).

Here, the government argues that the duration of the stop was reasonable because Officer Glover observed a traffic violation, smelled marijuana, took Qazi's driver's license to conduct a records check,

5

requested a backup unit to conduct a search, conducted a search, and arrested Qazi. *See* (Gov't's Opp'n (#21) at 3–5). These facts provide reasonable suspicion for prolonging the initial traffic stop. Qazi's failure to contest these facts obviates the need for an evidentiary hearing. *See Walczak*, 783 F.2d at 857.

## C.    **Whether the Police Officers Unlawfully Searched Qazi's Saturn**

Finally, Qazi contends that the police unlawfully searched his Saturn because (1) Qazi did not consent to the warrantless search, (2) Officer Glover did not smell marijuana coming from the Saturn, and (3) a vehicle cannot be searched because a police officer smells marijuana coming from the car. The court is unpersuaded.

First, consent is not an issue in this matter. Neither Officer Glover's police report nor the government opposition predicate the constitutionality of the vehicle search on consent.

Second, the court is unpersuaded by Qazi's argument that the police lacked probable cause to search the vehicle because Officer Glover did not smell marijuana coming from the car. Qazi contends that he "had been smoking a menthol tobacco cigarette in the car at the time of the stop, which would likely create an overpowering odor." (Doc. #18 at 4:21–22). Even if the court accepts this unsubstantiated allegation as true, an officer's reasonable but mistaken belief regarding contraband may support a finding of probable cause. *Saucier*, 533 U.S. at 206 ("Officers can have reasonable, but mistaken, beliefs as to the facts establishing the existence of probable cause . . . and in those situations courts will not hold that they have violated the Constitution.").

Accepting Qazi's factual assertions as true, Officer Glover smelled an overpowering odor created by menthol tobacco and mistook it for marijuana. Qazi does not contend that this mistake was unreasonable. Combined with the fact that Officer Glover stopped Qazi for erratic driving, the court finds that Officer Glover's belief was reasonable under the totality of the circumstances of this case.

6

Third, Qazi contends that a vehicle search cannot be predicated on the smell of marijuana because several states, including Nevada, have legalized it in some form. *See generally* NEV. REV. STAT. §§ 453A.010, *et seq*. (legalizing medical marijuana). This argument raises a question of law that may be decided without an evidentiary hearing. The court finds that this argument fails as a matter of law.

It is illegal to operate a motor vehicle while impaired. *See* NEV. REV. STAT. § 484C.110. Legally obtained substances, like alcohol and marijuana, may impair a driver. The odor of marijuana, like the odor of alcohol, may establish probable cause to search the vehicle for marijuana or alcohol. *See United States v. Parker*, 919 F. Supp. 2d 1072, 1079 (E.D. Cal. 2013) ("The odor of marijuana emanating from a vehicle creates sufficient probable cause to justify a warrantless search of the vehicle."); *United States v. Neumann*, 183 F.3d 753, 756 (8th Cir. 1999) (holding that alcohol odor provided probable cause to search vehicle for open container and smell of burnt marijuana justified search of entire vehicle for drugs); *United States v. Mazzone*, 782 F.2d 757, 761 (7th Cir.1986) (noting that odor of marijuana provides probable cause to search vehicle at least until likely source of odor is found).

Here, Officer Glover alleges to have smelled marijuana. Qazi contends that this belief was mistaken, but the court finds that it was reasonable. A reasonable but mistaken belief regarding the facts has no effect on a police officer's probable cause determination. *Saucier*, 533 U.S. at 206. Therefore, Officer Glover's warrantless search of Qazi's Saturn was reasonable under the automobile exception to the warrant requirement of the Fourth Amendment.

/// /// ///

/// /// ///

/// /// ///

/// /// ///

/// /// ///

7

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Mr. Qazi's Motion to Suppress (#18) be DENIED.

IT IS SO RECOMMENDED.

DATED this 24th day of June, 2015.

_____

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

8