**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>        v.<br><br>OMAR QAZI,<br><br>                             Defendant. | Case No. 2:15-cr-14-APG-VCF<br><br>**ORDER ACCEPTING REPORT & RECOMMENDATION DENYING MOTION TO SUPPRESS**<br><br>(Dkt. ##18, 23) |

Defendant Omar Qazi filed a motion to suppress drugs and a gun that were seized from a car he was driving. (Dkt. #18.) On June 24, 2015, Magistrate Judge Ferenbach issued a Report & Recommendation recommending denial of the motion. (Dkt. #23.) Mr. Qazi filed an objection. (Dkt. #25.) I have conducted a *de novo* review of the Report & Recommendation and related papers. Judge Ferenbach's Report & Recommendation sets forth the proper legal analysis and factual basis for the decision.

Mr. Qazi requests an evidentiary hearing on his motion to suppress. I and Magistrate Judge Ferenbach have discretion to decide whether to hold an evidentiary hearing. *United States v. Quoc Viet Hoang*, 486 F.3d 1156, 1163 (9th Cir. 2007). There is no need to hold an evidentiary hearing to decide a motion to suppress unless the papers "allege facts with sufficient definiteness, clarity, and specificity to enable [me] to conclude that contested issues of fact exist." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (quotation marks omitted). Simply saying "I disagree with the officer's version of what happened," without more, is insufficient to justify an evidentiary hearing.

The government has shown that Officer Glover had both a reasonable basis to believe that a traffic violation had occurred and probable cause to conduct the search. The government also has shown that the stop was not unduly delayed to conduct the search. In response, Mr. Qazi contends

"there are factual issues concerning the stop that need to be addressed at an evidentiary hearing." (Dkt. #25 at 3:11-12.) But Mr. Qazi offers no factual allegations to contradict the government's description of the events. He does not identify any evidence or testimony he hopes to present or elicit at an evidentiary hearing. Therefore, I cannot conclude that issues of fact exist with regard to the stop and search that justify an evidentiary hearing.

IT IS ORDERED that Magistrate Judge Ferenbach's Report & Recommendation **(Dkt. #23) is ACCEPTED**, Qazi's Objection **(Dkt. #25) is OVERRULED**, and Qazi's motion to suppress **(Dkt. #18) is DENIED**.

Dated: August 5, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE