1  Omar Qazi #49760048
2  Nevada Southern Detention Center
3  2190 E. Mesquite Ave.
4  Pahrump, Nevada 89060

```
        ____✓ FILED          _____ RECEIVED
        ____ ENTERED         _____ SERVED ON
                      COUNSEL/PARTIES OF RECORD

               AUG 2 6 2015

            CLERK US DISTRICT COURT
             DISTRICT OF NEVADA
        BY:_____ DEPUTY
```

12          **UNITED STATES DISTRICT COURT**

14              **DISTRICT OF NEVADA**

17  UNITED STATES OF AMERICA,        )
18                                   )        Case no: 2:15-cr-00014-APG-VCF
19              Plaintiff,           )
20                                   )        **Motion for a *Franks* Hearing**
21  vs.                              )
22                                   )
23  Omar Qazi,                       )
24                                   )
25              Defendant.           )
26  _____ )
27

28  Certification: This Motion is being Filed Timely.

29  Relief Sought,

30  COMES NOW, Defendant, Omar Qazi, Pro Se, by and through myself of record and Hereby moves

31  this Honorable Court for a Motion for a *Franks* Hearing. This Motion is based on the Indictment,

32  following Memorandum of Points and Authorities, Exhibits, and any other Evidence or oral argument

33  the court may entertain.

34

35

36

37

38

39

40                              **Memorandum of Points and Authorities**

41

42          Defendant wishes to challenge the truthfulness of the affidavit. Defendant believes there is

43   inconsistencies in the testimony of Officer J. Glover and Affiant Detective F. Bien regarding the finding

44   of probable cause. Detective Bien included false statements in Affidavit with reckless disregard for

45   truth. **See Exhibit A and Exhibit B as my offer of proof.** Affiant Bien used the statements of Officer

46   Glover, that Defendant failed to yield right of way and that he smelled Marijuana for Probable Cause,

47   but there is no proof of smelling marijuana other than hearsay, because Officer Glover admits that he

48   never mentioned the smell of marijuana to anyone prior to the warrantless search. The alleged traffic

49   violation is also hearsay with no proof. Also Affiant Bien mentions that the said black revolver was

50   underneath the ashtray which is also untrue. The photographs in Exhibit B shows that any item of that

51   size is impossible to be placed under the ashtray. For these reasons, Affiant Bien made false statements

52   in the affidavit for the search warrant.

53

54                                 **Supporting Authorities**

55

56          **See Franks v. Delaware, 438 U.S. 154, 155-156, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978)** (if

57   defendant makes substantial preliminary showing that affidavit includes false statement made

58   knowingly and intentionally or with reckless disregard for truth, and if allegedly false statement is

59   necessary for a showing of probable cause, Fourth Amendment requires hearing); **see, e.g., United**

60   **States v. Poulsen, 655 F.3d 492, 504 (6th Cir. 2011)** (to obtain Franks hearing, defendant must make

61   substantial preliminary showing that false statement was included in affidavit for warrant knowingly

62   and intentionally, or with reckless disregard for truth, and that allegedly false statement was necessary

63   to finding of probable cause); **United States v. Reiner, 500 F.3d 10, 14-16 (1st Cir. 2007)** (omission of

64    material fact from the affidavit supporting warrant is sufficient to trigger Franks hearing, but

65    suppression should be ordered only if warrant application, clarified by disclosure of previously

66    withheld material, no longer demonstrates probable cause); cf. **United States v. Freeman, 625 F.3d**

67    **1049, 1052 (8th Cir. 2010)** (Franks hearing must be denied unless defendant makes "strong initial

68    showing" of deliberate falsehood or reckless disregard of truth); **United States v. Lowe, 516 F.3d 580,**

69    **584-585 (7th Cir. 2008); United States v. Williams, 477 F.3d 554, 557-560 (8th Cir. 2007)**

70    (defendant must make substantial preliminary showing comprised of specific allegations along with

71    supporting affidavits or similarly reliable statements to demonstrate entitlement to Franks hearing);

72    **United States v. Gibbs, 421 F.3d 352, 357-359 (5th Cir. 2005); United States v. Martinez-Garcia,**

73    **397 F.3d 1205, 1216-1217 (9th Cir. 2005)** (omission from affidavit of charges pending against

74    informant insufficient to require Franks hearing); **United States v. Woosley, 361 F.3d 924, 927-928**

75    **(6th Cir. 2004)** (affidavit containing few facts about confidential information deemed sufficient when

76    officer affirmed informant's reliability, drugs, and their location specifically identified and reports of

77    activity corroborated by local law enforcement); **United States v. Gaston, 357 F.3d 77, 80-81 (D.C.**

78    **Cir. 2004)** (defendant attacking accuracy of affidavit is entitled to evidentiary hearing only if his attack

79    is more than conclusory and is accompanied by allegations of deliberate falsehood or of reckless

80    disregard for truth, and those allegations must be accompanied by offer of proof); **United States v.**

81    **Avery, 295 F.3d 1158, 1167 (10th Cir. 2002)** (failure to discuss reliability of confidential informant

82    does not automatically preclude finding of probable cause); **United States v. Ryan, 293 F.3d 1059,**

83    **1061-1062 (8th Cir. 2002)** (Franks hearing not required absent showing of intentional or reckless

84    misstatement of facts by officer).

85

86

87

88

89                          **Conclusion**

90            For the foregoing reasons, Defendant respectfully requests that the court grant this Motion for a

91   *Franks* Hearing.

92   Dated this 23 day of August, 2015          Respectfully Submitted,

93                                              Omar Qazi, Pro Se

94

95
96   Omar Qazi #49760048
97   Nevada Southern Detention Center
98   2190 E. Mesquite Ave.
99   Pahrump, Nevada 89060
100

## Certificate of Service

I hereby certify that on the 23 day of August, 2015, I mailed my Memorandum to the court, to the following:

Clerk of the Court
District Court
Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd. South, Rm. 1334
Las Vegas, NV 89101

U.S. District Attorney Office
District of Nevada
333 Las Vegas Blvd. South, Ste. 5000
Las Vegas, NV 89101

**\* Copy of Receipt Requested \***

Omar Qazi #49760048
Nevada Southern Detention Center
2190 E. Mesquite Ave.
Pahrump, NV 89060

# Exhibit A

[Application for telephonic Search warrant]

LAS VEGAS METROPOLITAN POLICE DEPARTMENT
## APPLICATION FOR TELEPHONIC SEARCH WARRANT

EVENT #: LLV150106002982

**The following is the transcription of the recorded Application for Search Warrant between affiant, Detective Frank Bien (FB), and Judge Conrad Hafen (CH).**

FB:   LVMPD Event Number 150106-2982. Judge Hafen, for the record, this line is being recorded, do I have your permission to continue?

CH:   Yes.

FB:   This is Detective F., as in Frank, Bien, Baker-Ida-Easy-Nora, P Number 7946 of the Firearms Investigation Section, and I am making an application for a Telephonic Search Warrant pursuant to NRS 179.045. I am talking to Judge Hafen. The date is 1/6/15, and the time of this call is 1756 hours. Judge Hafen, my right hand is raised, could you please swear me in?

CH:   Okay, do you swear that the facts and information you're about to present are true and correct to the best of your ability, so help you God?

FB:   I do.

CH:   Okay, proceed.

FB:   Judge Hafen, my application is as follows. I, Detective F. Bien, P Number 7946 am employed by the Las Vegas Metropolitan Police Department and have been so employed for a period of 12 years. I am currently assigned to the Firearms Investigation Unit and I have been assigned to this detail for 2 years. I am presently investigating the crime of Own/Possess Gun by a Prohibited Person, which occurred at Harmon, just west of Koval, Las Vegas, Clark County, Nevada, on or about 1553 hours on the 6th Day of January, 2015. That there is probable cause to

Page 1

LAS VEGAS METROPOLITAN POLICE DEPARTMENT
## APPLICATION FOR TELEPHONIC SEARCH WARRANT

EVENT #: LLV150106002982

believe that certain property hereinafter described will be found at the following described premises, to-wit:

1. Gold 1995 Saturn SL1, bearing Nevada plate 916-Adam-Robert-Lincoln, with a unique VIN Number 1-George-8-Zebra-Henry-5281-Sam-Zebra-394827. The vehicle is currently parked and unoccupied on Harmon westbound, just west of Koval, Clark County, Las Vegas, Nevada.

2. Body of Omar Qazi, spelled Q-A-Z-I, ID Number 1993576, further described a Hispanic male, six-foot – two inches tall, 210 pounds, with black hair and brown eyes. Qazi is currently in custody at Harmon, west of Koval.

The property referred to and sought to be seized consists of the following:

1. Any and all firearms to include, but not limited to, a black revolver.

2. All firearms-related accessories to include, but not limited to, holsters, cleaning kits, gun parts, magazines, and ammunition.

3. Receipts for ammunition, firearms, and firearm accessories.

4. Epithelial cells from the mouth of Omar Qazi, ID Number 1993576, to be obtained via buccal swab.

5. Articles of personal property which would tend to establish the identity of person in control of said premises or in control of specific areas within the premises where items set forth above are located, such as cancelled mail envelopes, rental agreements and receipts, utility bills, and vehicle registration.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT
## APPLICATION FOR TELEPHONIC SEARCH WARRANT

EVENT #: LLV150106002982

6.  Items which would tend to show a possessory interest in the items sought, such

as photographs, undeveloped film, digital media storage device, diaries, or

letters.

The items sought to be seized constitute evidence which would tend to show the

identity of persons responsible for the crime of Own/Possess Gun by a Prohibited

Person as set forth in this affidavit. In support of the assertion to constitute the

existence of probable cause, the following facts are offered. On 1/6/2015 at 1553

hours, Officer J. Glover, spelled G-L-O-V-E-R, P Number 13976, operating as

marked patrol unit 7-Mary-13, was travelling west on Harmon at the 370 block. A

gold Saturn bearing Nevada license plate 916-Adam-Robert-Lincoln failed to yield

right of way when pulling out of a private drive, causing the officer to slam on his

brakes to avoid an accident. A vehicle stop was conducted on Harmon, just west of

Koval. Upon approaching the driver and sole occupant, the officer could detect an

odor of marijuana emitting from the vehicle. The driver was asked to step out of the

vehicle, and he was identified as Omar Qazi, ID Number 1993576 by his Nevada

driver's license. A probable cause vehicle search was conducted based on the

odor of marijuana. Officer Glover found marijuana, methamphetamines, and a

black revolver in the center console under the ashtray. The illegal narcotics were

removed; however, the firearm was left in place to preserve DNA evidence. A

records check of Qazi indicated that he is a convicted felon out of Nevada in 2012

for Battery with Substantial Bodily Harm. Due to the fact that prohibited persons

LAS VEGAS METROPOLITAN POLICE DEPARTMENT

## APPLICATION FOR TELEPHONIC SEARCH WARRANT

EVENT #: LLV150106002982

such as ex-felons cannot legally purchase or sell firearms through legitimate commerce, firearms such as the above-listed sought-after items become extremely valuable possessions to prohibited persons. Prohibited subjects then tend to keep these coveted firearms for long periods of time. They also tend to collect accessories to the firearms. Items such as holsters, cleaning kits, extra magazines, ammunitions, and firearm parts are often found in the offender's property. Because of their prohibited status, offenders often keep these items close to them in their vehicle to prevent inadvertent discovery. Due to the nature of the sought items, they would be extremely valuable in proving the State's case of Prohibited Person in Possession of Firearm. Based on the above-described facts and circumstances, your affiant has probable cause to believe that his DNA may be found on the evidence. During your affiant's professional training and experience, your affiant has conducted and assisted in dozens of investigations involving firearms. During these investigations, your affiant has learned that suspects can leave DNA on items that they touch while engaging in illegal activity. Also, your affiant knows that prohibited persons such as ex-felons know not to possess firearms, and a reasonable person would believe that they would possess a firearm to engage in criminal activity. Your affiant is therefore seeking court authorization to obtain epithelial cells from the mouth of Omar Qazi, ID Number 1993576, to be collected via a buccal swab in a medically acceptable manner for further testing and analysis. Furthermore, the samples collected may be compared

Page **4**

LAS VEGAS METROPOLITAN POLICE DEPARTMENT
# APPLICATION FOR TELEPHONIC SEARCH WARRANT

EVENT #: LLV150106002982

with any DNA samples that may be recovered from the processing of the black revolver. In my experience, it is possible, though rare, that subjects of this search may refuse to cooperate in the manner necessary to collect the biological evidence pursuant to this warrant. I therefore request that, if necessary, I and/or other police officers may use the minimum amount of force necessary to restrain the subject and obtain the sample in the safest and most humane manner possible. Judge Hafen, this ends the probable cause details. Do you want me read to the duplicate original search warrant?

CH:   No.

FB:   Judge Hafen, this ends the search warrant portion. Judge Hafen, do you find probable cause exists for the issuance of a search warrant?

CH:   Yes.

FB:   Do I have your permission to affix your name to the duplicate search warrant?

CH:   Yes.

FB:   This application and signing of the search warrant was witnessed by Officer J. Glover, P Number 13976. Judge Hafen, this ends our conversation. Thank you for your time.

CH:   Okay, thank you.

FB:   Have a wonderful day.

CH:   Alright, thanks.

Page 5

LAS VEGAS METROPOLITAN POLICE DEPARTMENT
# APPLICATION FOR TELEPHONIC SEARCH WARRANT

EVENT #: LLV150106002982

---

This transcription has been typed by Joseph Belmonte, P# 14991, on January 7th, 2015 at 1320 hours and is true and accurate.

_____ 14991
Transcriber's Signature, P#

I, Frank Bien, P# 7946, having reviewed this transcription, affirm that it is true and correct.

_____ 7946
Detective Signature, P#

Certification:

Having read the transcription of the recorded application for the telephonic search warrant issued by this court on January 6th, 2015, under Event 150106-2982, with Detective F. Bien as Affiant, and having reviewed the application, it appears that the transcription is accurate.

_____
Judge's Signature

# Exhibit B

[copy of photographs, of Owner's vehicle]
(Gloria Ugarte)





Page 1 of 4  O.Q.

Page 2 of 4  O₂.Q,







Defendant, Omar Qazi,
Maintains originals.
                    7-30-15

            7-31-15
State of Nevada
County of Nye
        This instrument was acknowledged
before me on July 31, 2015 by Omar Qazi



SHILOH F. JAMERINO
Notary Public, State of Nevada
Appointment No. 05-99333-14
My Appt. Expires Aug 31, 2017

Page 4 of 4   O.Q.