**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>OMAR QAZI,<br><br>Defendant. | Case No.  2:15-cr-00014-APG-VCF<br><br>**ORDER AND**<br>**REPORT & RECOMMENDATION** |

This matter involves the United States' prosecution of *pro se* Defendant Omar Qazi under 18 U.S.C. §§ 922(g)(1), 924(a)(2). Between August 12, 2015, and August 26, 2015, Mr. Qazi filed fifteen motions. Eight of Mr. Qazi's motions are addressed below.

**DISCUSSION**

**I.    Motion for Bill of Particulars (#37)**

The court first addresses Defendants' Motion for Bill of Particulars. Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." "The instrument must set forth the elements of the offense charged and contain a statement of the facts and circumstances that will inform the accused of the elements of the specific offense." *United States v. Martin*, 783 F.2d 1449, 1452 (9th Cir.1986).

A defendant "may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." FED. R. CRIM. P. 7(f). A bill of particulars serves three functions: (1) to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, (2) to avoid or minimize the danger of surprise at the time of trial, and (3) to enable him

1

to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes. *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979). "In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). The conscientious disclosure of discovery can obviate the need for a bill of particulars. *Id*.

Defendant's motion is denied. First, the motion is untimely. Defendant was arraigned on February 24, 2015 and did not move for a bill of particulars until August 12, 2015. Second, Defendant has been thoroughly advised of the charges against him. *Faretta* hearings were held on August 5, 2015, and August 6, 2015. Third, the government had repeatedly stated on the record that it has made the disclosures required by law. Fourth, Defendant failed to articulate why he requires a bill of particulars.

## II.     Motion to Compel (#38)

Defendant next moves to compel the government to "retain and preserve" all information related to his case. Defendant's motion is denied as moot. First, the government has repeatedly stated on the record that it has disclosed all discovery as required under Rule 16 and *Brady*. Second, the government is already obligated to refrain from destroying relevant evidence.

## III.    Motion to Dismiss (#39)

The Defendant argues that the court should dismiss the indictment because venue in the District of Nevada is inappropriate. *See* (Doc. #39 at 5). Defendant's motion should be denied.

Federal Rule of Criminal Procedure 18 provides that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." FED. R. CRIM. P. 18. "Venue is a question of fact that the government must prove [at trial] by a preponderance of the evidence. *United States v. Lukashov*, 694 F.3d 1107, 1120 (9th Cir. 2012).

2

Here the indictment alleges that the charged offense occurred in the District of Nevada. The government's opposition also asserts that it will demonstrate at trial that venue in the District of Nevada is appropriate. Therefore, Defendant's motion is denied.

### IV.     Motion to Dismiss (#40)

Next, Defendant moves to dismiss the indictment for failure to comply with Federal Rule of Criminal Procedure 7. The motion should be denied.

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment be a "plain, concise and definite written statement of the essential facts constituting the offense charged." "A legally sufficient indictment must state the elements of the offense charged with sufficient clarity to apprise a defendant of the charge against which he must defend and to enable him to plead double jeopardy." *United States v. Givens*, 767 F.2d 574, 584 (9th Cir. 1985); *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004) ("The indictment is sufficient if it charges in the language of the statute.").

Here, the indictment tracks the language of 18 U.S.C. 922(g), sets forth the elements of the offense. This is sufficient.

### V.     Motion to Dismiss for Lack of Jurisdiction (#41)

Defendant's fifth motion appears to assert that the court lacks subject-matter jurisdiction. *See* (Doc. #41 at 2). The motion discusses "recent" Supreme Court decisions from 1995, the history of the federal government's power to police territories, and *Marbury v. Madison.* The motion is denied.

If, as here, a federal grand jury returns an indictment, which charges the defendant with violations of federal law, then 18 U.S.C. § 3231 empowers the court to hear a criminal case and impose a sentence. *See, e.g.*, *United States v. Longoria*, 259 F.3d 363 (5th Cir. 2001), *on reh'g en banc*, 298 F.3d 367 (5th Cir. 2002). This statute forms "the beginning and end of the [court's] jurisdictional inquiry." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir.1999) (Easterbrook, J.).

Here, a federal grand jury returned an indictment against Defendant on January 20, 2015 under 18 U.S.C. §§ 922(g)(1), 924(a)(2). This empowers the court to hear the government's criminal case against Defendant. *Hugi*, 164 F.3d at 380. Defendant's motion to dismiss should be denied.

## VI.     Motion to Dismiss (#42)

Defendant's next motion asserts that the indictment should be dismissed under the Double Jeopardy Clause. He contends that he is being subjected to double jeopardy because the state charged him in a criminal complaint with the same conduct alleged in the government's indictment.

Defendant's motion fails as a matter of law. First, the state charges were dismissed when the federal government commenced these proceedings. *See* (Mins. Proceedings #34; Doc. #53 at 5). Jeopardy does not attach under these circumstances. *United States v. Sparks*, 87 F.3d 276, 279 (9th Cir. 1996).

Second, even if the Defendant had been convicted by the state, under the dual sovereignty doctrine, the federal government could bring a successive prosecution arising out of the same criminal act. *See Bartkus v. Illinois*, 359 U.S. 121 (1959); *Abbate v. United States*, 359 U.S. 187 (1959) (holding that the Constitution does not deny the State and Federal Governments the power to prosecute for the same act); *United States v. Price*, 314 F.3d 417, 421-22 (9th Cir 2002).

## VII.    Motion to Order (#43)

Defendant's "Motion to Order" represents his fifth motion to dismiss.[1] It asserts that the indictment should be dismissed under Rules 5 and 20. The motion should be denied.

Defendant "believe[s]" that the Honorable Peggy A. Leen, U.S. Magistrate Judge, failed to comply with Rule 5 and advise Defendant of his right to remain silent during his initial appearance. The court has reviewed the record and found that Judge Leen complied with Rule 5.

---

[1] A sixth motion to dismiss is pending. It is not yet ripe.

4

Defendant also asserts that the indictment should be dismissed under Rule 20. Rule 20 governs the transfer of pleas and sentences among different districts. The rule is inapplicable here because Defendant was never transferred.

**VIII.  Application to Proceed *in Forma Pauperis* (#44)**

Finally, the court addresses Defendant's application to proceed *in forma pauperis*. Defendant seeks additional funds for copy work. The motion is denied.

Between August 12, 2015, and August 26, 2015, Defendant filed fifteen motions. The motions contain boilerplate text and legal citations that have little-to-no bearing on the relief that Defendant seeks. For instance, Defendants' motion to dismiss for lack of jurisdiction discusses *Marbury v. Madison* at length. The court's power to declare acts of Congress unconstitutional is not relevant to whether this court has jurisdiction over the government's prosecution of Defendant.

Defendant's motions clutter the court's docket, waste judicial resources, and ineffectively aid his defense. The court will reconsider granting Defendant's request for additional copy work when he (1) stops filing facially frivolous motions and (2) demonstrates that he is unable afford the supplies that are needed for his defense.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendant's Motion for Bill of Particulars (#37) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Compel (#38) is DENIED as moot.

IT IS RECOMMENDED that Defendant's Motion to Dismiss (#39) be DENIED.

IT IS FURTHER RECOMMENDED that Defendant's Motion to Dismiss (#40) be DENIED.

IT IS FURTHER RECOMMENDED that Defendant's Motion to Dismiss (#41) be DENIED.

IT IS FURTHER RECOMMENDED that Defendant's Motion to Dismiss (#42) be DENIED.

IT IS FURTHER RECOMMENDED that Defendant's Motion to Order (#43) be DENIED.

IT IS FURTHER ORDERED that Defendant's Application to Proceed *in Forma Pauperis* (#44) is DENIED.

IT IS SO ORDERED.

DATED this 1st day of September, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE