**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:15–cr–14–APG–VCF |
|        Plaintiff, | **ORDER AND** |
| vs. | **REPORT & RECOMMENDATION** |
| OMAR QAZI, | MOTION FOR DISCLOSURE OF EVIDENCE (#45) |
|        Defendant. | MOTION TO DISMISS INDICTMENT (#46) |
|  | PETITION FOR WRIT OF MANDAMUS (#47) |
|  | MOTION TO INTRODUCE EVIDENCE (#51) |

     This matter involves the United States' prosecution of *pro se* Defendant Omar Qazi under 18 U.S.C. §§ 922(g)(1), 924(a)(2). Between August 12, 2015, and August 26, 2015, Mr. Qazi filed fifteen motions. Four of Mr. Qazi's motions are addressed below.

**DISCUSSION**

**I.**    **Motion for Disclosure of Favorable Evidence (#45)**

     Mr. Qazi's first motion seeks an order compelling the government to produce all *Brady* material. The motion does not seek specific information. Mr. Qazi states that "[p]rior defense counsel had no reason to believe that the government has failed to comply with [its *Brady* obligations]." Mr. Qazi made the motion "in order to preserve on the record any issues," which he fears he may otherwise waive. The government's opposition states that the government has fully complied with its obligations. Mr. Qazi's motion is, therefore, denied.

**II.**    **Motion to Dismiss (#46)**

     Mr. Qazi next seeks an order dismissing the government's indictment for allegedly violating his Speedy-Trial-Act rights. After reviewing the docket, the court finds that Mr. Qazi's Speedy-Trial-Rights

1

were not violated because each of the trial postponements were permissible under the Act.

On April 15, 2015, the parties stipulated to a continuance (to which "[t]he defendant . . . does not object) in order to "conduct investigation in this case in order to determine whether there are any pretrial issues that must be litigated." (Doc. #17 at 2). On August 5, 2015, the court entered a second continuance to consider a pending motion to suppress and Mr. Qazi's motion to represent himself. (Mins. Proceedings #33). And, on August 6, 2015, the court granted Mr. Qazi's motion to represent himself and set the current trial date of September 28, 2015. (Mins. Proceedings #35). These delays were excludable under the Speedy Trial Act. *See* 18 USC § 1361(h)(7).

Mr. Qazi also contends that his rights have been violated because the court failed to enter a final order regarding two trial postponements. This is incorrect. *See* (Docs. #17, #33, #35). Therefore, Mr. Qazi's motion to dismiss should be denied.

### III.   Petition for Writ of Mandamus (#47)

Mr. Qazi's third motion, which is styled as a petition for writ of mandamus, asks the court to dismiss the indictment because the court lacks jurisdiction and venue to hear the government's indictment. The court has already addressed these arguments in an earlier report and recommendation. *See* (Doc. #55 at 2–3). Accordingly, the court should deny Mr. Qazi's Petition for Writ of Mandamus as moot.

### IV.   Motion to Introduce Newly Discovered Evidence (#51)

Finally, Mr. Qazi moves to introduce "newly discovered evidence that will be used at trial in this case." (Doc. #51 at 1). The motion is denied. Evidence is admitted or not admitted during trial and not by motion during the pretrial phase. If Mr. Qazi elects to go to trial in this matter, he may move to admit information into evidence at that time.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Mr. Qazi's Motion for Disclosure of Favorable Evidence (#45) is DENIED.

IT IS FURTHER ORDERED that Mr. Qazi's Motion to Introduce Newly Discovered Evidence (#51) is DENIED.

IT IS FURTHER RECOMMENDED that Mr. Qazi's Motion to Dismiss (#46) be DENIED.

IT IS FURTHER RECOMMENDED that Mr. Qazi's Petition for Writ of Mandamus (#47) be DENIED.

DATED this 11th day of September, 2015.


_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE