**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>OMAR QAZI,<br><br>　　　　　　Defendant. | Case No. 2:15–cr–14–APG–VCF<br><br>**ORDER AND**<br>**REPORT & RECOMMENDATION**<br><br>Motion for a Stipulation (#48)<br>Motion to Suppress (#49)<br>Motion for a *Franks* Hearing (#50) |

　　　　This matter involves the United States' prosecution of *pro se* Defendant Omar Qazi under 18 U.S.C. §§ 922(g)(1), 924(a)(2). Between August 12, 2015, and August 26, 2015, Mr. Qazi filed fifteen motions. Three of Mr. Qazi's motions are addressed below.

**I.　　Motion for a Stipulation (#48)**

　　　　Mr. Qazi's first motion seeks a stipulation from the government that would prevent his prior convictions from being introduced into evidence. Mr. Qazi's motion is denied.

　　　　If Mr. Qazi seeks a stipulation, then he ought to contact the counsel for the government and negotiate a stipulation. If a stipulation cannot be reached, then Mr. Qazi may make a motion under Federal Rule of Criminal Procedure 404 *in limine* or at trial before the District Judge.

**II.　　Motion to Suppress (#49)**

　　　　Mr. Qazi next moves to suppress all evidence that was obtained by the Las Vegas Metropolitan Police Department pursuant to a telephonic search warrant. Mr. Qazi's motion is predicated on Federal Rule of Criminal Procedure 41(b). The motion recites law and does not discuss any of the underlying facts—with one exception. Mr. Qazi (again) asserts that the indictment should be dismissed because "it

does [not] show that the alleged offense was within the boundaries of the United States."

Mr. Qazi's motion is denied for two reasons. First, the deadline to file motions to suppress expired on May 25, 2015. *See* (Doc. #17). Second, Federal Rule of Criminal Procedure 41(b) is inapplicable. The rule governs federal officers and agents. In this case, the search warrant was executed by state agents.

### III. Motion for a *Franks* Hearing (#50)

Mr. Qazi's third motion requests a *Franks* hearing. This motion is also denied. Like Mr. Qazi's motion to suppress, his motion for a *Franks* hearing is untimely. The deadline to move for a *Franks* hearing expired on May 25, 2015. The court also denies Mr. Qazi's motion on the merits. It asserts that the search warrant and affidavit is untruthful because it contains hearsay. However, the Federal Rules of Evidence do not apply to search-warrant proceedings. FED. R. EVID. 1101(d). Mr. Qazi also contends that the arresting officer stated that he discovered a black revolver under an ashtray, which was untrue. Even if the court accepts Mr. Qazi's position, probable cause still existed to issue a warrant because the location of the gun within the car is irrelevant.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Mr. Qazi's Motion for a Stipulation (#48) is DENIED.

IT IS FURTHER ORDERED that Mr. Qazi's Motion for a *Franks* Hearing (#50) is DENIED.

IT IS RECOMMENDED that Mr. Qazi's Motion to Suppress (#49) be DENIED.

DATED this 15th day of September, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE