**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>OMAR QAZI,<br><br>　　　　　　Defendant. | Case No. 2:15–cr–14–APG–VCF<br><br>**ORDER AND**<br>**REPORT & RECOMMENDATION**<br><br>Motion to Dismiss (#85)<br>Motion for a Hearing (#86)<br>Motion for in Camera Inspection (#87)<br>Motion for a Hearing (#88) |

　　　　This matter involves the United States' prosecution of Omar Qazi under 18 U.S.C. §§ 922(g), 924(a)(2). Four motions are before the court: Mr. Qazi's (1) Motion to Dismiss (#85); Motion for a Hearing on his Motion to Dismiss (#86); Motion for in Camera Inspection (#87); and Motion for a Hearing on his Motion for in Camera Inspection (#88). For the reasons stated below, Mr. Qazi's motions are denied.

　　　　The issues raised by Mr. Qazi's motion have been previously addressed by the court.[1] Mr. Qazi's Motion to Dismiss asserts, *inter alia*, that the government violated his Fourth Amendment right to be free from an unreasonable search. This matter was addressed on June 24, 2015. *See* (Doc. #23). Similarly, Mr. Qazi's Motion for in Camera Inspection requests discovery on matters, which the court already addressed. *See* (Doc. #57). Accordingly, the court construes Mr. Qazi's motions as motions to reconsider.

　　　　Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See*

---

[1] In fact, the current motion to dismiss marks the fifth motion to dismiss by Mr. Qazi. The district judge has not yet ruled on all pending recommendations regarding the motions to dismiss.

*Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).

Mr. Qazi did not satisfy this standard. His motions contain boilerplate language and requests for relief that do not materially differ from his prior requests. Additionally, the only new argument that Mr. Qazi asserts is without merit. He argues that the indictment against him should be dismissed because there is "no proof or documentation that the indictment was validly returned by a Grand Jury" because the court's minutes regarding the Grand-Jury return indicate that the Grand Jury only deliberated for approximately three minutes.

Mr. Qazi's argument is unpersuasive. The court's minutes do not indicate that the Grand Jury only deliberated for three minutes. In fact, the court's minutes are unrelated to duration of the Grand Jury's deliberations. The docket entry that Mr. Qazi cites, (Doc. #3), refers to the Grand Jury return—a proceeding during which a U.S. Magistrate Judge accepts a finding by a Grand Jury. The Grand Jury did not, as Mr. Qazi suggests, deliberate or hear evidence during that proceeding.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Mr. Qazi's Motion to Dismiss (#85) be DENIED.

IT IS ORDERED that Mr. Qazi's Motion for a Hearing (#86) is DENIED. *See* LR 78-2; Fed. R. Crim. P. 57(b) (permitting the court to decide "[a]ll motions . . . with or without a hearing").

IT IS ORDERED that Mr. Qazi's Motion for in Camera Inspection (#87) is DENIED.

IT IS ORDERED that Mr. Qazi's Motion for a Hearing (#88) is DENIED. *See* LR 78-2; Fed. R. Crim. P. 57(b).

DATED this 16th day of November, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE