1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7   UNITED STATES OF AMERICA,                    Case No. 2:15-CR-00014-APG-VCF

8                                  Plaintiff,                        ORDER

9        v.                                                (Objection – Dkt. #91)
                                                    (Pretrial Rel Hrng – Dkt. #92)
10   OMAR QAZI,

11                                  Defendant.

12       Before the court is Defendant Omar Qazi's pro se Objection to Motion to Detain

13   Defendant Pending Trial and to Conduct a Bail Hearing and/or Pretrial Release Hearing

14   (Dkt. ##91, 92).

15       Qazi is charged in an indictment returned January 20, 2015, with felon in possession of a

16   firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).    He appeared for an initial

17   appearance and arraignment and plea on February 24, 2015, after being brought from state

18   custody on a writ of habeas corpus ad prosequendum.  The Federal Public Defender's Office was

19   appointed as defense counsel.  Qazi pled not guilty and a trial date was set.  The government

20   moved for detention, a detention hearing was held, and Qazi was detained as both a flight risk

21   and a danger to the community for reasons set forth on the record and in a written detention order

22   which followed.

23       The undersigned detained Qazi because he did not interview with Pretrial Services and

24   the court therefore had no information regarding his background, family, or community ties,

25   employment history, financial status, or any other information that might be used to fashion

26   terms and conditions for release. The court found he was subject to a rebuttable presumption.

27   Qazi's criminal history reflected multiple misdemeanor and gross misdemeanor convictions for

28   drug and weapons related offenses, a felony conviction in 2011, for battery with substantial

bodily harm, and two misdemeanor convictions for first and second offense DUIs.  Additionally, at the time of the detention hearing, he was awaiting a preliminary hearing in state court on charges of possession of a controlled substance and trafficking in controlled substances.  Finally, at the time of the detention hearing, he had an outstanding surety bail detainer in one of his state court cases.

In the current motions, he objects to being obtained pending trial and asks for a bail and/or pretrial release hearing.  He argues that there is no basis for a presumption under Section 3142(e) of Title 18 of the United States Code because his prior conviction was not a crime that was committed while he was on bail.  He also argues he is not a flight risk, or a threat to any person or the community because the evidence would show: that he has been domiciled in Las Vegas for about ten years, he has family in Las Vegas, has gainful employment, is responsible for the support of his sons, has no failures to appear, and was present for sentencing on his last state case.  He also states he has "a clearance for one failure to appear which is an error and will be cleared."  He therefore asks that the court deny the government's motion to continue detaining him.  Alternatively, he asks the court to conduct the bail and/or pretrial release hearing.

As an initial matter, Qazi had a detention hearing the same date he was first brought to federal court on a writ of habeas corpus ad prosequendum.  He had an opportunity to interview with Pretrial Services, but declined to do so on advice of counsel.  The court heard arguments and ordered him detained for the reasons stated on the record and in the written detention order. The court advised Qazi at the hearing that he had the right to appeal the detention order to the district judge.  He did not do so, but now objects to the order detaining him and requests another detention/release hearing.

A detention hearing may be reopened only "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing," and that the information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required, and the safety of any other person and the community." 18 U.S.C. § 3142(f).  As the court noted in *United States v. Ward*, 63 F. Supp. 2d 1203 (C.D.

Cal. 1999), "courts have interpreted this provision strictly, holding that hearings should not be reopened if the evidence was available at the time of the initial hearing." *Id*. at 1206.

Qazi's first argument is that the court erred in finding a rebuttable presumption applied under 18 U.S.C. § 3142(e). Although he acknowledges his current charge because his prior conviction was not a crime that was committed while he was on bail "on a charge of any other offense." 18 U.S.C. § 3142(e)(2) creates a rebuttable presumption that no condition or combination of conditions will reasonably assure the person's appearance and the safety of any other person and the community if the court finds that the person has been convicted of a federal offense that is described in Section (f)(1) or a state or local offense that would have been an offense described in Section (f)(1) "if a circumstance giving rise to Federal jurisdiction had existed." 3142(f)(1)(A) applies to Qazi's case. It creates a rebuttable presumption for persons convicted of a crime of violence. His criminal history reflected that he had been previously convicted of a crime of violence, battery with substantial bodily harm. This is a state conviction that would also be a federal crime of violence if there was a basis for Federal jurisdiction.

Additionally, all of the arguments that Qazi raises concerning why he is not a flight risk or a danger to the community are based on information he knew at the time of the initial detention hearing. The court therefore finds he has not met his burden of showing that new information exists that was not known to Qazi at the time of the hearing that has a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance as required and the safety of any other person in the community.

For these reasons,

**IT IS ORDERED** that his se Objection to Motion to Detain Defendant Pending Trial and to Conduct the Bail Hearing and/or Pretrial Release Hearing (Dkt. ##91, 92) are **DENIED**.

DATED this 19th day of November, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE