**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

UNITED STATES OF AMERICA,

           Plaintiff,

vs.

OMAR QAZI,

           Defendant.

Case No. 2:15–cr–14–APG–VCF

**REPORT & RECOMMENDATION**

MOTION TO DISMISS INDICTMENT FOR VIOLATIONS OF PRIMARY JURISDICTION, PETITE POLICY, ABSTENTION DOCTRINES, BARKTUS EXCEPTION AND 28 U.S.C. § 1455 (DOC. #99)

This matter involves the United States of America's prosecution of Omar Qazi for being a felon in possession of a firearm. Before the court is Qazi's Motion to Dismiss Indictment (Doc. #99) and the Government's response. (Doc. #105). Qazi did not reply. For the reasons stated below, it is recommended that Qazi's motion to dismiss indictment be denied.

## I. BACKGROUND

On January 20, 2015, a grand jury indicted Qazi on one count of being an ex-felon in possession of a firearm. On July 2, 2015, the State of Nevada voluntarily dismissed without prejudice all criminal charges pending against Qazi in state court. (Doc. #105-1). The federal prosecution of Qazi continued.

Qazi now moves to dismiss his indictment on various jurisdictional grounds.

## II. LEGAL STANDARD

"The term 'primary jurisdiction' … refers to the determination of priority of custody and service of sentence between state and federal sovereigns. A lack of 'primary jurisdiction' does not mean that a sovereign does not have jurisdiction over a defendant. It simply means that the sovereign lacks priority of jurisdiction for purposes of trial, sentencing and incarceration." *Taylor v. Reno*, 164 F.3d 440, 444 n. 1 (9th Cir. 1998) (citing *United States v. Warren*, 610 F.2d 680, 684 (9th Cir.1980)).

1

"The policy described in the *Petite* case limits the federal prosecutor in the exercise of his discretion to initiate, or to withhold prosecution for federal crimes." *Rinaldi v. United States*, 434 U.S. 22, 27 (1977). "[T]he Justice Department adopted the policy of refusing to bring federal prosecution following a state prosecution except when necessary to advance compelling interests of federal law enforcement." *Id*. at 28. The *Petite* policy applies when the prior state or federal prosecution was resolved on the merits. *See id*; *see also Petite v. United States*, 361 U.S. 529, 530 (1960).

Under the *Younger* abstention doctrine, federal courts cannot "stay or enjoin [a] pending state court proceeding except under special circumstances." *Younger v. Harris*, 401 U.S. 37, 41 (1971). The special circumstances that would allow a federal court to stay or enjoin a pending state court proceeding would be repeated, bad-faith prosecutions "in which defense of the State's criminal prosecution will not assure adequate vindication of constitutional rights." *Id*. at 48-49 (citing *Dombrowski v. Pfister*, 380 U.S. 479, 484-85 (1965)).

Under the *Buford* abstention doctrine, a federal court should not decide an action when there is "unclear state law … [and] there is a need to defer to complex state administrative procedures." Erwin Chemerinsky, FEDERAL JURISDICTION 830 (6th ed. 2012).

"[S]uccessive state and federal prosecution [for the same conduct] are not in violation of the Fifth Amendment."[1] *Bartkus v. People of the State of Ill.*, 359 U.S. 121, 133 (1959) (explaining that an individual is a citizen of the United States and a particular state or territory and is liable to both sovereigns if his conduct violates the laws of both sovereigns). A Fifth Amendment violation may be

---

[1] The Fifth Amendment states that "[n]o person shall … be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend V. (commonly known as the "Double Jeopardy" clause).

shown if that the subsequent state prosecution was "merely a tool" for federal authorities to avoid the Fifth Amendment's prohibition against retrial after an acquittal. *See id*.

"A defendant or defendants desiring to remove any criminal prosecution from a State court shall filed in the district court of the United States for the district and division within which such prosecution is pending a notice or removal." 28 U.S.C. § 1455(a). "If the United States district court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly and, after such hearing, shall make such disposition as justice shall require." 28 U.S.C. § 1455(b)(5).

### III. DISCUSSION

Qazi contends that his indictment should be dismissed on five grounds: (1) the federal government lacks primary jurisdiction over Qazi, (2) the Government's prosecution of Qazi violates the Department of Justice's *Petite* Policy, (3) the *Younger* and *Buford* abstention doctrines bar the Government's prosecution, (4) the Government's prosecution is "merely a tool" for the State of Nevada to prosecute Qazi, and (5) Qazi is entitled to an evidentiary hearing to determine if his prosecution should be remanded to state court.

**1.** **Qazi's Indictment Cannot be Dismissed Because of a Lack of Primary Jurisdiction**

Qazi contends that the Government does not have primary jurisdiction over him and thus his indictment should be dismissed. Qazi's argument is unpersuasive.

Even if the Government lacked primary jurisdiction over Qazi, the Government may still try and sentence Qazi. Primary jurisdiction focuses on whether the state or federal government has priority to try, sentence, and incarcerate a criminal defendant. *Taylor*, 164 F.3d at 444 n. 1. The Government may try and sentence Qazi even if the Government lacks primary jurisdiction over Qazi because the Government still has personal jurisdiction over Qazi. (Doc. #84). Qazi's motion to dismiss his indictment because the Government lacks primary jurisdiction should be denied.

3

**2.     The Government's Prosecution of Qazi Does Not Violate the Petite Policy**

Qazi contends that his federal prosecution violates the Department of Justice's *Petite* Policy. Qazi's argument is unpersuasive.

The *Petite* Policy would apply to the Government's prosecution of Qazi if Qazi's state prosecution had been resolved on the merits. *See Rinadli*, 434 U.S. at 28. Qazi's state prosecution however was not resolved on the merits. The State of Nevada voluntarily dismissed without prejudice all charges against Qazi. (Doc. #105-1); (Doc. #105-2). Qazi's indictment should not be dismissed because the Government's prosecution of Qazi does not violate the *Petite* Policy.

**3.     The *Younger* and *Buford* Abstention Doctrines Do Not Apply to the Government's Prosecution of Qazi**

    a.     *The Younger Abstention Doctrine is Inapplicable*

Under the *Younger* abstention doctrine, a federal court cannot stay or enjoin a pending state criminal prosecution absent a showing of special circumstances. The *Younger* abstention doctrine does not apply to the Government's prosecution of Qazi. There is no pending state criminal prosecution of Qazi for the federal court to stay or enjoin. (Doc. #105-2). The *Younger* abstention doctrine cannot serve as a ground to dismiss Qazi's indictment.

    b.     *The Buford Abstention Doctrine is Inapplicable*

Under the *Buford* abstention doctrine, a federal court should abstain from an action if the action presents an unclear questions of state law and questions is best answered by complex state administrative procedure. Chemerinsky, at 830. Qazi fails to identify an unclear question of Nevada state law that would warrant *Buford* abstention. Qazi's indictment should not be dismissed because Buford abstention does not apply to the Government's prosecution of Qazi.

**4.     The Government's Prosecution is Not "Merely a Tool" for the State of Nevada to Prosecute Qazi**

The Double Jeopardy Clause of the Fifth Amendment may be violated if a criminal defendant can show that the subsequent federal prosecution is a "sham" and the federal prosecutor is "merely a tool" of the state. *See Barktus*, 359 U.S. at 133. Qazi contends that a handwritten note on Qazi's state criminal complaint that reads, "state maybe calling Feds on this" demonstrates that the federal prosecution is a tool of the State of Nevada. (Doc. #99 at 14). This note, by itself, fails to show that the federal prosecution is a tool of the State of Nevada. The note does not indicate any collusion between the State of Nevada and the federal government nor does it show that the Government's prosecution of Qazi is being directed by the State of Nevada. Qazi's indictment should not be dismissed because Qazi failed to show that the Government's prosecution is "merely a tool" of the State of Nevada.

**5.     Qazi is Not Entitled to an Evidentiary Hearing Under 28 U.S.C. § 1455(b)(5)**

28 U.S.C. § 1455 governs the procedure for removal of criminal prosecutions from state to federal court. 28 U.S.C. § 1455 does not apply to the Government's prosecution of Qazi. The State of Nevada voluntarily dismissed without prejudice, the state charges against Qazi. (Doc. #105-2). A grand jury separately indicted Qazi on one count of being an ex-felon in possession. (Doc. #1). The Government did not, contrary to Qazi's contention, remove Qazi's state court prosecution to federal court. Qazi is not entitled to an evidentiary hearing regarding a removal that never occurred.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Qazi's Motion to Dismiss Indictment for Violations of Primary

///

///

///

5

Jurisdiction, Petite Policy, Abstention Doctrine, *Barktus* Exception and 28 U.S.C.S. § 1455 be DENIED

IT IS SO RECOMMENDED.

DATED this 29th day of December, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE