**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>vs.<br><br>OMAR QAZI,<br><br>             Defendant. | Case No. 2:15–cr–14–APG–VCF<br><br>**ORDER**<br><br>MOTIONS FOR THE MAGISTRATE JUDGE TO RECONSIDER MAGISTRATE JUDGE ORDERS  (DOC. #112); (DOC. #113) |

This matter involves the United States of America's prosecution of Omar Qazi. Before the court is Qazi's Motions for the Magistrate Judge to Reconsider Magistrate Judge Orders (Doc. #112 and #113) and the Government's response. (Doc. #118). For the reasons stated below, Qazi's motions for reconsideration are denied.

### I. BACKGROUND

Qazi previously moved the court to grant him relief for an alleged First Amendment violation, which arose from an alleged lack of halal meals, and a Due Process violation, which arose from an alleged lack of medical care. (Doc. #70); (Doc. #71). The court denied both motions and ruled that both issues were beyond the scope of the present prosecution. (Doc. # 72). Qazi now moves the court to reconsider its orders denying Qazi relief for alleged First Amendment and Due Process violations. (Doc. #112); (Doc. #113). In support of his motions, Qazi attaches a halal food certification that he contends does not apply to the Southern Nevada Detention Center (SNDC). (Doc. #112). Qazi also attaches documentation from his pre-incarceration doctor that describes Qazi's eye injury. (Doc. #113).

/// /// ///

/// /// ///

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60 governs relief from a judgment or order. *See* FED. R. CRIM. P. 57(b) (allowing a court to "regulate practice in any matter consistent with federal law, these rules, and the local rules of the district" when there is no controlling law on an issue). Rule 60(b)(2) states that the court may relief a party from an order if the movant comes forward with "newly discovered evidence that, with reasonably diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

In general, Rule 60(b) motions must be made within "a reasonable time." FED. R. CIV. P. 60(c)(1). If, as here, a party moves for relief under Rule 60(b)(2), a motion must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." *Id*. What constitutes reasonable time depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties. *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009) (citing *Ashford v. Steuari*, 657 F.2d 1053, 1055 (9th Cir. 1981)).

A Rule 60 motion "is not an avenue to re-litigate the same issues and arguments upon which the court has already ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005); *Merozoite v. Thorp*, 52 F.3d 252, 255 (9th Cir. 1995). The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A party cannot have relief under this rule merely because he or she is unhappy with the judgment." *Khan v. Fasano*, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001). A decision under Rule 60(b) is consigned to the court's discretion. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006).

### III. DISCUSSION

The parties present one question: whether the court should reconsider its previous orders denying Qazi relief for alleged First Amendment and Due Process violations.[1]

Qazi fails to set forth a reason for the court to reconsider its previous orders. Qazi fails to indicate the clear error or manifest injustice the court must correct. Qazi also fails to cite any intervening change in controlling law. Even if the halal certification and doctor's note that Qazi attaches to his motions can be characterized as "newly discovered evidence," the documents are insufficient reasons for the court to reconsider its prior orders. Qazi's alleged First Amendment and Due Process violations remain beyond the scope of the Government's prosecution.[2]

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Qazi's Motions for the Magistrate Judge to Reconsider Magistrate Judge Orders (Doc. #112 and 113) be DENIED.

IT IS SO ORDERED.

DATED this 8th day of January, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[1] The Government argues that Qazi's motions should be denied as untimely because his motions fail to comply with Local Rule IB 3-1, which requires that objections to a magistrate judge's ruling be filed within fourteen (14) days from the date of service of the magistrate judge's ruling. Local Rule IB 3-1 is inapplicable. Qazi requests the court to reconsider its previous orders and Federal Rule of Civil Procedure 60(c)(1) only requires that motions to reconsider be filed within a "reasonable time."

[2] The Government has advised the court that Qazi's concerns about a halal diet and treatment for his eye injury are being addressed by SNDC staff. (Doc. #118).