**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>OMAR QAZI,<br><br>               Defendant. | Case No. 2:15–cr–14–APG–VCF<br><br>**REPORT & RECOMMEDNATION**<br><br>MOTION TO VACATE CASE (DOC. #115); MOTION TO EXPUNGE THE RECORD (DOC. #116); MOTION TO DISMISS FOR STATUTORY AMBIGUITY (DOC. #121); AND MOTION TO DISMISS FOR VIOLATIONS OF THE TENTH AMENDMENT (DOC. #124) |

Before the court are Defendant Omar Qazi's Motions to Vacate Case and Expunge the Record[1] (Doc. #115); (Doc. #116), Motion to Dismiss for Statutory Ambiguity (Doc. #121), and Motion to Dismiss for Violations of the Tenth Amendment (Doc. #124). Also before the court are the Government's responses (Doc. #123); (Doc. #130); (Doc. #132) and Qazi's reply. (Doc. #133). For the reasons stated below, Qazi's motions should be denied.

## I. LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b) allows a criminal defendant to challenge the sufficiency of his indictment. *See* FED. R. CRIM. P. 12(b)(3). "An indictment is sufficient if it contains the elements of the charged crime and adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy." *United States v. Buckley*, 689 F.2d 893, 896 (9th Cir. 1982). "In determining the sufficiency of the indictment, the court examines whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, and not whether the

---

[1] Docket Number 115 and Docket Number 116 are identical motions. The court addresses both docket numbers as a single motion.

government can prove its case." *United States v. Jenkins*, Case No. 2:07-cr-80-RCJ-PAL, 2009 WL 1974564 at* 4 (D. Nev. July 2, 2009).

## II. DISCUSSION

The parties present one question: whether Qazi's indictment should be dismissed.

1. Qazi's Indictment Should Not Be Dismissed

Qazi advances three arguments in support of his motion to dismiss: (1) allegedly undisputed facts establish Qazi's innocence, (2) 18 U.S.C. § 922(g)(1) is ambiguous, and (3) the Government's prosecution violates the Tenth Amendment.

      a.   *The Court May Not Make Factual Determinations About Qazi's Innocence On A Motion To Dismiss*[2]

An issue raised in a pretrial motion to dismiss must be determined "without a trial on the merits." *See* FED. R. CRIM. P. 12(b)(3). An issue may be decided "without a trial on the merits," if the issue involves questions of law rather than fact. *See Jenkins*, 2009 WL 1974564 at* 4. "The trial court may make preliminary finds of fact necessary to decide the legal questions presented by the motion, but it may not invade the province of the jury in deciding a pretrial motion to dismiss. *Id.*

Qazi's motion to "vacate his case" and "expunge the record" should be denied.[3] Qazi contends that facts contained in his various motions, affidavits, and other papers are allegedly undisputed and, based on these allegedly undisputed facts, Qazi's case should be dismissed. Whether certain facts are proven and whether those facts are sufficient to prove Qazi's innocence, are questions of fact to be

---

[2] Qazi also argues that: (1) Assistant United States Attorney Alexandra Michael is not licensed to practice law in the State of Nevada and (2) this Court is not a "Court of the United States." (Doc. #115). Neither argument may serve as a ground to dismiss Qazi's indictment.

[3] The court construes Qazi's requested relief as a motion to dismiss his indictment.

decided by the jury. It is improper for the court to decide whether facts are undisputed or whether there are sufficient facts to prove Qazi's innocence on a pretrial motion to dismiss.

        b.     *18 U.S.C. §922(g)(1) Is Not Ambiguous*

"It shall be unlawful for any person … (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year … to ship transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1). A state court conviction may serve as a "convict[ion] in any court" for the purposes of § 922(g)(1). *United States v. Murillo*, 422 F.3d 1152, 1153 (9th Cir. 2005). A conviction by a court of another country may not serve as a "convict[ion] in any court." *Small v. United States*, 544 U.S. 385, 391 (2005) (Japanese weapons smuggling conviction could not serve as a conviction for purposes of § 922(g)(1)).

Qazi's indictment should not be dismissed on the ground that 18 U.S.C. § 922(g)(1) is ambiguous. Qazi argues that his Nevada state court conviction is a foreign conviction; thus the Government is barred from using Qazi's Nevada state court conviction to indict Qazi under § 922(g)(1). Qazi's argument rests on an expansive misreading of *Small v. United States*; one that designates all non-federal convictions as "foreign" convictions for the purposes of § 922(g)(1). *Small*, however, is clear that "foreign" convictions refers only to convictions in countries other than the United States. *Id.* (citing, as an example of a "foreign" conviction, criminalization of "private entrepreneurial activity" in the Russian Soviet Federated Socialist Republic). Qazi's Nevada state court conviction may serve as a "conviction in any court" for purposes of § 922(g)(1). *Id.*

        c.     *The Government's Prosecution Does Not Violate the Tenth Amendment*

"The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. CONST. amend. X.

"The dual sovereignty doctrine if founded on the common-law conception of crime as an offense against the sovereignty of the government." *Heath v. Alabama*, 474 U.S. 82, 88 (1985). "When a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the law of each, he has committed two distinct 'offenses.'" *Id.* The United States Supreme Court, "has uniformly held that the States are separate sovereigns with respect to the Federal Government because each State's power to prosecute is derived from its own 'inherent sovereignty,' not from the Federal Government. *Id.* at 89 (citing *United States v. Wheeler*, 435 U.S. 313 (1978); *Abbate v. United States*, 359 U.S. 187 (1959); *United States v. Lanza*, 260 U.S. 377 (1922)).

Qazi's indictment should not be dismissed as a violation of the Tenth Amednment. Qazi argues that the Tenth Amendment bars his prosecution under 18 U.S.C. § 922(g)(1), as the federal statute punishes Qazi's conduct that occurred solely within the state of Nevada. Qazi supports his claim, by citing to Nevada Revised Statutes that punish the same conduct as § 922(g)(1). Qazi's reliance on the Tenth Amendment is misplaced. The Tenth Amendment prohibits Congress from compelling a State to enact specific legislation or enforce a federal regulatory program. *New York v. United States*, 505 U.S. 144, 161-62 (1992). Here, Qazi fails to show how § 922(g)(1) compels the state of Nevada to enact any particular legislation or enforce a federal program. Where, as here, the federal government and the state of Nevada criminalize the same conduct, they do so as separate sovereigns under the dual sovereignty doctrine.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that Qazi's Motions to Vacate Case (Doc. #115); Motion to

/// /// ///

/// /// ///

/// /// ///

4

Expunge the Record (Doc. #116); Motion to Dismiss for Statutory Ambiguity (Doc. #121); and Motion to Dismiss for Tenth Amendment Violations (Doc. #124) should be DENIED.

IT IS SO RECOMMENDED.

DATED this 12th day of February, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE