**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>OMAR QAZI,<br><br>　　　　　Defendant. | Case No. 2:15–cr–14–APG–VCF<br><br>**REPORT & RECOMMENDATION AND ORDER**<br><br>SECOND MOTION TO SUPPRESS (DOC. #129) |

　　　This matter involves the United Sates of America's prosecution of Omar Qazi. Before the court are Qazi's second motion to suppress (Doc. #129). For the reasons stated below, Qazi's second motion to suppress should be denied.

**I. Legal Standard**

　　　"Unless otherwise specified by the Court; [e]ach party shall have thirty (30) days from the time of arraignment within which to file and serve the pretrial motions and notices specified in subsection (b) of this Rule." LCR 12-1(a)(1). "The following pretrial motions and notices must be filed within the time period set forth in subsection (a) of this Rule … [m]otion to suppress evidence." LCR 12-1(b)(8).

**II. Discussion**

1.　　Qazi's Second Motion to Suppress Should be Denied

　　　　　i.　　　*Qazi's Second Motion to Suppress is Untimely*

　　　Pursuant to LCR 12-1(a), motions to suppress evidence were due on May 25, 2015. (Doc. #17). Qazi's second motion was filed on January 29, 2016; over eight months after all pretrial motions were due. Given that trial is scheduled for April 4, 2016, Qazi's second motion to suppress should be denied as untimely.

ii.   *Qazi's Second Motion to Suppress Raises Issues Previously Decided by the Court*

Qazi's second motion to suppress should be denied as it either: (1) raises issues that are irrelevant to any claim that Qazi's constitutional rights were violated or (2) raises issues that the court has previously decided.

First, Qazi complains that the police lacked reasonable suspicion to conduct a pat-down search of his body. This issue is irrelevant; no items found on Qazi's person are being introduced against him in the instant prosecution.[1]  *See* (Doc. #23).

Second, Qazi complains that: (1) the police damaged his car in the course of their search, (2) the police did not contact the registered owner of the vehicle, (3) the police "profiled" Qazi based on his criminal record, (4) Qazi was detained for several hours without being told the basis for his detention, and (5) the police never completed the initial traffic stop. These issues are also irrelevant. None of the foregoing issues bear on the constitutionality of the police search of Qazi's vehicle.

Third, Qazi challenges the initial stop, and subsequent search, of his vehicle on the grounds that: (1) the police lacked reasonable suspicion to stop Qazi's vehicle, (2) the traffic stop was a pretext to conduct an investigative search, (3) the police unreasonably extended Qazi's traffic stop, (4) the police could not have smelled marijuana odor emanating from Qazi's vehicle, (5) the smell of marijuana alone cannot supply the probable cause to conduct a warrantless search under the automobile exception, and (6) Qazi did not consent to a search of his vehicle. These arguments were rejected when the court denied Qazi's first motion to suppress. (Doc. #32).

Fourth, Qazi asserts that he was not read his *Miranda* rights before being questioned about the items found in his vehicle. "Just as a failure to file a timely motion to suppress evidence constitutes a

---

[1] Qazi was indicted on one count of being a felon in possession of a firearm. (Doc. #1). Qazi does not dispute that a firearm was found in his vehicle, not on his person. (Doc. #129 at 4).

waiver, so too does a failure to raise a particular ground in support of a motion to suppress." *United States v. Restrepo-Rua*, 815 F.2d 1327, 1329 (9th Cir. 1987). Qazi's *Miranda* argument should be deemed waived. The *Miranda* issue was not raised in either of Qazi's two previous motions to suppress, nor was it mentioned in any of his previous motions before the court. Given that the *Miranda* argument is raised eight months after pretrial motions were due and three weeks before trial, it should be deemed waived. In the alternative, the Government should be ordered to file a substantive response to Qazi's *Miranda* argument, so that the *Miranda* issue may be decided on the merits.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that Qazi's second motion to suppress (Doc. #129) should be DENIED.

IT IS FURTHER RECOMMENDED that, in the alternative, the Government should be ordered to file a substantive response to Qazi's *Miranda* argument.

IT IS FURTHER RECOMMENDED that the Government's motion to strike (Doc. #139) be DENIED as moot.

IT IS FURTHER ORDERED that Qazi's motion to extend time (Doc. #154) is DENIED as moot.[2]

IT IS SO RECOMMEMDED AND ORDERED.

DATED this 14th day of March, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[2] Qazi's motion to extend time requests additional time to reply to the Government's response (Doc. #134) to Qazi's objections (Doc. #127) and respond to the Government's motion to strike (Doc. #139). The issues raised in Qazi's motion to extend time are moot; Qazi's objections were overruled (Doc. #147) and Qazi responded to the Government's motion to strike (Doc. #156).