DANIEL G. BOGDEN
United States Attorney
ALEXANDRA MICHAEL
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada  89101
PHONE: (702) 388-6336
FAX:  (702) 388-6418
Alexandra.M.Michael@usdoj.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:15-cr-00014-APG-VCF |
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S *MIRANDA* ISSUE AS PRESENTED IN OBJECTIONS TO R&R (Doc. #173) |
| vs. | |
| OMAR QAZI, | |
| Defendant. | |

### CERTIFICATION

Pursuant to LCR 12-1, undersigned counsel hereby certifies that this response is filed in a timely manner.

COMES NOW the United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and ALEXANDRA MICHAEL, Assistant United States Attorney, and files this Supplemental Response to Defendant's Objections (hereinafter "Objections") (Doc. #173) to the Report & Recommendation of the United States Magistrate Judge (hereinafter "R&R") (Doc. #158), specifically limited to the *Miranda* issue raised in said document.  The Court permitted the Government the opportunity to more fully brief the issue (Doc. #184) and this Response is meant to supplement the Government's Response to Defendant's Objections to the R&R (Doc. #175).

1

**RELEVANT FACTS**

On January 6, 2015, at approximately 4:09 p.m., Las Vegas Metropolitan Police Department (LVMPD) Officer Glover read the Defendant his *Miranda* rights from his Las Vegas Metropolitan Police Department Advisement for Custodial Interrogation (Adults) card and the Defendant responded in the affirmative that he understood his rights. Gov. Ex. #1 and Gov. Ex. #2 at approximately 3:50 – 4:05. At approximately 7:13 p.m., Detective Kitchen conducted a tape-recorded statement of the Defendant. Gov. Ex. #3 and #4. Prior to questioning the Defendant, Detective Kitchen stated that the Defendant had already been advised of his *Miranda* rights per the patrol officers. Gov. Ex. #3 at approximately 00:48 and Gov. Ex. #4 at pg. 1. Detective Kitchen's interview of the Defendant lasted for approximately nineteen (19) minutes. Ex. #3 and #4. During this interview the Defendant admits to possession and ownership of the firearm that was located in the vehicle he had been operating when he was stopped by Officer Glover. Gov. Ex. #3 and #4.

**LEGAL ARGUMENT**

The Government incorporates by reference its previous argument and legal authority provided in Doc. #175 at pgs. 2-3 and would add that while the Defendant argues that Detective Kitchen "should have read Mr. Qazi his *Miranda* warnings", the Defendant provides no legal authority that sets forth said requirement. To the contrary, Detective Kitchen is not required to re-administer *Miranda* warnings given the statements of the Defendant were taken: (1) close in time (in this case almost within three hours), (2) with limited change in physical location (in this case both on location where the traffic stop occurred) and (3) even despite the fact that there was a change in the interviewer. There were no intervening events that would give the Defendant reason to believe that his rights had changed in a material way.

Additionally the Government would add that for a statement made during a custodial interrogation to be admissible, the prosecution must demonstrate that the statements obtained were

2

in compliance with *Miranda*, 384 U.S. at 479, and that Defendant's waiver of *Miranda* rights was "…voluntary, knowing, and intelligent." *United States v. Garibay*, 143 F.3d 534, 536 (9th Cir. 1998). Such a waiver is voluntary if the totality of the circumstances shows it to be the result of choice rather than coercion. *United States v. Doe*, 155 F.3d 1070, 1074 (9th Cir. 1998). Numerous factors may play a role in the analysis of the totality of the circumstances. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973) (no one factor is controlling and focus is on "a careful scrutiny of all the surrounding circumstances"). The burden is on the government to prove voluntariness, but "'voluntariness of a waiver' has always depended on the absence of police over-reaching, not on 'free choice' in any broader sense of the word.'" *United States v. Cazares*, 121 F.3d 1241, 1244 (9th Cir.1997) (quoting *Colorado v. Connelly*, 479 U.S. 157, 170 (1986)). The Court will find a statement involuntary and inadmissible only if the accused's will is overborne. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 225-26 (1973). Looking at the totality of the circumstances and absence of force or coercion by law enforcement, the Defendant's statements to Detective Kitchen were voluntary.

As such, the United States respectfully requests the Defendant's Motion to Suppress the Defendant's Statement be denied.

Dated 23rd day of June, 2016.

DANIEL G. BOGDEN
United States Attorney

*/s/ Alexandra Michael*
ALEXANDRA MICHAEL
Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certified that a copy of this filing was served on defense counsel Jennifer Waldo, Esq., via electronic service by ECF, on this date, June 23, 2016.

DATED:        June 23, 2016

                                                    */s/ Alexandra Michael*
                                                    ALEXANDRA MICHAEL
                                                    Assistant United States Attorney