# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

OMAR QAZI,

        Defendant.

Case No. 2:15–cr–14–APG–VCF

**ORDER**

Before the court are the following motions:

1) Qazi's motion to extend time to reply (ECF No. 246)

2) Qazi's motion for reconsideration[1] (ECF No. 212)[2] and the Government's response (ECF No. 224).

2) Qazi's motion to compel and for injunctive relief (ECF No. 220)[3]; the Government's response (ECF No. 225); and Qazi's reply (ECF No. 235).

3) Qazi's motion to continue the evidentiary hearing (ECF No. 228) and the Government's response (ECF No. 238).

4) Qazi's motion for recusal of the magistrate judge (ECF No. 229); the Government's response (ECF No. 237); and Qazi's reply (ECF No. 244).

---

[1] Qazi styled ECF No. 212 as a motion to dismiss for lack of jurisdiction. For reasons detailed in this order this court construes the motion to dismiss as a motion for reconsideration.

[2] Qazi also filed a supplement to his motion to dismiss. (ECF No. 221) "Supplementation is prohibited without leave of court." LR 7-2(g) "A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." *Id.* Ordinarily, this court would strike Qazi's unapproved supplement. *Id.* In the interest of expediency and efficiency, this court has considered the supplement (ECF No. 221), and finds that it also largely reargues issues that this court has previously rejected.

[3] Based on the two different types of relief requested this motion was docketed as two separate entries: ECF No. 220 and ECF No. 222.

1

5) Qazi's motion for an order to show cause (ECF No. 247).

**I. Discussion**

a.  Qazi's Motion to Extend Time to Reply (ECF No. 246)

On October 24, the Government responded to Qazi's motion to dismiss for lack of jurisdiction (ECF No. 212)  Pursuant to Local Rule 7-2(b), Qazi's reply was due on October 30, 2016.  October 30 came and went, and no reply was received.

On November 9, the Government responded to Qazi's motion for recusal of the magistrate judge.  Pursuant to Local Rule 7-2(b), Qazi's reply was due on November 15, 2016.  November 15 passed and no reply was received.

Qazi now moves to extend his reply deadlines for each of the aforementioned motions.   This court has reviewed the motion to dismiss (ECF No. 212) and the motion for recusal (ECF No. 229) and the Government's response.  Qazi's motion to dismiss reargues points previously considered and rejected by this court. (ECF No. 98)  The motion does not present any new evidence that would cause this court to reconsider its prior decision.  Qazi's motion for recusal amounts to a list of complaints directed at this court.  For the reasons stated in part "e" of this order, Qazi's motion lacks merit.  As such no replies to either motion are necessary.  Qazi's motion to extend time is denied.

b.  Qazi's Motion for Reconsideration (ECF No. 212)

Qazi asks the court to dismiss his indictment based on alleged violations of his due process rights, the court's alleged lack of jurisdiction, and the *Rocker-Feldman* abstention doctrine. (ECF No. 212)  This court has previously considered and rejected these arguments.  (ECF No. 55)  The district judge later adopted this court's recommendation.  (ECF No. 224)

Because this court has previously decided Qazi's argument, it will construe his new motion to dismiss (ECF No. 212) as a motion for reconsideration.  "Reconsideration is appropriate if the district

court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change of controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Qazi has not shown that his situation meets any of the three grounds for reconsideration. Instead, he reargues issues that this court has previously rejected. His motion for reconsideration is denied.

c.  Qazi's Motion to Compel (ECF No. 220)

"Upon a defendant's request, the government must permit the defendant to inspect and copy or photograph books, papers documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody or control and: (1) the item is material to preparing the defense; (2) the government intends to use the item in its case-in-chief at trial; or (3) the item was obtained from or belongs to the defendant." FED. R. CRIM. P. 16(a)(1)(E).

"To obtain discovery under Rule 16, a defendant must make a prima facie showing of materiality." *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990); *see also United States v. Zone*, 403 F.3d 1101, 1105 (9th Cir. 2005). "Neither a general description of the information sought or conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Mandel*, 914 F.2d at 1219.

In *Zone*, the Government charged the defendant with being a felon in possession of a firearm. 403 F.3d at 1103. The defendant believed the Government pressured state authorities into obtaining a guilty plea from him. *Id.* The state court conviction would later serve as the basis for the defendant's federal felon in possession charge. *Id.* The defendant argued that the Government impermissibly instructed state authorities to obtain a guilty plea from the defendant in state court in violation of the Double Jeopardy clause. *Id.* at 1103-04. The defendant sought discovery on this issue. *Id.* at 1104. To

establish his prima facie showing of materiality, the defendant "only evidence consist[ed] of newspaper articles appended to his motion to dismiss that report the task force's formation and describe its mission. *Id.* at 1105.

The Ninth Circuit affirmed the district court's ruling that the defendant had not made a threshold showing of materiality. *Id.* It noted, "[t]hese articles contain general information that at most suggest that federal and state prosecutors collaborate as equal, independent partners in the task force's weekly strategy sessions. They do not establish that federal prosecutors dominated or manipulated their state counterparts in Zone's specific instance." *Id.*

Like in *Zone*, Qazi has failed to make a threshold showing of materiality. He cites two sources of information to support his argument: (1) an October 11, 2016 Las Vegas Review-Journal article reporting that the Pahrump detention center, where Qazi is housed, recorded and provided the Government with confidential attorney-client communications and (2) an order in similar criminal case from the District of Kansas where the court found that a privately-run federal prison was recording attorney-client communications. (ECF No. 220) Qazi appears to reason that if other conversations in his facility were recorded, his conversations with his former attorneys must have been recorded as well. (*Id.*) At best, the articles establish that misconduct is occurring at the Pahrump facility; they do not show that there has been any Government misconduct in Qazi's specific case. Since Qazi has failed to make the threshold materiality showing, this court denies his motion to compel.

d.  <u>Qazi's Motion to Continue Evidentiary Hearing (ECF No. 228)</u>

On August 3, 2016, this court conducted an evidentiary hearing for the limited purpose of determining whether Qazi's Fifth Amendment rights had been violated. (ECF No. 198) The hearing was concluded the same day. (*Id.*) The following day, this court recommended that Qazi's motion to

suppress should be granted in part as he had been given an inadequate *Miranda* warning.  (ECF No. 199) That recommendation is still pending before the court.  (*Id.*)

On October 24, Qazi now moved to continue the August 3 evidentiary hearing on three grounds: (1) 5 Metro officers were involved in his arrest, but only 2 testified at the hearing; (2) this court did not give him the opportunity to testify on his own behalf at the hearing; and (3) Detective Kitchen, the individual who interrogated Qazi, did not testify at the hearing.  (ECF No. 228)

When deciding whether to grant a continuance, a court considers: (1) the moving party's diligence in readying his argument before the hearing; (2) "how likely it is the need for a continuance could [be] met if the continuance" is granted; (3) inconvenience to the court, the opposing party, and the witnesses; and (4) the extent to which the moving party would suffer harm if a continuance is denied. *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985).

Qazi's motion is denied as moot.  This court held and concluded the evidentiary hearing on the same day.  (ECF No. 198)  At the time, Qazi was represented by CJA panel attorney Jennifer Waldo. His reasons for seeking a continuance amount to a litany of complaints about attorney Waldo's tactical decision regarding the evidentiary hearing.  They are not grounds for continuing a hearing that has already concluded.

e.  <u>Qazi's Motion for Recusal (ECF No. 229)</u>

A judge against whom recusal is sought may decide the motion for recusal.  *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978).  The standard for recusal is "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997).  The alleged bias must arise from "an extrajudicial source and not from conduct or rulings made during the course of the proceedings."  *United States v. $292,888.04*, 54 F.3d 564, 566 (9th Cir. 1995).

Qazi's motion for recusal merely recites this court's numerous rulings against him. (ECF No. 229) A motion to disqualify based solely on adverse rulings does not warrant recusal of the presiding judge. *See Taylor v. Regents of Univ. of California*, 993 F.3d 837, 841 (9th Cir. 2000). Qazi's motion for recusal is denied.

f.     Qazi's Motion for Orders to Show Cause (ECF No. 247)

Qazi requests orders to show cause why Assistant United States Attorney Alexandra Michael should not be held in contempt and an order to show cause why this action should not be dismissed with prejudice. (ECF No. 247) Qazi does not allege any facts that would warrant granting either request. The motion for orders to show cause are therefore denied.

## II. Conclusion

This action has been pending before the court for nearly two years. In that time, the docket has expanded to approximately 250 separate filings. Qazi has twice been appointed counsel and twice fired counsel in order to represent himself. His periods of self-representation are characterized by a series of largely meritless motions arguing that among other things: (1) this court lacks jurisdiction over him; (2) the Government violated the *Petite* policy; (3) the United States Attorney's Office should be removed from this action; (4) his Speedy Trial rights were violated; (5) his due process rights were violated; and (6) this court is biased against him. This court has considered and rejected all of these argument. At times, it has rejected these arguments on multiple occasions.

Motions such as the ones addressed in this order distract from the central issues of this action. Qazi is reminded that, as a *pro se* defendant, he "is subject to the same good faith limitations imposed on lawyers, as officers of the court." *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989). "*Pro se* status does not excuse a criminal defendant from complying with the procedural and substantive rules of

the court." *Id.* In the future, Qazi should carefully consider the propriety of filing motions that reargue previously decided issues.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Qazi's motion to extend time to reply (ECF No. 246) is DENIED.

IT IS FURTHER ORDERED that Qazi's motion for reconsideration (ECF No. 212) is DENIED.

IT IS FURTHER ORDERED that Qazi's motion to compel and for injunctive relief (ECF No. 220) and (ECF No. 222) are DENIED

IT IS FURTHER ORDERED that Qazi's motion to continue the evidentiary hearing (ECF No. 228) is DENIED

IT IS FURTHER ORDERED that Qazi's motion for recusal of the magistrate judge (ECF No. 229) is DENIED.

IT IS FURTHER ORDERED that Qazi's motion for orders to show cause (ECF No. 247) is DENIED.

IT IS SO ORDERED.

DATED this 8th day of December, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE