

1  *Omar Qazi*
2  Nevada Southern Detention Center
3  2190 E. Mesquite Ave.
4  Pahrump, Nevada
5  Zip Code Exempt (DMM 122.32)

```
_____FILED          _____RECEIVED
_____ENTERED        _____SERVED ON
              COUNSEL/PARTIES OF RECORD

          NOV - 8 2016

       CLERK US DISTRICT COURT
         DISTRICT OF NEVADA
BY:_____DEPUTY
```

16                **IN THE UNITED STATES DISTRICT COURT**

17                  **FOR THE DISTRICT OF NEVADA**

18                                   ***

19
20  UNITED STATES OF AMERICA,
21                                        Case no: 2:15-cr-00014-APG-VCF
22              Plaintiff,
23
24                                        **Objections to Magistrate's Order - Granting**
25                                        **Doc.# 211 and Denying Substitution of Standby**
26                                        **Counsel**
27              vs.
28
29                                        *(Expedited Treatment Requested)*
30  *Omar Qazi*,
31
32              Defendant.
33
34  Certification: This Objection is being Filed Timely.

35  Relief Sought,

36  COMES NOW, *Omar Qazi*, In Propria Persona, by Special Appearance and through Myself, Hereby

37  filing this Objections to Magistrate's Order - Granting Doc.#211 and Denying Substitution of

38  Standby Counsel. For the reasons outlined in the attached Memorandum of Points and Authorities, I

39  humbly requests that this court enter an order rejecting the Magistrate Judge's Order and to subtitute

40  stand-by counsel.

1      **Memorandum of Points and Authorities**

2      At the recent hearing on 10/25/2016 and in my Objection to Doc. #211 (Motion to Clarify), I

3  had provided the Court with proof that Standby Counsel (Lance J. Hendron), was not in my interest

4  at all, would be an ineffective counsel and that it would be highly prejudicial if he is not substituted;

5  to wit:

6  **1.** In Mr. Hendron's own Motion to Clarify, he seems to ask the Court to be advisory counsel, that

7  he does not want to be standby counsel, only wants to offer "technical help only" (which he does

8  not do either). He further mentions that "stand-by counsel poses *ethical concerns* for the

9  undersigned... it will also put the undersigned in a position of likely *inefectiveness* of counsel."

10  **2.** At Calender Call on October 11, 2016,  he told me that he will only be sitting next to me, will not

11  assist me whatsoever and will not take over mid-trial, even if I don't abide by the Courtroom rules.

12  He also told me that he will *make sure* that his secratary accepts any further phone calls. But on

13  October 12, 2016, I called his office a few times again and the calls were **refused** again (*Mr.*

14  *Hendron's first lie*). (Note: The phone system here at CCA-Pahrump makes it that, when the phone

15  call is answered, the party answering has the option to either accept or refuse the call.)

16  **3.** I had also shown how Mr. Hendron and/or his secretary **refuse** my phone calls and that I have

17  never been able to contact him since he has been appointed as stand-by. Nonetheless, Judge

18  Ferenbach was very bias and prejudicial again at the hearing on 10/25/2016; he said that Mr.

19  Hendron does not need to contact me and that he does not need to know my case. ***Really?***

20      I have also filed a Motion to Recuse for reasons like this.  As to stand-by counsel, the U.S.

21  Supreme Court has said that their role should be limited to participation either outside the jury's

22  presence or "with the defendant's express or tacit consent." *McKaskle v. Wiggins, 465 U.S. 168,*

23  *188, 104 S. Ct. 944, 956, 79 L. Ed. 2D 122 (1984).*

24      In *United States v. Brown, 393 Fed. Appx. 686, 703 (2010)*, the Court described how the

25  distict court had appointed stand-by counsel to advise a defendant "on legal procedural and

1    substantive matters."

2          In *Lay v. Trammell, 2015 U.S. Dist. LEXIS 136793 (N.D. Okla., Oct. 7, 2015),* The trial

3    judge also stated that "standby counsel would be available to take the case over if necessary", and

4    that the defendant "had the right to withdraw his waiver of counsel at any time in the proceedings

5    and to have counsel appointed to represent him."

6    U.S. v. Gomez-Rosario, 418 F.3d 90, 100-02 (1st Cir. 2005) (court properly appointed standby

7    counsel to *assist defendant in following court rules*)

8          A judge may terminate self-representation if the defendant is not able or willing to abide by

9    the rules of procedure or courtroom protocol. *See McKaskle v. Wiggins, 465 U.S. 168, 173 (1984).*

10         Therefore, to my understanding and from the holdings of federal courts, standby counsel

11   should know my case so he could "be available to take the case over if necessary" and should

12   contact me to assist me in "following court rules," and to advise me "on legal procedural and

13   substantive matters." Any other conclusions would be inappropriate.

14   <u>4.</u> At the hearing on 10/25/2016, I had read to Judge Ferenbach, a letter dated October 12, 2016 sent

15   to me by Mr. Hendron, which mentioned the following "Enclosed please find copies of the

16   documents contained in the following dockets: 50, 179, 188, 202, 203 and 206." ***See Exhibit 1.*** (*Mr.*

17   *Hendron's second lie*) (Note: Mr. Hendron <u>signed</u> this letter himself)

18         I also read to Judge Ferenbach, a CCA Detainee Request Form dated October 14, 2016,

19   which mentioned the following: "I received legal mail today and opened up the envelope in front of

20   Unit Manager, Mr. Titsworth. However, the legal mail from Attorney, Lance J. Hendron only

21   contained Docket 212. The letter mentioned that dockets 50, 179, 188, 202, 203 and 206 were

22   enclosed but none were. I am requesting that you please affirm your observation of these facts.

23   Thank you." Mr. Titsworth's response was "That is correct. When you opened your mail there was

24   only the 212 docket. On the letter you showed me it stated you should have been sent 179, 188, 202,

25   203 and 206 dockets. They were not in the packet sent." ***See Exhibit 2.***

1  **5.** At the hearing on 10/25/2016, Mr. Hendron also told me once again, that the phone issue is

2  resolved and that the secretary will answer now. However, when I called a couple times on

3  10/26/2016, the secretary, once again, refused both of my calls. (Mr. Hendron's third lie). This

4  seems to be a sick and disrespectful joke by Mr. Hendron that can not be tolerated and because of

5  these reasons, he can not be trusted whatsoever.

6  **6.** I also told Judge Ferenbach that Mr. Hendron was being "hostile" towards me in Court as well,

7  but he ignored this issue. Mr. Hendron specifically raised his tone in an offensive manner saying

8  "my secretary is going to send you those documents ok!! alright!!" Nonetheless, eveything that was

9  mentioned above was never even refuted in Court by Mr. Hendron, which proves that it is all true.

10  **7.** The Court also directed "Mr. Hendron to contact Ms. Waldo, former counsel of record, regarding

11  defendant's case file, exhibits, DNA expert and to contact the private investigator." *See Doc.# 213.*

12  The only thing that Mr. Hendron did, was contact the private investigator (Craig Retke) and told

13  him to visit me. I have not heard a single response about any of the other issues and I have not

14  received the pictures and exhibits that are in the possession of Ms. Waldo. Therefore, Mr. Hendron

15  is not properly following Court orders as well.

16  **8.** Since, I can not get a hold of Mr. Hendron, I am also requesting the Court to also provide the

17  following:

18  **1.** All transcripts of proceedings held in this case, including the Transcripts mentioned in Doc.# 215.

19  **2.** Approved CJA Funds for legal copies and prints at CCA-Pahrump and for requested copies of

20  dockets from PACER.

21  I am requesting that these requests be granted since I do not have access to PACER from

22  CCA and I have had absolutely no communication from current stand-by other than the few

23  instances in Court. There are recent Dockets that the government has mentioned in their filings that

24  I can not even review; Therefore, I can not even review the government's legal arguments.

25  Furthermore, due to all these flagrant issues, Judge Ferenbach is wasting the Courts time and

1   resources by his frivolous order. He could have just simply substituted Mr. Hendron to another

2   stand-by counsel. I need a stand-by counsel that will be respectful, professional and follow his

3   duties from the Court; Therefore, I humbly request for a substitution of stand-by counsel.

4                                              **Conclusion**

5           I respectfully request that this Honorable Court enter an order rejecting the Magistrate

6   Judge's Order and to subtitute stand-by counsel for the reasons mentioned above. I declare under

7   penalty of perjury under the laws of the united states of America that all of the affirmations in this

8   entire document are true and correct to the best of my knowledge.

9   Executed on November _9_, 2016.          Respectfully Submitted,

10                                           *Omar Qazi*, All Rights Reserved and Without Prejudice,

11

12                                           Signed: _____

13

14

15

16

17

18

# **<u>Exhibit 1</u>**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

# Guymon &
# Hendron

October 12, 2016

**VIA U.S. First-Class Mail**
Omar Qazi #49760048
Nevada Southern Detention Center
2190 E. Mesquite Avenue
Pahrump, NV 89060

Re:   United States of America vs. Omar Qazi
       Case No. 2:15-cr-00014

Mr. Qazi:

Enclosed please find copies of the documents contained in the following dockets:  50, 179, 188, 202, 203 and 206.

Respectfully Yours,

/s/ L. Hendron

Lance J. Hendron, Esq.

LJH:dk
Encl(s).

GARY L. GUYMON, ESQ. | LANCE J. HENDRON, ESQ.
625 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
(T) 702-758-5858 (F) 702-387-0034
GARY@GHLAWNV.COM | LANCE@GHLAWNV.COM

1

# **<u>Exhibit 2</u>**

# NEVADA SOUTHERN DETENTION CENTER
## DETAINEE REQUEST FORM

FROM: _Omar Qazi_ _G2-44B_ _49760048_ _10-14-16_
DETAINEE NAME          HOUSING UNIT          CCA ID NUMBER          DATE

TO: (CHECK ONE)

☐ DETAINEE ACCOUNT      ☐ CHAPLAIN           ☐ MAIL ROOM
☐ CASE MANAGER          ☐ JOBS COORDINATOR   ☐ PROPERTY OFFICER
☐ UNIT COUNSELOR        ☒ UNIT MANAGER       ☐ OTHER _____

REQUEST: I received legal mail today, and opened up the envelope in front of Unit manager, Mr. Titsworth. However, the legal mail from Attorney, Lance J. Hendron only contained Docket 212. The letter mentioned that dockets 50, 179, 188, 202, 203 and 206 were enclosed but none were. I am requesting that you please affirm your observation of these facts. Thank you.

DETAINEE SIGNATURE (REQUIRED) _____

### STAFF USE ONLY

RESPONSE / REFER TO: _____          DATE: _____

That is correct. When you opened your mail there was only the 212 docket. On the letter you showed me it stated you should have been sent 179, 188, 202, 203 and 206 dockets. They were not in the Packet sent.

STAFF SIGNATURE: _____          DATE: 10/18/16

WHITE COPY - DETAINEE FILE      YELLOW COPY- DET. REPLY      PINK COPY-DETAINEE          8002302-3653

## Certificate of Service

      I hereby certify that on November _1_ , 2016, I mailed my Memorandum to the court, to the following:

Clerk of the Court
District Court
Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd. South, Rm. 1334
Las Vegas, Nevada
Zip Code Exempt (DMM 122.32)

---

**\* Copy of receipt requested \***

*Omar Qazi*
N.S.D.C.
2190 E. Mesquite Ave.
Pahrump, Nevada
Zip Code Exempt (DMM 122.32)



US POSTAGE
$ 00.94⁹
First-Class

Mailed from 89060
11/07/2016
0004 0001858871

Correspondence originated from a detention facility. The facility is not responsible for the contents herein

Omar. Qazi
N.S.D.C.
2190 E. Mesquite Ave.
Pahrump, Nevada
Zip Code Exempt (DMM 122.32)

c/o: Clerk of the Court
Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd. So. Rm.1334
Las Vegas , Nevada
Zip Code Exempt (DMM 122-32)