STEVEN MYHRE
Acting United States Attorney
ALEXANDRA MICHAEL
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
PHONE: (702) 388-6336
FAX: (702) 388-6418
Alexandra.M.Michael@usdoj.gov

Plaintiff Attorney for the United States

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:15-CR-00014-APG-VCF |
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER |
| vs. | (Doc. #289) |
| OMAR QAZI, | |
| Defendant. | |

### CERTIFICATION

Pursuant to LCR 12-1, undersigned counsel hereby certifies that this response is filed in a timely manner.

COMES NOW the United States of America, by and through STEVEN MYHRE, Acting United States Attorney, and ALEXANDRA MICHAEL, Assistant United States Attorney, and submits this Supplemental Response to Defendant's Motion to Reconsider and Request for Evidentiary Detention Hearing by OMAR QAZI (hereinafter "the Defendant"), *pro se*, Doc. #289, respectfully requesting the Court deny the Defendant's Motion.

### PROCEDURAL HISTORY

On March 24, 2017, Magistrate Judge Leen held a Motion Hearing as to Defendant's Motion

1

to Reconsider, Dkt. #289, and Defendant's Motion for an Evidentiary Detention Hearing, Dkt. #290. These Motions were referred for a hearing from the District Judge Gordon.  The government would note that the defendant has had at least two prior hearings relating to detention, one on February 24, 2015 in front of Magistrate Judge Leen, see Dkt. #13, where the defendant through defense counsel submitted to detention, Id. and Dkt. #14, and second, on May 26, 2016 in front of District Judge Gordon, see Dkt. #182, where the defendant was remanded to custody after the hearing, Id.  The government would also note that to date, the defendant either through defense counsel or *pro se* has filed approximately sixty-five (65) motions for the Court's consideration.[1]

On January 20, 2015 a federal grand jury returned an indictment charged the defendant with one count of Felon in Possession of a Firearm in violation of 18 UCS § 922(g)(1) and 924(a)(2). Dkt. #1.  On February 24, 2015 the defendant appeared for his initial appearance and arraignment and plea.[2]  Dkts. #13 &14.  On February 24, 2015 the defendant was ordered detained by Magistrate Judge Leen.  Id.  On April 15, 2015 the parties filed a stipulation to continue trial and the Court granted the stipulation deeming the continuance excludable under the Speedy Trial Act and excluded the time.  Dkts. #16 & 17.[3]  Trial was re-set for August 10, 2015.  Dkt. #17.  On May 27, 2015 defendant filed a Motion to Suppress.  Dkt. #18.  On June 24, 2015, Magistrate Judge Ferenbach issued an R&R denying defendant's Motion to Suppress.  Dkt. #23.  On July 24, 2015 defendant filed two Motions, one requesting the Court to Conduct a Faretta Hearing.  Dkts. #27 & 28.  On August 4, 2015 the government filed a motion to continue trial given there was an outstanding Motion to Suppress.  Dkt. #31.  On August 5, 2015, at calendar call, District Judge Gordon adopted the R&R denying Defendant's Motion to Suppress.  On August 5, 2015 District Judge Gordon

---

[1] This estimate does not include Notices, Supplements or Objections.
[2] Commencement of the seventy (70) day period under The Speedy Trial Act (18 USC § 3161(c)(1)).
[3] Time from when the defendant initially appeared in District Court on this matter until the first stipulation is fifty (50) days.

2

continued trial pursuant to 18 USC § 1361(h)(7).  Dkt. #33.  On August 6, 2015, defendant is granted the right to represent himself and trial is continued until September 28, 2015 and the continuance is deemed excludable under the Speedy Trial Act and the time is excluded by District Judge Gordon.  Dkt. #35.  On August 12, 2015 the defendant files eight (8) pro se Motions.  See Dkts. #37-44.  The defendant files three (3) more pro se Motions on August 17, 2015.  See Dkts. #45-47.  On August 26, 2015 the defendant files four (4) more pro se Motions.  See Dkts. #48-51.  On September 14, 2015 the defendant files three (3) pro se Motions.  See Dkts. #19-21.  On September 17, 2015 the defendant files four (4) pro se Motions.  One of the Motions sought reasonable time to prepare a defense.  Dkt. #68.  On September 21, 2015 the parties filed a stipulation to continue trial and on September 22, 2015 the Court granted the stipulation deeming the continuance excludable under the Speedy Trial Act and excluded the time.  Dkts. #73 & 75.  Trial was re-set for November 30, 2015.  Dkt. #75.  On October 26, 2015 the defendant filed four (4) pro se Motions.  See Dkts. #86-88.  On November 5, 2015 the defendant filed two (2) pro se Motions.  See Dkts. #91 & #92.  On November 10, 2015, the government filed a motion to continue trial based on the unavailability of an essential witness.  Dkt. #93.  At this time there were at least five (5) of defendant's Motions pending (see Dkts. #26 – 29 and #30-31) along with at least five (5) of defendant's Objections to findings made by Magistrate Judge Ferenbach pending (see Dkts. 54, 60, 76, 69, and 90).  On November 11, 2015, District Judge Gordon Court granted the motion to continue based on an essential government witness being unavailable and deemed the continuance excludable under the Speedy Trial Act and excluded the time.  See 18 section 3161(h)(3)(A) and Dkt. #96.  Trail was re-set for April 4, 2016.  Id.  On November 17, 2015, November 30, 2015, and December 4, 2015, the defendant filed a pro se Motions.  See Dkts. #99, 101, 103, and 107.  On December 21, 2015 the defendant filed two (2) pro se Motions.  See Dkts. #112 & 113.  On

December 31, 2015 the defendant files two (20 pro se Motions.  See Dkts. #115 & 116.  On January 13, 2016, January 19, 2016, January 26, 2016 and January 29, 2016 the defendant filed a pro se Motions.  See Dkts. #121, 124, 128, and 129.  On March 3, 2016, and March 14, 2016, the defendant filed pro se Motions, one of which was a request for additional time to respond to Government's Motion to strike defendant's Second Motion to Suppress.  See Dkts. #154 & 162.  On March 15, 2016 the defendant filed a pro se Motion requesting appointment of counsel.  See Dkt. #161.  On March 18, 2016 the parties filed a stipulation to continue trial and on March 22, 2016 District Judge Gordon granted the stipulation and deemed the continuance excludable under the Speedy Trial Act and excluded the time.  See Dkts. #167 &169.  Trial was re-set for July 25, 2016.  Dkt. #169.  On March 23, 2016, defendant's Motion for appointment of counsel was granted and Jennifer Waldo, Esq. was appointed as CJA counsel for defendant.  Dkts. #161 & 170.  On May 26, 2016 the defendant appeared for a hearing regarding detention in front of District Judge Gordon.  Dkt. #182.  The Court reviewed the relevant filings, heard arguments from both parties and reviewed an updated pre-trial services report and ultimately the defendant was remanded to custody.  See Dkt. #182.  On June 30, 2016, defendant, through defense counsel, filed a Motion to Suppress.  Dkt. #192.  On July 5, 2016, the parties filed a stipulation and the Court granted the stipulation deeming the continuance excludable under the Speedy Trial Act and excluded the time.  Dkts. #193 & 194.  Trial was re-set for October 17, 2016.  Dkt. #194.  On August 3, 2016, Magistrate Judge Ferenbach held and evidentiary hearing on Defendant's Motion to Suppress.  Dkt. #198.  On August 4, 2016, Magistrate Judge Ferenbach issued an R&R in part denying and in part granting Defendant's Motion to Suppress.  Dkt. #199.  On September 20, 2016 the defendant filed Motions requesting the Court conduct a Faretta hearing and permit the defendant to proceed pro se.  On September 27, 2016 magistrate Judge Ferenbach granted the defendant's request to proceed pro se.  Dkt. #208.  On

4

October 6, 2016 defendant filed two pro se Motions, one of which was a request to extend the Motion deadline. See Dkts. #210 & 212. On October 10, 2016 the defendant filed a pro se Motion. Dkt. #211. On October 11, 2016, District Judge Gordon granted defendant's Motion to extend the Motions deadline (new deadline is October 25, 2016) and the parties stipulate to continue trial. Dkt. #213. Trial is continued pursuant to 18 USC § 3161(h)(7)(A). Id. Trial was re-set for January 9, 2017. Id. On October 21, 2016 the defendant files two (2) pro se Motions. See Dkts. #219 & 222. On October 25, 2016 the defendant files a pro se Motion. Dkt. #231. On October 26, 2016 the defendant files two (2) pro se Motions. See Dkts. #229 & 230. On November 29, 2016 defendant files two pro se Motions, one was for an extension of time. Dkt. #246 & 247. On December 1, 2016 the government filed a Motion to continue trial. Dkt. #245. On December 6, 2016, the defendant files two (2) pro se Motions. Dkt. #249 & 250. On December 16, 2016, District Judge Gordon holds a hearing where a number of outstanding Motions are resolved, the government withdraws its Motion to continue trial, the defendant indicates he does not waive his right to a speedy trial, and the Court notes trial will commence as scheduled on January 9, 2017. Dkt. #268. At that time at least two evidentiary issues were outstanding: the R&R in part denying and in part granting Defendant's Motion to Suppress and Defendant's Motion in Limine. Dkts. #231 & 199. On December 30, 2016 the defendant pro se filed a notice of expert testimony/request for DNA case file. Dkt. #274. On January 3, 2017, District Judge Gordon held calendar call where he resolved a number of Motions to include adopting the R&R in part denying and in part granting Defendant's Motion to Suppress and granted Defendant's Motion in Limine. Dkt. #281. District Judge Gordon continued calendar call until January 4, 2017. Id. On January 4, 2017 calendar call continued and the government notes its intent to file an appeal regarding the Court's rulings on Defendant's Motion to Suppress and Defendant's Motion in Limine. Dkt. #285. The government also objected to the timeliness and

5

sufficiency of defendant's expert notice.  Id.  District Judge Gordon continued calendar call until January 5, 2017.  Id.  On January 4, 2017 the government filed a Notice of Appeal and the appeal was given USCA Case Number 17-10004.  Dkts. #282 & 287.  On January 5, 2017 calendar call continued and District Judge Gordon, pursuant to Federal Rules of Appellate Procedure 4(b)(5) determined trial would be postponed.  Dkt. #288.  District Judge Gordon determined that upon the Ninth Circuit issuing its decision the court will then issue a new order regarding trial.  Id.  On January 23, 2017 defendant filed two (2) pro se Motions.  See Dkts. #290 & 291.  On February 16, 2016 defendant filed two (2) pro se Motions.  See Dkts. #297 & 298.  On March 24, 2017, Magistrate Judge Leen held a Motion Hearing as to Defendant's Motion to Reconsider, Dkt. #289, and Defendant's Motion for an Evidentiary Detention Hearing, Dkt. #290.  As a result of that hearing, Magistrate Judge Leen permitted the government to file supplemental briefing on the issues of: (1) a potential due process violation in terms of defendant's continued detention and (2) the defendant's potential custodial sentence for this case.

## ARGUMENT

### DEFENDANT'S DUE PROCESS RIGHTS HAVE NOT BEEN VIOLATED BY HIS CONTINUED PRETRIAL DETENTION

In support of his argument, defendant lists out the government's Motions to continue trial.  See Dkts. #31, 93 and 245.  The government submits the first Motion was deemed moot at calendar call the following day when the Court continued trial based on defendant's pending Motion requesting to represent himself.  The government's Motion did not result in the trial being continued or delayed.  The government's second Motion was based on the unavailability of an essential witness, the government's DNA expert.  As noted above, at the same time this Motion was filed, the court had at least ten (10) matters pending.  The government submits the defendant does not appreciate the significant effect his extensive Motions litigation has on the Court's and the

progression of the case.  The excludability of the pretrial motion delay has been described as

"automatic".  In *United States v. Tinklenberg*, 131 S. Ct. 2007 (2011), the Court held that pretrial

motion delay "does not contain a causation requirement."  Id. at 2010-2011.  A pretrial motion

generates excludable delay "irrespective of whether it actually causes, or is expected to cause delay

in starting a trial."  Id. at 2011.  Under The Speedy Trial Act, 18 USC 3161(h)(1)(D), delay resulting

from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or

other prompt disposition of, such motion is excluded.  The government submits this continuance and

the timeframe from November 10, 2015 until April 4, 2015 was deemed excludable by the Court and

was not improperly motivated by the government nor was the delay solely based on the government.

Defendant continued to file substantive Motions during this timeframe.  The government's third

Motion to continue the trial was shortly thereafter withdrawn at calendar call and did not result in

the trial date being continued or delayed.

Next defendant makes argument regarding the validity of the government's appeal.  The

government submits its appeal was taken in a timely manner, one day after District Judge Gordon's

decision, on an issue that has been highly contested throughout this district for the past year.  In this

case, defendant made an inculpatory statement after being provided *Miranda* warnings virtually

identical to the Supreme Court's articulation in *Miranda v. Arizona* of the required warning.  The

Ninth circuit has explicitly stated that a "verbatim reading would, in all instances, preclude claims

such as [the Defendant's].  *See Noti*, 731 F.2d 610, 615 (9th Cir. 1984).  Additionally, the

government submits the reasoning and rationale in the Ninth Circuit's recent decision in *United*

*States v. Loucious,* 16-10121 further supports the government's position.   The government appealed

pursuant to 18 USC § 3731.  Pursuant to 18 USC § 3161(h)(1)(C) any delay resulting from any

interlocutory appeal is excluded.

7

Defendant next brings up the issue of weight of the evidence. The government submits that 18 USC § 3143(c) allows a court to consider release or detention of a defendant pending appeal by the government. The statute provides:

> The judicial officer shall treat a defendant in a case in which an appeal has been taken by the Untied States under section 3731 of this title, in accordance with section 3142 of this title unless the defendant is otherwise subject to a release or detention order.

For purposes of determining detention under 18 USC 3142(e)(1) the judicial officer shall consider factors listed under 18 USC 3142(g) which includes (2) the weight of the evidence against the person. Defendant argues that the Court should look at the weight of the evidence without the inculpatory statement given it was suppressed. The government disagrees. The Court should consider said suppressed evidence pursuant to the "cost-benefit analysis" set forth in *United Sates v. Leon*, 468 U.S. 897, 907 (1984). In *Leon*, the Supreme Court concluded the exclusionary rule did not apply automatically to exclude evidence for all purposes. *See United States v. Jay*, 261 F.Supp.2d 1235 (D. Oregon 2003). The Ninth Circuit has permitted suppressed evidence to be presented at sentencing and revocation hearings. *See United States v. Kim*, 25 F.3d 1426 (9th Cir. 1994) and *United States v. Hebert*, 201 F.3d 1103 (9th Cir. 2000). Here, defendant admitted post Miranda warnings that he possessed the firearm that was found in the car he was driving.[4] Therefore, defendant's statement should be considered for purposes of evaluating the weight of the evidence.

Next defendant argues substantive due process requires that he be released from pre-trial detention. The government submits while the defendant has been in federal custody since February 24, 2015 he has been in front of both Magistrate Judge Leen and District Judge Gordon for detention hearings. Defendant has also submitted numerous filings regarding his detention which have been

---

[4] Defendant admitted to law enforcement post *Miranda* that he possessed the firearm that was found in the car.

considered by the Court.  Defendant cites to a number of cases that are distinguishable from the instant case.  The cases presented by defendant deal with situations were individuals were committed to mental institutions post not guilty verdict due to insanity.  Another case talks about a student's due process rights being violated when there was a school suspension absent a hearing.  These factual scenarios are dissimilar and here defendant has had the opportunity to meaningfully contest the factual allegations considered in support of his pretrial detention.

Defendant then moves on to cite *United States v. Salerno*, 107 S. Ct 2095 (1987) but in *Salerno* the Supreme Court held that the Bail Reform Act authorization of pretrial detention on the basis of future dangerousness constituted permissible regulation that did not violate substantive due process, and was not impermissible punishment before trial and that the due process clause did not categorically prohibit pretrial detention imposed as a regulatory measure on the grounds of community danger, without regard to the duration of detention.  The findings of Salerno do not support defendant's argument.  Furthermore, in *Salerno*, the government's motion for pretrial detention was based on the ground that no condition of release would assure the safety of the community or any person.  *Salerno* at 743.  Here, defendant was detained both as a risk of nonappearance and danger to the community.  Defendant then goes on to cite a number of cases from other Circuits and other districts all of which were decided prior to *Salerno*.

Defendant next argues that the Speedy Trial Act requires that he be released from pre-trial detention.  The government submits the defendant presented no legal authority to support this contention.  Rather defendant discussed the legislative history of the Bail Reform Act and the Speedy Trial Act.  Defendant has not established a violation of his right to a Speedy Trial nor has he presented authority that his request for relief is supported under the Speedy Trial Act.  The government detailed the procedural history specifically to show the Court that almost all of the time,

9

for purposes of the Speedy Trial Act, has been tolled and or excluded through stipulations, motions, attorney substitutions or most recently an appeal.  The government calculated that approximately fifty (50) days of the seventy (70) day time frame have run in terms of the Speedy Trial Act. Additionally, as noted previously, the government submits it has not been the cause of the delay.

Defendant next argues that pretrial detention cannot be based solely on a finding of dangerousness.  Dkt. #289 at 10.  The government submits that pre-trial services recommended detention at both hearings arguing that there were no conditions or combination of conditions that will reasonably assure the defendant's appearance as required and the safety of any other person and the community.  The government agreed with pre-trial services determination and argued for detention on both those grounds at both hearings.  The government submits defendant was detained on both grounds.[5]

Defendant next argues the fifth, sixth, and eighth amendments hold that an accused should not be punished before a conviction.  Dkt. #289 at 11.  This argument was previously addressed when defendant cited to *Salerno*.[6]  Here, defendant cites to cases that pre-date *Salerno* and begins to intersperse other arguments regarding factors that are not relevant for purposes of his requested relief, See Dkt. #289 at 12, and additional arguments where he cites to legal authority from other Circuits and districts and does not indicate how they substantiate his request for relief.

Defendant's next argument is somewhat misplaced as his point regarding immigrants and

---

[5] The government submits that the Court now has additional information gleaned at the most recent hearing held on March 24, 2017.  At the conclusion of that hearing Magistrate Judge Leen indicated the completion of the hearing but defendant refused to be hand cuffed and physically resisted two United States Marshals.  Defendant continued to yell out various statements while his mother and stand by counsel raised their voices in return in attempts to have him comply with the United States Marshals.  Defendant continued to physically resist in an attempt to avoid being hand cuffed for a few minutes.  During the altercation defendant called the undersigned AUSA, who was standing near government counsels table, a "punk ass bitch" and then stated her first and last name.  The United States Marshals ultimately were able to hand cuff and remove defendant from the courtroom after a struggle to control him.  The government submits these recent facts further weigh in favor of defendant's pre-trial detention.
[6] *Salerno* had an additional holding that the Bail Reform Act authorization of pretrial detention on the ground of future dangerousness was not facially unconstitutional as violative of the Eighth amendment.

10

Americans having equal treatment in regards to bond hearings cites to case that deal with individuals being held for immigration proceedings and are awaiting completion of removal proceeding. That is not the case here.

The defendant's last argument is that the government is responsible for the delay in this case. Dkt. #289 at 14. The government has mostly addressed this issue already. The government has addressed the three motions to continue trial and how they did not in fact cause delay. The government has addressed its timing and reasoning for filing an appeal. The government has addressed defendant's extensive, piecemeal, and oftentimes repetitive motions filings. Defendant however ignores the stipulations to continue trial and various filings where he requested additional time to prepare for trial, have an attorney appointed, respond further to motions, file additional motions, and have hearings.

## DEFENDANT'S ANTICIPATED SENTENCING GUIDELINES RANGE

The government anticipates the defendant will have a base offense level of twenty-four (24). The guideline for a violation of 18 U.S.C. § 922(g)(1) is USSG § 2K2.1. The base offense level is a 20, as the defendant committed the instant offense subsequent to sustaining a felony conviction for a crime of violence (Battery with Substantial Bodily Harm in violation of NRS 200.481 – District Court Clark County, Nevada - Case No. C273567). USSG § 2K2.1(a)(4)(A). The government anticipates the defendant's base offense level will be in increased four levels pursuant to USSG § 2K2.1(b)(6)(B) because the defendant used or possessed a firearm in connection with another felony offense. In this case, a firearm, containing the defendant's DNA, and to which he admitted possession of post *Miranda* warnings in a statement to law enforcement[7], was recovered from the

---

[7] The government notes this admission was ordered suppress by District Judge Gordon and is currently on appeal.

11

1

2

center console area of the car he was driving.  Also recovered from the center console, on top of the

firearm were three baggies of marijuana (approximately 4.1 grams) and three baggies of

3

methamphetamine (approximately 1.2 grams).[8]  The defendant was arrested and charged with

4

violations of NRS 202.360 (Own/possess a firearm by a prohibited person) and 453.337 (Possession

5

of a Controlled Substance with Intent to Sell – Marijuana and Methamphetamine).[9]  If the defendant

6

were to receive reductions for acceptance of responsibility, there is the potential that his adjusted

7

offense level would be a twenty-one (21).  USSG § 3E1.1(a) and (b).  However, given the history

8

and current posture of this case the government does not anticipate said reductions applying.

9

10

In terms of criminal history category, the government anticipates the defendant will be a

category III.  The government submits this is only an estimation made based on the information

11

obtainable via open source court websites a review of the pre-trial services report.  The government

12

has included in its calculations the defendant's convictions as follows: Battery with substantial

13

bodily harm (class C felony - NV – 2012)[10], driving under the influence (misdemeanor – NV –

14

2012)[11], attempt pandering (gross misdemeanor – NV – 2009)[12], attempt theft (gross misdemeanor –

15

NV – 2009)[13], and battery domestic violence (misdemeanor – NV – 2009)[14].  The government

16

believes the defendant has additional convictions for obstruction of public official (misdemeanor –

17

NV – 2006), carry concealed weapon (misdemeanor – NV – 2007), disorderly conduct

18

(misdemeanor – NV – 2009), solicitation (misdemeanor – NV – 2009), and battery domestic

19

20

21

However, the government submits that does not preclude the Court's consideration of said information/evidence at a detention hearing.
[8] The narcotics field-tested positive for marijuana and methamphetamine.

22

[9] The facts contained herein are from reports and documents provided in discovery (BATES 001-135).
[10] USSG § 4A1.1(b) – 2 points

23

[11] USSG § 4A1.1(c) – 1 point
[12] USSG § 4A1.1(c) - 1 point (USSG 4A1.2 (a)(c)(1)(A))
[13] USSG § 4A1.1(c) – 1 point

24

[14] USSG § 4A1.1(c) – 1 point

violence (misdemeanor – NV – 2009) however the government does not believe those convictions will result in accruing additional criminal history points.  The government anticipates the defendant will be at least a criminal history category III (based on having 6 criminal history points).  With a total offense level of 24 and a criminal history category of III the sentencing guidelines range is 63 – 78 months in custody.  If the defendant were to receive the maximum three level reduction for acceptance of responsibility then the sentencing guidelines range would be 46 – 57 months in custody.  The defendant has been in federal custody since February 24, 2015, a little over 25 months.  The defendant has not been in custody for an amount of time that would constitute a time served sentence given the potential sentencing guidelines range as anticipated by the government.

### CONCLUSION

WHEREFORE, after consideration of the included facts, points, authorities, and arguments, the United States respectfully requests that this court deny Defendant's *Motion to Reconsider.*

DATED this <u>31</u><sup>st</sup> day of March 2017.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

/s/
ALEXANDRA MICHAEL
Assistant United States Attorney

### CERTIFICATE OF SERVICE

I, Alexandra Michael, certify that the following individual was mailed a copy of the GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER sent out on or

1    about this date by the below identified address:

2    Omar Qazi

3    NSDC 2190 East Mesquite Avenue Pahrump, Nevada, 89060

4    DATED:        March 31, 2017

5

6                                                                /s/
                                                        ALEXANDRA MICHAEL
7                                                       Assistant United States Attorney

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24