STEVEN MYHRE
Acting United States Attorney
Nevada Bar No. 9635
ALEXANDRA M. MICHAEL
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
PHONE: (702) 388-6336
FAX: (702) 388-6058
Alexandra.m.michael@usdoj.gov

Plaintiff Attorney for the United States

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
## -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case 2:15-cr-00014-APG-VCF |
| Plaintiff, | EMERGENCY MOTION TO CONTINUE GOVERNMENT'S RESPONSE DEADLINE |
| vs. | |
| OMAR QAZI, | |
| Defendant. | |

The United States of America, by and through the undersigned Assistant United States Attorney (AUSA), Alexandra M. Michael, hereby respectfully moves the Court for a continuance of the Government's Response Deadline for Defendant's Motion to Dismiss (ECF # 329). The Government's Response Deadline is currently set for July 6, 2017 (ECF #329). The Government respectfully requests a short continuance, at least one week, in order to have sufficient time to investigate, research and prepare a substantive response.

The Speedy Trial Act, as enumerated in Title 18, United States Code, Section 3161 provides that the Court may grant a continuance on the basis of finding that such a continuance serves the ends of justice taking into account the best interest of the public and the defendant in a speedy trial. 18

U.S.C. § 3161(7)(A). The factors the Court should consider when determining whether to grant a continuance are denoted in 18 U.S.C. § 3161(7)(B). Those factors include considering whether a denial of a continuance would result in a miscarriage of justice, and if a denial would deny the parties reasonable time to prepare for trial. 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). Here, a denial of a continuance would result in a miscarriage of justice because the Government believes this time is necessary to ensure the Government has a reasonable amount of time to fully respond.

If granted, the continuance should be excluded from the speedy trial time computation pursuant to 18 U.S.C. §§ 3161(h)(1)(A), as well as considering the factors under Title 18, United States Code §§ 3161(h)(7)(B)(i) and (iv).

The government would also note there are two issues pending before the Ninth Circuit in the case, one submitted by the government and one submitted by the defendant, *see* ECF #282 and ECF #329. Both constitute interlocutory appeals under 18 U.S.C. § 3161(h)(1)(E). 18 U.S.C. § 3161(h)(1)(E) states:

(h) The following periods of delay shall be excluded ... in computing the time within which the trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to-

(E) delay resulting from any interlocutory appeal

The United States Supreme Court has established that the periods of delay listed in §§ 3161(h)(1)-(6) are automatically excluded from computation of the speedy trial time limit, regardless of their length. *Henderson v. United States*, 476 U.S. 321, 106 S.Ct. 1871, 1875, 90 L.Ed.2d 299 (1986). The Court reasoned that because §§ 3161(h)(1)-(6) expressly exclude "any period of delay" and § 3161(h)(7) is expressly limited to a "reasonable period of delay," Congress did not intend to subject the delays listed in §§ 3161(h)(1)-(6) to a reasonableness requirement. *Id*. at 1875. The court

cited § 3161(h)(1)(E), which excludes any delay due to interlocutory appeals as an example of a provision not subject to a reasonableness standard. *Id*. As such, any delay due to an interlocutory appeal is excluded from defendant's speedy trial clock.

THEREFORE, the United States respectfully requests the Court continue the Government's Response Deadline in this matter and to reset the deadline to a date, which is convenient to this court, as well as to toll time as appropriate, under the Speedy Trial Act.

DATED this 29th day of June, 2017.

STEVEN MYHRE
Acting United States Attorney

*/s/ Alexandra Michael*

ALEXANDRA MICHAEL
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
# -oOo-

UNITED STATES OF AMERICA,

Plaintiff,

vs.

OMAR QAZI,

Defendant.

Case 2:15-cr-00014-APG-VCF

~~PROPOSED~~ ORDER

ORDER

After considering Government's motion to continue the Government's Response Deadline the Court hereby finds good cause, and further finds that denial of the request would deny the result in a miscarriage of justice and would deny the Government the opportunity to diligently prepare. For those reasons, the ends of justice would best be served by a continuance of the Government's Response Deadline.

Government's Motion to Continue is hereby GRANTED.

IT IS ORDERED that the Government's Response Deadline is re-set to the 13th day of July, 2017.

_____
Cam Ferenbach
United States Magistrate Judge

June 29, 2017