**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

OMAR QAZI,

        Defendant.

Case No. 2:15-cr-14-APG-VCF

**REPORT AND RECOMMENDATION**

MOTION TO DISMISS INDICTMENT
(ECF NO. 329)

This matter involves the United States of America's prosecution of Omar Qazi for being a felon in possession of a firearm. Before the Court is Qazi's Motion to Dismiss Indictment for Violation of the Sixth Amendment Constitutional Right to a Speedy Trial and Fed. R. Crim. P. 48(b)(3) (ECF No. 329). The Government filed a Response (ECF No. 338) and Qazi filed a Reply (ECF No. 343). For the reasons stated below, it is recommended that Qazi's Motion to Dismiss Indictment be DENIED.

## I. BACKGROUND

Defendant Omar Qazi moves for dismissal of the indictment based on two grounds. First, Mr. Qazi alleges that the Government has violated his Sixth Amendment right to a speedy trial. Second, Mr. Qazi also moves for dismissal pursuant to Federal Rule of Criminal Procedure 48(b)(3).

On January 20, 2015, a grand jury returned an indictment (ECF No. 1) charging Mr. Qazi with felon in possession of a Smith & Wesson .22 caliber firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Mr. Qazi was in state custody and a Writ of Habeas Corpus ad Prosequendum (ECF No. 5) was therefore issued February 10, 2015, to bring him to Federal Court. On February 24, 2015, Mr. Qazi appeared for an initial appearance and arraignment and plea. *See* Mins. of Proceedings (ECF No. 13). The Honorable Peggy A. Leen appointed the Federal Public Defender's Office as defense counsel. *Id*.

Mr. Qazi pled not guilty and Judge Leen set the matter for jury trial before the Honorable Andrew P. Gordon on April 27, 2015. *Id*. The Government moved for detention and, because Qazi was in state custody, defense counsel submitted the matter without further argument. *Id*. Judge Leen ordered Mr. Qazi detained as a risk of non-appearance and as a danger to the community. *Id*.

On January 5, 2017, Judge Gordon postponed trial in this case pending resolution of the Government's appeal to the Ninth Circuit of Judge Gordon's oral order on Mr. Qazi's motion to suppress and motion in limine. *See* Mins. of Proceedings (ECF Nos. 281, 288). When the Ninth Circuit issues its decision on the Government's appeal, Judge Gordon indicated that he would issue a new order regarding trial. *Id*.

From the date of the indictment (January 20, 2015) to the present, it has been 31 months. Mr. Qazi was arraigned on the indictment on February 24, 2015, at which time trial was set for April 27, 2015. *See* Mins. of Proceedings (ECF No. 13). The parties thereafter entered into numerous stipulations to continue the trial date which were granted by the Court. The trial continuances and the reasons therefore are summarized as follows:

On April 15, 2015, the parties filed the first stipulation to continue the motions deadlines and trial date. *See* ECF No. 16. The stipulation stated that Counsel for the defendant needs additional time to conduct investigation of the discovery materials provided in this case to determine whether there are any pretrial issues that must be litigated and whether the case will ultimately go to trial or will be resolved through negotiations. *Id*. at 2. The stipulation also stated that Mr. Qazi "does not object to the continuance." *Id*. The Court granted the continuance on the same date and trial was rescheduled to August 10, 2015. *See* ECF No. 17 at 4.[1]

---

[1] On June 1, 2015, the parties filed a stipulation to continue deadline for Government's response to defendant's motion to suppress. *See* ECF No. 19. The stipulation stated that the Government required additional time to prepare its response to Mr.

On August 4, 2015, the Government filed a motion to continue the calendar call and trial date. *See* ECF No. 31. The motion states that the Government sought a continuance because the Court's final determination had not yet been entered regarding Defendant's Motion to Suppress and the subsequent Report and Recommendation issued by the undersigned on June 24, 2015 (ECF No. 23). *Id*. At 1. The Government also sought a continuance because Mr. Qazi had outstanding issues regarding representation. *Id*. At the calendar call on August 5, 2015, Judge Gordon gave his "inclination to delay the trial pending the ruling on the motion for the defendant to represent himself." *See* Mins. of Proceedings, ECF No. 33. On August 6, 2015, Judge Gordon rescheduled the jury trial to September 28, 2015. *See* Mins. of Proceedings, ECF No. 35.

On September 21, 2015, the parties filed the second stipulation to continue the calendar call and trial date. *See* ECF No. 73. The stipulation stated that stand-by counsel Jennifer Waldo "was only recently appointed to assist Mr. Qazi with his defense" and that "Mr. Qazi has filed a large number of pre-trial motions, some of which have recently been denied." *Id*. at 1. The stipulation also stated that Mr. Qazi "requires additional time to continue filing pre-trial motions and file the necessary objections to the pre-trial motions that have been denied thus far." *Id*. at 2. According to the stipulation, Mr. Qazi "advised his stand-by counsel to enter into the foregoing stipulation on his behalf." *Id*. The Court granted the continuance on September 22, 2015 and trial was rescheduled trial to November 30, 2015. *See* ECF No. 75.

On November 10, 2015, the Government filed a motion to continue the calendar call and trial date. *See* ECF No. 93. The motion states that the Government sought a continuance because there were several of Mr. Qazi's motions pending, including a Motion to Dismiss Indictment on Constitutional Grounds and

---

Qazi's motion to suppress. *Id*. at 1. The stipulation also states that Mr. Qazi "does not object to the continuance." *Id*. at 1. The Court granted the extension on June 8, 2015. *See* ECF No. 20 at 4.

Grand Jury Challenge. *See id*. at 1; *see also* ECF No. 85, 86, 88. The Government also noted that Mr. Qazi recently filed a motion to reopen his detention hearing, together with a motion for reconsideration of his detention status. *See id*.; *see also* ECF No. 91. The Government also sought a continuance because it needed additional time to file responses to the motions and objections (ECF No. 90) that were recently filed by Mr. Qazi. *Id*. The Government pointed out that the Court needed to rule on several pending objections prior to the commencement of trial. *Id*. at 2. Lastly, the Government requested that the trial be resent for 120 days because an "essential" witness, Biology/DNA Forensic Scientist Kim Dannenberger, would be on maternity leave for four months starting in December of 2015. *Id*. The Motion states that Mr. Qazi objects to moving the current trial setting. *Id*. On November 12, 2015 Judge Gordon granted the continuance and rescheduled trial to April 4, 2016. *See* ECF No. 96. On November 30, 2015, Mr. Qazi filed an objection and motion to vacate Judge Gordon's November 12th order continuing trial. *See* ECF Nos. 102, 103. On February 24, 2016, Judge Gordon denied Mr. Qazi's objection and motion. *See* ECF No. 148.

On March 18, 2016, the parties filed the third stipulation to continue the calendar call and trial date. *See* ECF No. 167. The stipulation stated Mr. Qazi has been representing himself in proper person and that Mr. Qazi recently advised his stand-by counsel Jennifer Waldo that he would like her to take over his legal representation and represent his interests moving forward. *Id*. at 1-2. Based on Mr. Qazi's request, Ms. Waldo filed a Motion to Appoint Counsel, which was set for hearing on March 23, 2016. *Id*. In particular, the stipulation stated that Ms. Waldo advised Mr. Qazi that she would need additional time to prepare his defense for trial and would need to request a continuance of the current trial setting. *Id*. In addition to needing more time to prepare in this matter, Ms. Waldo had a criminal case set to start trial on the same date and time as this case. *Id*. The stipulation also stated that Mr. Qazi had no objection to the

continuance. *Id*. The Court granted the continuance on March 22, 2016 and trial was rescheduled to July 25, 2016. *See* ECF No. 169.

On July 5, 2016, the parties filed the fourth stipulation to continue the calendar call and trial date. *See* ECF No. 193. The stipulation reiterated that Ms. Waldo was appointed in March of 2016 to take over the legal representation for Mr. Qazi. *Id*. at 1-2. The stipulation stated that the Government provided defense counsel with a complete copy of the discovery on April 19, 2016. After reviewing the complete file in this matter, including the discovery provided by the Government, the stipulation stated that Ms. Waldo realized there was additional motion work that needed to be done. *Id*. The stipulation noted that on June 30, 2016, Ms. Waldo filed a Motion to Suppress Statement Due to Insufficient *Miranda* Warnings. *Id*. The stipulation also noted that a hearing was held on July 1, 2016 regarding the recently filed motions by both Ms. Waldo and the Government. *Id*. The stipulation stated that there was an upcoming evidentiary hearing on Mr. Qazi's Motion to Suppress set for August 3, 2016 and that it was critical to Mr. Qazi's defense that the Court first decide the issue related to the Motion to Suppress before this matter proceeds to trial. *Id*. Lastly, the stipulation stated that Mr. Qazi "ha[d] no objection to the continuance." *Id*. Judge Gordon granted the continuance on July 5, 2017 and trial was rescheduled to October 17, 2016. *See* ECF No. 194.

On October 6, 2016, Mr. Qazi filed a motion to extend the motions deadline. *See* ECF No. 210. On October 11, 2016, at Calendar Call, Judge Gordon granted Mr. Qazi's Motion to Extend the Motions deadline and the parties stipulated to continue trial. *See* Mins. of Proceedings, ECF No. 213. Judge Gordon rescheduled trial to January 9, 2017. *Id*.

On December 1, 2016, the Government filed a Motion to Continue Calendar Call Date and Trial Date. *See* ECF No. 245. The Government sought a continuance because its attorney, AUSA Alexandra Michael, was set to begin trial on January 9, 2017 which was anticipated to last between one and two

weeks. *Id*. at 1. The Government also noted there were at least 12 Motions pending before the Court. *Id*. On December 16, 2016, Judge Gordon held a hearing for several of the motions. Mr. Qazi represented at the hearing that he did "not want to waive his right to speedy trial." *See* Mins. of Proceedings, ECF No. 268. The Government withdrew its motion to continue trial (ECF No. 245). *Id*. Jury trial was set to proceed on January 9, 2017. *Id*.

On January 3. 2017 Judge Gordon held calendar call where he affirmed the undersigned's Report and Recommendation (ECF No. 199) denying in part and granting in part Mr. Qazi's Motion to Suppress Statements (ECF No. 192), and granted Mr. Qazi's Motion in Limine to Preclude 404(b) Evidence. *See* Mins. of Proceedings, ECF No. 281. Judge Gordon continued calendar call to January 4, 2017. On January 4, 2017, the Government noted its intent to file an appeal regarding Judge Gordon's rulings on Mr. Qazi's Motion to Suppress and Motion in Limine. *See* Mins. of Proceedings, ECF No. 284. On that same date, the Government filed a Notice of Appeal. *See* ECF No. 282. Judge Gordon continued calendar call to January 5, 2017. Id. On January 5, 2017, Judge Gordon postponed trial under Federal Rules of Appellate Procedure 4(b)(5). *See* Mins. of Proceedings, ECF No. 288. Judge Gordon determined that when the Ninth Circuit issued its decision, he would issue a new order setting a trial date. *Id*.

On January 23, 2017, Mr. Qazi filed a Motion to Reconsider Order (Dkt. #271) (ECF No. 289) and Request for Evidentiary Detention Hearing (ECF No. 290). On March 24, 2017, Judge Leen held a hearing on Mr. Qazi's motions. *See* Mins. of Proceedings, ECF No. 305. On June 8, 2017, Judge Leen denied Mr. Qazi's motions. *See* ECF No. 325. On June 15, 2017, Mr. Qazi filed a notice of appeal regarding Judge Leen's order. *See* ECF No. 327. The Ninth Circuit Court of Appeals denied Mr. Qazi's appeal on August 15, 2017 citing lack of jurisdiction. *See* ECF No. 351.

## II. DISCUSSION

**A. Legal Standard**

The Sixth Amendment to the Constitution states that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." The right to a speedy trial, as noted by the Supreme Court, is "as fundamental as any of the rights secured by the Sixth Amendment." *See Klopfer v. State of N.C.*, 386 U.S. 213, 223 (1967). This right "has its roots at the very foundation of our English law heritage." *Id*. In modern jurisprudence, the right to a speedy trial was first articulated in the Magna Carta (1215),[2] but evidence of the recognition of this right has been traced to the Assize of Clarendon (1166) in the twelfth century.[3] This Nation acknowledged the importance of this right in its earliest days. *See* 5 Wayne R. Lafave et al., *Criminal Procedure*, § 18.1(a) at 115-16. (4th ed. 2016).

The alleged violation of the Sixth Amendment right is evaluated under a balancing test weighing the conduct of both the prosecution and the defendant. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972); *see also United States v. Alexander*, 817 F.3d 178, 1181 (9th Cir. 2016). Under this approach, courts decide speedy trial issues "on an ad hoc basis" centered on the following four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant resulting from the delay. *Id*. at 530. The four factors are related and must be considered together with such other circumstances as may be relevant. *See United States v. Gregory*, 322 F.3d 1157, 1161 (9th Cir. 2003) (quoting *United States v. Tank Huu Lam*, 251 F.3d 852, 855-56 (9th Cir. 2001)).

The length of the delay is a threshold factor, but is a soft standard as "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Barker*,

---

[2] Magna Carta, c. 29 [c. 40 of John's Charter of 1215] (1225), translated and quoted in E. Coke, The Second Part of the Institutes of the Laws of England 45 (Brooke, 5th ed. 1797) ("We will sell to no man, we will not deny or defer to any man either justice or right.").

[3] *See* II English Historical Documents 408 (1953).

407 U.S. at 530. The delay must have been sufficiently lengthy, and therefore presumptively prejudicial, to trigger examination of the other factors. *See Alexander*, 817 F.3d at 1181 (citing *United States v. Sears, Roebuck & Co., Inc.*, 877 F.2d 734, 739 (9th Cir. 1989)). Delays approaching one year are generally considered presumptively prejudicial. *Id*. (citing *Gregory*, 322 F.3d at 1161-62).

Under the second *Barker* factor, "the reason the government assigns to justify the delay," the Court cautioned that "different weights should be assigned to different reasons." See *Barker*, 407 U.S. at 531. The Supreme Court listed three categories of reasons: (1) a "deliberate attempt to delay the trial in order to hamper the defense," which "should be weighted heavily against the government"; (2) a "more neutral reason such as negligence or overcrowded courts," which "should be weighed less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government"; and (3) "a valid reason, such as a missing witness," which "should serve to justify appropriate delay." *Id*. at 531. Courts consider any period of delay attributable to the defendant to fall within the valid reason category. *See United States v. Sutcliffe*, 505 F.3d 944 (9th Cir. 2007) (no speedy trial violation, as 20 month delay almost entirely attributable to defendant's systematic course of conduct); *see also United States v. Banks*, 761 F.3d 1163 (10th Cir. 2014) ("the entirely of the delay is attributable to Defendants, who filed multiple continuances"); *United States v. Mallett*, 751 F.3d 907 (8th Cir. 2014) ("majority of pretrial delay" due to defendant's continuances and motions); *United States v. Young*, 657 F.3d 408 (6th Cir. 2011) (emphasizing that the case "has generated 3,628 docket entries related to 'complex motions'—many of them filed by Young," and that he made or acquiesced in many motions for continuance).

The Court also notes that even where the defendant asserts his Sixth Amendment right to a speedy trial, it is a valid reason for delay that a reasonable time was taken to rule on defendant's pretrial motions. *See United States v. Jones*, 524 F.2d 834, 850 (D.C. Cir. 1975) ("This is not to say that a defendant should

8

be penalized for exercising his constitutional rights through making motions to the court, but such procedures obviously take time. A defendant should not be able to take advantage of a delay substantially attributable to his own trial motions when the court acts upon them within a reasonable period of time. Otherwise, the demands of due process and the requirement of a speedy trial (would) conflict.") (citations and quotations omitted); *see also* 5 Lafave et al., *supra*, § 18.2(c) at 139. What is more, "delay caused by the defendant's counsel is also charged against the defendant," and this is so "whether counsel is privately retained or publicly assigned," as "[u]nlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor." *See Vermont v. Brillon*, 556 U.S. 81, 92 (2009).

With respect to interlocutory appeals by the government, the Court said it "ordinarily is a valid reason that justifies delay" (i.e., in the third *Barker* category). *See United States v. Loud Hawk*, 474 U.S. 302, 315-17(1986). The Court seemed to acknowledge that a particular case could fall into the second neutral category due to crowded appellate courts or into the first category if the prosecution misused the appellate process. *See id.*; *see also United States v. Frye*, 489 F.3d 201 (5th Cir. 2007). This means that courts must consider "the strength of the Government's position on the appealed issue, the importance of the issue in the posture of the case, and—in some cases—the seriousness of the crime." *See Loud Hawk*, 474 U.S. at 315-16.

Under the third *Barker* factor—defendant's assertion of his speedy trial right—it is "entitled to strong evidentiary weight [but] .... failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *See Barker*, 407 U.S. at 531-32. The Court also cautioned that the "frequency and force of the objections" should be taken into account. *Id.* A mere pro forma demand will count for little. Even a more substantial demand is weakened where the defendant later engages in delaying tactics or indicates an intent not to be tried promptly, or "when his own counsel sought … continuances to prepare for trial." *See United States v. Williams*, 753 F.3d 626 (6th Cir. 2014)

9

(emphasizing that after defendant's demand for speedy trial, he filed "numerous motions … impeding the progress of the case"); *see also Stacy v. Commonwealth*, 396 S.W.3d 787 (Ky. 2013) (defendant's agreement to delay of trial date casts doubt on sincerity of his trial demand); *State v. Burke*, 54 A.3d 500 (2012) ("defendant's assertion of his right to a speedy trial was often simultaneous with his own actions to postpone trial"); *Ortiz v. State*, 326 P.3d 883 (2014) (defendant's motions to dismiss followed by speedy trial waiver and continuous motions); *Large v. State*, 265 P.3d 243 (Wyo. 2011) (defendant's delay-causing actions "contradicted [his] stated desire for a speedy disposition"); *but see State v. Rivera*, 277 Kan. 109, 83 P.3d 169 (2004) ("Rivera appears to argue that the continuances should be weighed heavily against the State because he did not approve them even though his attorneys approved them. This argument overlooks the principle that defense counsel's actions are attributable to the defendant in computing speedy trial violations").

The final *Barker* factor, prejudice, must be assessed in light of the interests of defendant's which the speedy trial right was designed to protect. These interests are" (1) preventing oppressive pretrial incarceration, (2) minimizing anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired. *See Barker*, 407 U.S. at 532. Of these three, the last interest is the most serious. *Id*. However, claims of prejudice must be accompanied by nonspeculative proof. *See United States v. Corona-Verbera*, 509 F.3d 1105, 1113 (9th Cir. 2007). Still, "affirmative proof of particularized prejudice is not essential to every speedy trial claim," as "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter identify." *See Doggett v. United States*, 505 U.S. 647, 655 (1992). And so courts should not be overly demanding with respect to proof of such prejudice.

As a final note, the U.S. Supreme Court has emphasized the difficult and holistic nature of the task before the Court:

> We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. But, because we are dealing with a fundamental right of the accused, this process must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution.

*See Barker*, 407 U.S. at 533.

### B. Application of *Barker* Factors

#### a. Length of Delay

The delay in this case is well in excess of the period of delay that gives rise to a presumption of prejudice. The "trigger" has been tripped. The Court is therefore required to consider all of the factors under the balancing test to determine whether Mr. Qazi's right to a speedy trial pursuant to the Sixth Amendment has been violated such that his motion to dismiss on that ground should be granted. The Court notes that this is not a complex case involving numerous charges and defendants. In this case, the indictment charges Mr. Qazi with one count for felon in possession of a firearm.

#### b. Reasons for the Delay

The Court finds that a number of valid reasons justify the delay in this case. A review of the docket in this case shows that Mr. Qazi has engaged in a substantial pre-trial motion practice. The Government notes, and Mr. Qazi does not dispute, that Mr. Qazi has filed more than 60 motions and supplements during this period, including 11 motions to dismiss and 4 motions to suppress. Mr. Qazi has stipulated or moved to continue the date of trial on many occasions. *See* ECF Nos. 16, 17, 73, 75, 167, 169, 193, 194, 210, 213. It must also be noted that these motions both immediately preceded and continued after Mr. Qazi's first motion to dismiss for violation of speedy trial rights (ECF No. 46). Mr. Qazi further moved or stipulated to extensions of time for various pretrial matters (ECF Nos. 19, 154, 246) and moved to

11

appoint or change counsel multiple times (ECF Nos. 13, 36, 161, 163, 170, 204, 208, 209, 217, 291, 300, 306, 332, 341, 344, 347). Mr. Qazi cannot ask the Court to delay his trial, and then use that delay to support dismissing his case for violation of his speedy trial rights. These motions constitute a valid reason justifying some delay.

Mr. Qazi asserts a theme of "forced" continuations based on an intolerable dilemma "charging the accused with the responsibility for delaying trial and extending detention due to the filing of pre-trial motions." *See* ECF No. 343 at 2. Relying on *Simmons v. United States*, 390 U.S. 377 (1968), Mr. Qazi argues that if he files "a pretrial motion to suppress evidence or obtain discovery, [his] pretrial detention is extended, and the court may try to hold [him] responsible for this extension." *Id*. The alternative, according to Mr. Qazi, is "to abandon all claims under the Fourth, Fifth and Sixth Amendments versus the accused's Sixth Amendment right to a speedy and public trial, by an impartial jury .…" *Id*.

The Court finds Mr. Qazi's argument that the Court should not place the "responsibility of delay in this case upon [him] by compelling [him] to forfeit some Constitutional rights over others due to the government's actions" to be unpersuasive for two reasons. First, in Defendant's "forced continuance" assertions, Defendant, at bottom, either sought the continuance or stipulated to it. Additionally, in most if not all cases, the action supposedly "forcing" the continuance was for a valid reason and justifies some delay.

Second, Mr. Qazi's reliance on *Simmons v. United States* for the proposition that it is "intolerable that one constitutional right should have to be surrendered in order to assert another" is misplaced. In *Simmons*, the Supreme Court held that a defendant's testimony in a Fourth Amendment pretrial suppression hearing cannot be admitted in trial without violating the Fifth Amendment privilege against self-incrimination; it was "intolerable that one constitutional right should have to be surrendered in order to assert another." *See Simmons v. United States*, 390 U.S. 377, 394 (1968). The U.S. Supreme Court in

Simmons limited the scope of its decision by immediately preceding the language quoted above with the statement "[i]n these circumstances." See *id.*; *see also United States v. Ward*, No. 2:08-cr-00283-KJD, 2014 WL 1297336, at *3, fn.2 (D. Nev. Mar. 28, 2014) ("[T]he Court in *Simmons* explicitly limited their holding to 'these circumstances.' "). The circumstances were as follows: The defendant in *Simmons* had to testify in support of his Fourth Amendment motion to suppress evidence to establish that he had standing, but the prosecution could then use this testimony against him in any subsequent trial. *Id.* at 391-93. Of course, this situation created a difficult choice: If the defendant did not want the prosecution to use his motions hearing testimony at trial, he would have to give up his Fourth Amendment right to challenge the search; if he wanted to establish that he had standing for purposes of his Fourth Amendment motion, he had to give up his Fifth Amendment right for the purposes of his trial. *Id.* at 391, 393-94.

*Simmons* has never been extended beyond its context. *See United States v. Snipes*, 611 F.3d 855, 866 (11th Cir. 2010). Just three years after deciding *Simmons*, in *McGautha v. California*, the U.S. Supreme Court questioned *Simmons's* rationale of the "intolerable tension" between constitutional rights, explaining that the application of this reasoning was "open to question." *See McGautha v. California*, 402 U.S. 183, 212-13 (1971), *vacated in part on other grounds sub nom. Crampton v. Ohio*, 408 U.S. 941 (1972) ("to the extent that [*Simmons'*] rationale was based on a 'tension' between constitutional rights and the policies behind them, the validity of that reasoning must now be regarded as open to question ...."). The Supreme Court explained that "in many criminal contexts, such as choosing between forgoing testimony at trial or having one's prior criminal acts disclosed, a defendant must make a choice between competing rights." *Id.* at 214-15.

Simply put, even though "a defendant may have a right, even of constitutional dimensions, to follow whichever course he chooses, the Constitution does not by that token always forbid requiring him to choose." Instead, the "threshold question is whether compelling the election impairs to an appreciable

13

extent any of the policies behind the rights involved." *Id.* at 213; *see also Corbitt v. New Jersey*, 439 U.S. 212, 219 n.8 (1978) (citing *McGautha* with approval); *Chaffin v. Stynchcombe*, 412 U.S. 17, 30 (1973) (The Constitution does not forbid "every government-imposed choice in the criminal process that has the effect of discouraging the exercise of constitutional rights."). So, "[a]lthough *Simmons* has not been overruled, the Supreme Court ... questioned its logic" in *McGautha*. *See United States v. Rosalez*, 711 F.3d 1194, 1214 n.6 (10th Cir. 2013).

Here, the conflict between Mr. Qazi's speedy trial rights and other constitutional rights are not the circumstances at issue in *Simmons*. Second, the Court can discern no intermediate remedy to relieve the tension between the constitutional rights asserted by Qazi. Mr. Qazi's extreme remedy of dismissing the case entirely on this ground is unsupported in the law, common sense, or justice. *See Ward*, No. 2:08-cr-00283-KJD, 2014 WL 1297336, at *3 (D. Nev. Mar. 28, 2014).

Mr. Qazi also argues that the Government "intentionally delayed disclosing discovery materials which has … led to almost all stipulations or government continuances." *See* ECF No. 329 at 7. In particular, Mr. Qazi directs the Court to the latest discovery disclosures, including (1) the Forensic Report on August 19, 2015, (2) the Notice of Introducing Prior Bad Acts on July 26, 2016, and (3) the entire DNA case file and chain of custody on April 7, 2017. *Id*. The Government responds that for the DNA forensic report, it produced the report to Mr. Qazi six days after the report's distribution date. *See* ECF No. 338 at 12. For the notice of intent to use 404(b) evidence of prior bad acts, the Court finds no unreasonable delay as the Government provided reasonable notice under Fed. R. Crim. P. 16. For the Government's disclosure of the DNA case file, the Court agrees with Mr. Qazi that the Government's reason for the 3 month delay—the case was on appeal—was not a proper justification.

Mr. Qazi also argues that the Government's interlocutory appeal has delayed trial since January 5, 2017 with no definite trial setting at this point. The Government responds that the appeal is not frivolous

and that it anticipates that it will prevail based on the Ninth Circuit's recent findings as to the sufficiency of Las Vegas Metropolitan Police Department's *Miranda* Warnings.

The Court finds the appeal in this case is a valid reason that justifies delay. Without predicting the outcome of the Government's appeal, there appears to be some merit to the Government's contentions on appeal. Under the reasoning of the recent case *United States v. Loucious*, 847 F.3d 1146 (9th Cir. 2017), the 9th Circuit may conclude that the *Miranda* warning given to Qazi was sufficient, as it stated an attorney would be appointed "before questioning." (ECF. No. 199 at 2). In addition, the issue on appeal is important to this case. The suppressed statement provides strong evidence for the Government's charge against Qazi. Under these circumstances (*see Loud Hawk*, 474 U.S. at 315-16), the appeal justifies some delay in the case. Because the vast majority of delays in this case were justified for the reasons discussed above, this *Barker* factor weighs against dismissing Qazi's indictment.

### c. Mr. Qazi's Assertion of His Right

The Court finds that while Qazi has asserted his right to a speedy trial on several occasions, his actions do not weigh heavily in favor of dismissing his indictment. Qazi also entered into numerous stipulations and motions to continue various deadlines, both before and after he asserted his right to a speedy trial.

It is notable that it appears the trial has only been continued twice over Qazi's contemporaneous objections: the November 12, 2015 order granting the Government's motion for continuance (ECF No. 96) and the delay resulting from the Government's appeal of the motion to suppress issue. In addition, Qazi agreed multiple times to postponing the trial after the November 12, 2015 order. (ECF Nos. 167, 193). While Qazi now objects to the delay in his trial, his actions throughout this case weaken the effect of the assertion of his right to a speedy trial. *See Stacy*, 396 S.W.3d 787; *Burke*, 54 A.3d 500; *Large*, 265 P.3d 243.

### d. Prejudice to Mr. Qazi

While Qazi asserts the delay in his trial has "hindered [his] ability to contact witnesses, gather evidence and properly prepare [his] defense," (ECF No. 329 at 10), the Court is not persuaded that any alleged prejudice justifies dismissing Qazi's indictment. *See Corona-Verbera*, 509 F.3d 1105, 1113 (explaining the need for "non-speculative prejudice"). Despite Qazi's assertions, the record indicates that Qazi has been able to contact witnesses and gather evidence throughout his detention. For example, Qazi was able to contact a DNA analysis expert and file a notice of expert testimony on December 30, 2016 (ECF No. 274), though the expert was excluded from testifying at the trial scheduled for January 9, 2017 based on an untimely expert designation (ECF No. 284). In addition, the Court has worked throughout this case to facilitate communications between Qazi and counsel, despite the numerous changes in Qazi's representation. While the Court understands the hardship Qazi faces during his detention, this hardship does not justify dismissing Qazi's indictment. Moreover, delay is a two-edged sword. It is the Government that bears the burden of proving its case beyond a reasonable doubt, and the passage of time may make it difficult or impossible for the Government to carry this burden.

Based on the Court's analysis of each of the *Barker* factors, it is recommended that Qazi's Motion to Dismiss Indictment for Violation of the Sixth Amendment Constitutional Right to a Speedy Trial be denied.

### 2. Dismissal Under Fed. R. Crim. P. 48(b)

Rule 48(b) of the Federal Rules of Criminal Procedure states that the court may dismiss an indictment, information or complaint if unnecessary delay occurs in (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial. The rule protects against both unreasonable pre-indictment and post-indictment delay. *See United States v. Hayden*, 860 F.2d 1483, 1485 (9th Cir. 1988). The rule, however, is limited to post-arrest situations. *Id*. at 1485 (citing

*United States v. Marion*, 404 U.S. at 319).

The court may dismiss pursuant to Rule 48(b) whether or not there has been a violation of defendant's Sixth Amendment right. *See United States v. Simmons*, 536 F.2d 827, 833-34 (9th Cir. 1976). Dismissal with prejudice under Rule 48(b) should only be imposed in extreme circumstances and must be exercised with caution and only after the Government has been forewarned that dismissal with prejudice is possible. Id. at 834; see also United States v. Hutchison, 22 F.3d 846, 850 (9th Cir. 1993). The caution element requires a finding of prosecutorial misconduct and demonstrable prejudice or substantial evidence of prejudice to the defendant. United States v. Gilbert, 813 F.2d 1523, 1531 (9th Cir. 1987) (citing United States v. Hattrup, 763 F.2d 376, 377–78 (9th Cir. 1985)). In general, dismissal under Rule 48(b) is appropriate only where there is "delay that is 'purposeful and oppressive.'" United States v. Sears, Roebuck and Co., Inc., 877 F.2d 734, 739 (9th Cir. 1989). In United States v. Towill, 548 F.2d 1363, 1370 (9th Cir. 1977), the court upheld dismissal based on a finding of government harassment. In United States v. Talbot, 51 F.3d 183, 187 (9th Cir. 1995), the court reversed dismissal on the grounds that the government filed an additional charge "too close" to trial. Forewarning may include a court rule that provides that an indictment may be dismissed with prejudice if a defendant is not brought to trial within a specified time period. Simmons, 536 F.2d at 836–37. Forewarning could also involve a situation in which the court warns the government that no further continuance will be granted and that the indictment may be dismissed with prejudice if the government is not ready to proceed on the date set for trial.

Dismissal pursuant to Rule 48(b) is not warranted in this case. First, for the reasons already stated, the record does not support a finding of prosecutorial misconduct and demonstrable prejudice or substantial evidence of prejudice to Mr. Qazi. Second, the Court did not forewarn the Government that dismissal of the indictment in this case was a possibility if it was not ready to proceed at the next trial setting.

17

ACCORDINGLY,

IT IS RECOMMENDED that Defendant Omar Qazi's Motion to Dismiss Indictment for Violation of the Sixth Amendment Constitutional Right to a Speedy Trial and Fed. R. Crim. P. 48(b)(3) (ECF No. 329) be DENIED. After careful consideration of all of the circumstances of this case, including the four enumerated *Barker* factors, the Court finds that dismissal for violation of Mr. Qazi's speedy trial rights is unwarranted.

IT IS SO RECOMMENDED.

DATED this 11th day of September, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE