# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>   v.<br><br>OMAR QAZI,<br><br>                      Defendant. | Case No. 2:15-cr-14-APG-VCF<br><br>**ORDER (1) DENYING MOTION FOR REVOCATION OF DETENTION ORDER AND (2) DENYING MOTION FOR FULL EVIDENTIARY HEARING**<br><br>(ECF Nos. 355, 356) |

       On August 28, 2017, defendant Omar Qazi filed a motion to reopen his detention hearing and have a full evidentiary hearing. ECF Nos. 355, 356. The Government opposes the motion. ECF No. 361.

       On March 5, 2015, Magistrate Judge Leen entered an Order of Detention as to Mr. Qazi. *See* ECF No. 14. On November 5, 2015, Mr. Qazi filed his first motion to re-hear that determination, which Judge Leen denied. ECF Nos. 91, 101. Mr. Qazi objected to that order and moved to vacate. ECF Nos. 106, 107. I denied those motions at a hearing on May 26, 2016. ECF No. 182. Mr. Qazi filed another motion to rehear the detention determination on October 21, 2016, which Judge Leen denied. ECF Nos. 219, 232. I overruled Mr. Qazi's objection (ECF No. 236) and affirmed Judge Leen's ruling. ECF No. 271. On January 23, 2017, Mr. Qazi filed a third motion to reconsider the detention order and a motion requesting an evidentiary hearing. ECF Nos. 289, 290. Judge Leen held a hearing on March 24, 2017. On June 8, 2017, she denied the motion for reconsideration and held that the motion for an evidentiary hearing had been granted to the extent Qazi was allowed to call his mother to testify at the March hearing. ECF No. 325. Mr. Qazi then filed the instant motion.

       A defendant ordered detained by a magistrate judge may file a motion for revocation or amendment of the order. 18 U.S.C. § 3145(b). The district judge reviews a magistrate judge's

detention order de novo. *United States v. Koenig*, 912 F.2d 1190, 1192–93 (9th Cir. 1990). "The district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." *Id*. at 1193. Instead, "[i]t should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id*.

I have conducted an independent, de novo review of Judge Leen's order denying Mr. Qazi's motion to reconsider her earlier detention order. ECF No. 325. I have also reviewed Judge Leen's initial detention order (ECF No. 14), the previous orders denying reconsideration, and the parties' respective briefs. Judge Leen's findings and conclusions are correct. Moreover, Mr. Qazi has not presented any new information that has a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance and the safety of the community.[1] 18 U.S.C. § 3142(f). To the contrary, Mr. Qazi's subsequent actions in connection with this litigation (particularly related to his interactions with the court) confirm the need to keep him detained. Thus, there is no basis to reopen the detention hearing.

Accordingly, IT IS HEREBY ORDERED that the defendant's Motion for Revocation of the Magistrate's Detention Order **(ECF No. 355)** and motion for a full evidentiary hearing **(ECF No. 356) are DENIED**.

Dated: November 3, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] Mr. Qazi raised the issue of whether the length of his pretrial detention violated his right to due process under *United States v. Salerno*, 481 U.S. 739 (1987). As Judge Leen noted, there is no Ninth Circuit law on whether the length of pretrial detention should be considered when reconsidering a detention order. ECF No. 25 at 17. The Fifth Circuit has held that the length of pretrial detention is not material to the issues of flight risk or dangerousness to the community. *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989). The length of Mr. Qazi's pretrial detention is addressed more fully in Magistrate Judge Ferenbach's Report and Recommendation to deny Mr. Qazi's motion to dismiss the indictment, which I am accepting in full. I do not believe the circumstances here justify consideration of the length of detention for the purposes of reconsidering the detention order.