1  Omar Qazi

2  N.S.D.C.

3  2190 E. Mesquite Ave.

4  Pahrump, Nevada



FILED
ENTERED
COUNSEL/PARTIES OF RECORD

FEB 1 4 2018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| UNITED STATES OF AMERICA | Case No. 2:15-cr-00014-APG-VCF |
|---|---|
| Persecutor, | |
| vs. | Objection to 396 Order, and Substitution of Standby Counsel |
| Omar Qazi | |
| Accused. | |

Certification: This Objection is being filed timely.

COMES NOW, *Omar Qazi*, Sui Juris, by Special Appearance, hereby filing this Objection to 396 Order, and Substitution of Standby. For the reasons outlined in the attached Memorandum of Points and Authorities, I request that this Honorable Court enter an order granting this Objection, and Substitute Standby Counsel.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The magistrate's Order (Dkt.# 396) claims that the accused "does not detail how the current private investigator's efforts towards locating the witnesses have been inadequate." Id. at 1. However, it can be reasonably inferred from the circumstances that the current private investigator has not put an adequate effort into locating these witnesses. The first Witness List (Dkt.#280) was filed on January 03, 2017, but that was not the first time that I have requested the investigator to locate these three potential witnesses (Sherry Ray, Crystal Clamenza, and Edgar Reyes). I have requested the investigator to locate these witnesses since the beginning of his appointment, which was approximately the start of 2016.

I had also informed the court regarding this matter. See Dkt.# 298, at 2, **filed 02/16/2017** ("I am requesting the Court to hold a hearing to determine if another investigator should be appointed. I have requested Mr. Retke for several months to locate some of the witnesses that I intend to call for trial and he has not located or spoken to a single witness yet.") However, the court never addressed this issue.

Nonetheless, It is evidently apparent that the current investigator has not applied a diligent effort within this prolonged period of time to locate a single witness. Nor has there been an atempt to assist on several other substantial matters or to keep any significant communication. A Private Investigator's profession is to investigate, but this investigator also claimed that he has no access to public records or to information that is generally easy to find. The fact that this investigator was a police officer in the past, may be the reason for his personal bias towards the accused. The court should also note that the last time I spoke with Mr. Retke was February of 2017, while preparing for trial.

Furthermore, the court should note that current standby counsel (Telia U. Williams) has not spoken with the accused since November 09, 2017. Therefore, I clearly have had no meaningful assistance on any procedural matters that standby counsel should be helping with. For example, I have been attempting to find out how to provide the government with some recent documents, and digital files that will be shown at trial. The last time I mailed discovery documents directly to the government, I received no response of receipt.

In McKaskle v. Wiggins, 465 U.S. 168, 176, 104 S. Ct. 944, 79 L. Ed. 2D 122 (1984), the U.S. Supreme Court held that the court may "appoint a 'standby counsel' <u>to aid the accused if and when the accused requests help</u>, and to be available to represent the accused in the event that termination of the

defendant's self-representation is necessary." See also United States v. Dougherty, 473 F.2d 1113, 154 U.S. App. D.C. 76 (D.C. Cir. 1972) (holding "The energy and time toll on the trial judge, as fairness calls him to articulate ground rules and reasons that need not be explained to an experienced trial counsel, can be relieved, at least in part, by appointment of an amicus curiae to assist the defendant. If defendant refrains from intentionally obstructive tactics, amicus **would be available to provide advice on procedure and strategy**.") Dougherty, 473 F.2d at 1124 -25.

However, current standby counsel has not been available in any way, and has ignored my previous requests for procedural assistance in November of 2017. Perhaps because Ms. Williams also serves as a sit in judge in the state court, she may have a personal bias towards me due to my attacks upon the state court. She may also have a conflict of interest with AUSA John Patrick Burns who has previously appeared on behalf of Nevada (**See Exhibit #1**) for the state conviction that is currenlty being litigated in a post-conviction petition, and this state conviction is one of the elements of the current federal charge.

Additionally, Ms. Williams had also explained through a letter that she does not assist on appellate issues, and that my detention appeal was beyond her scope as standby. This was explained prior to the Ninth Circuit appointing her as counsel. Thereafter, I was forced to find an appellate attorney in order to provide an expedited appeal on my detention appeal, and because she was ignoring me. Ms. Williams eventually withdrew from the Ninth Circuit, and should also have also withdrawn from this court. Therefore, the accused requests the court to substitute Ms. Williams for a different standby counsel.

### CONCLUSION

For the reasons mentioned above, I humbly pray that the Court enter an order granting this Objection, and Substitute Standby Counsel. I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct, and that this document is executed without the benefit of a notary pursuant to NRS 208.165, as I am a prisoner confined in a private prison within this state of Nevada.

Executed on February 08, 2018.

Respectfully submitted,

All Rights Reserved and Without Prejudice,

*Omar Qazi*

Signed: _____

# EXHIBIT# 1

Electronically Filed
02/24/2016 02:57:36 PM

CLERK OF THE COURT

1 RTRAN
2
3
4
5
6
7   THE STATE OF NEVADA,
8             Plaintiff,
9       vs.                                 CASE NO. C273567
10  OMAR QAZI,                               DEPT. XI
11            Defendant.
12

DISTRICT COURT
CLARK COUNTY, NEVADA

13  BEFORE THE HONORABLE ELIZABETH GONZALEZ, DISTRICT COURT JUDGE
14
15              MONDAY, JUNE 24, 2013
16
17          RECORDER'S TRANSCRIPT OF
    DEFT'S PRO SE MOTION FOR EVIDENTIARY HEARING DEMANDED
18        STATUS CHECK: FILE; BRIEFING SCHEDULE
19
    APPEARANCES:
20
    For the State:                          JOHN PATRICK BURNS, ESQ.
21                                          Deputy District Attorney
22
23  For the Defendant:                      BRENT PERCIVAL, ESQ.
24
25  Recorded by: JILL HAWKINS, Court Recorder

- 1 -

000212

# Certificate of Service

I hereby certify that on February 08, 2018, I mailed my *Objection to 396 Order*, to the following:

Clerk of the Court
Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd. South, Rm. 1334
Las Vegas, Nevada
Zip Code Exempt (DMM 122.32)


**\*Copy of Receipt Requested\***


*Omar Qazi*
N.S.D.C.
2190 E. Mesquite Ave.
Pahrump, Nevada
Zip Code Exempt (DMM 122.32)

Omar Qazi
N.S.D.C.
2190 E. Mesquite Ave.
Pahrump, Nevada
Zip code Exempt (DMM 122.32)

Legal Mail

c/o: Clerk of the Court
Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd. So.- Rm. 1334
Las Vegas, Nevada 89101



Correspondence originated from a detention facility. The facility is not responsible for the contents herein



US POSTAGE $01.21⁰
First-Class
Mailed From 89060
02/12/2018
032A 0061338671