DAYLE ELIESON
United States Attorney
CRISTINA D. SILVA
Assistant United States Attorney
Nevada Bar No. 13760
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
PHONE: (702) 388-6336
FAX:  (702) 388-5087
cristina.silva@usdoj.gov

Attorney for the Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>OMAR QAZI,<br><br>　　　　　　　Defendant. | 2:15-cr-00014-APG-VCF<br><br>**GOVERNMENT'S MOTION TO STRIKE, OR ALTERNATIVELY DENY, DEFENDANTS FILING TITLED "JUDICIAL NOTICE OF BAD BEHAVIOUR"** (ECF No. 401) |

The United States of America, by and through DAYLE ELIESON, United States Attorney, and CRISTINA D. SILVA, Assistant United States Attorney, and files this motion to strike, or in the alternative motion to deny, Defendant's filing titled "Judicial Notice of Bad Behaviour" (ECF No. 401), that was filed by the Defendant on February 23, 2018. For the reasons set forth herein, the United States respectfully requests that the Court either strike the filing, or in the alternative, deny his request for the Court to take judicial notice of the arguments contained within the filing.

**Points and Authorities**

As a threshold matter, the United States respectfully requests that this motion

1

be stricken because the format of the first page of the document is improper. In repeated filings,[1] the Defendant lists the United States as the "persecutor" and himself as the "accused." Defendant's incorrect identification of the parties is a violation of local rule IA 10-2, which states that the first page of every document identify the name of the plaintiff and defendant as follows:

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Name(s) of plaintiff(s), | Case Number |
| **Plaintiff(s)** | [*Example*: 2:16-CV-115-HDM-RAM] |
| v. | Document Title |
| Name(s) of defendant(s), | [*Example: Defendant Richard Roe's Motion in Limine to Exclude Expert Testimony*] |
| **Defendant(s)** | |

*See* LR IA 10-2 (emphasis added). The local rules do not allow for parties to be identified by improper, vexatious titles, but rather by the formal titles of "plaintiff" or "defendant." Defendant's status as a pro se litigant does not free him of the responsibility to follow the law and the rules. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987) (holding pro se litigants are bound by the rules of procedure). Accordingly, the United States that this document be stricken for violating the local rules.[2]

The document should also be stricken, or if construed as a motion it should be denied because is improperly asks this Court to take judicial notice of conclusory

---

[1] *See* ECF No. 373, 374, 378, 381, 398, 399. The Government notes that not all of Defendant's filing have this improper caption. *Compare* ECF No. 257 and 290.

[2] The United States will be filing a separate motion seeking a standing order to strike all future filings where the parties are improperly identified in violation of the local rules.

2

assertions by the Defendant. "Judicial notice" is a court's recognition of the existence of a fact without the necessity of formal proof. *See Castillo–Villagra v. I.N.S.*, 972 F.2d 1017, 1026 (9th Cir. 1992). Rule 201 of the Federal Rules of Criminal Procedure governs judicial notice. That rule provides, in relevant part, that the scope of judicial notice governs an adjudicative fact only, not a legislative fact. Fed.R.Crim.Pro. 201(a). In order for a Court to take judicial notice of a fact, the fact must not be subject to reasonable dispute because it is generally known within the trial court's jurisdiction, or can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. Fed.R.Crim.Pro. 201(b)(1) and (2). Examples of facts a court has taken judicial notice of include matters of public record, *see Mack v. South Bay Beer Distrib.*, 798 F.2d 1219, 1282 (9th Cir. 1995), "records and reports of administrative bodies," *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir.1953), facts relevant to a constitutional question, *see Rothe Development Corp. v. Department of Defense*, 545 F.3d 1023, 1045–1046 (C.A.Fed. 2008) (judicially noticing facts relevant to equal protection challenge), or well known or easily established facts, such firmly established scientific laws, *see generally Daubert v. Merrell Dow Pham., Inc.*, 509 U.S. 579, 592 n.11 (1993), and well-known medical facts, *see Barnes v. Indep. Auto. Dealers Ass'n of Cal. Health & Welfare Benefit Plan,* 64 F.3d 1389, 1395 (9th Cir. 1995).

The Defendant facts the Defendant asks this Court to take judicial notice of are not similar to the aforementioned examples. Instead, Defendant asks this Court to take judicial notice of conclusory, and at times accusatory, arguments about the voluntariness of his post-*Miranda* statement, his belief that the *Miranda* warnings he

received were insufficient,³ and baseless claims of undefined "bad behaviour" by the judges in this District. The fact that the Defendant has to make arguments in an attempt to support his request for judicial notice demonstrates that the subject matter of Defendant's request are reasonably disputed and questioned, and therefore improper for judicial noticing.

For the reasons set forth above, the United States respectfully requests that the Court either strike Defendant's filing titled "Judicial Notice of Bad Behaviour" (ECF No. 401), or if the filing is construed as a motion, deny the relief requested therein.

Dated 2nd day of March, 2018.

Respectfully submitted,

DAYLE ELIESON
United States Attorney

*/s/ Cristina D. Silva*
CRISTINA D. SILVA
Assistant United States Attorney

---

³  The Ninth Circuit recently rejected this precise argument and found his *Miranda* warnings were, in fact, sufficient. *See* ECF No. 402 (Memorandum from Ninth Circuit Court of Appeals).

**CERTIFICATE OF SERVICE**

The undersigned hereby certified that a copy of this filing was sent to Defendant Qazi via United States mail addressed to:

Mr. Omar Qazi #49760048
NSDC 2190 East Mesquite Avenue
Pahrump, Nevada, 89060

and on stand-by counsel Telia Williams, Esq., via electronic service by ECF, on March 2, 2018.

DATED:	March 2, 2018.

　　　　　　　　　　　　　　　　　　　　*/s/ Cristina D. Silva*
　　　　　　　　　　　　　　　　　　　　CRISTINA D. SILVA
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney