DAYLE ELIESON
United States Attorney
PATRICK BURNS
Assistant United States Attorney
Nevada Bar No. 11779
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388- 6020
John.P.Burns@usdoj.gov

*Representing the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:15-cr-00014-APG-VCF |
| Plaintiff, | **GOVERNMENT'S MOTION TO STRIKE DEFENDANT QAZI'S "OBJECTION TO MAGISTRATE'S ORDER (DKT. #413" [ECF NO. 415]** |
| vs. | |
| OMAR QAZI, | |
| Defendant. | |

The United State of America, by and through DAYLE ELIESON, United States Attorney, and PATRICK BURNS, Assistant United States Attorney, hereby respectfully submits this Government's Motion to Strike Defendant Qazi's "Objection to Magistrate's Order (DKT. #413" [ECF NO. 415].

**POINTS AND AUTHORITIES**

**Argument**

**A. Defendant Qazi's Violation of Local Rule IA 10-2 Warrants Striking His Objection**

Defendant Qazi's unprofessional pleading should be stricken. Qazi lists the United States as the "persecutor" and himself as the "accused." Qazi's incorrect

1

identification of the parties is a violation of local rule IA 10-2, which states that the first page of every document identify the name of the plaintiff and defendant as follows:

> UNITED STATES DISTRICT COURT
> DISTRICT OF NEVADA
>
> Name(s) of plaintiff(s),
>
> **Plaintiff(s)**
>
> v.
>
> Name(s) of defendant(s),
>
> **Defendant(s)**
>
> Case Number
> [*Example*: 2:16-CV-115-HDM-RAM]
>
> Document Title
> [*Example: Defendant Richard Roe's Motion in Limine to Exclude Expert Testimony*]

*See* LR IA 10-2 (emphasis added). The local rules do not allow for parties to be identified by improper, vexatious titles, but rather by the formal titles of "plaintiff" or "defendant." Defendant's status as a pro se litigant does not free him of the responsibility to follow the law and the rules. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987) (holding pro se litigants are bound by the rules of procedure).

The *ad hominem* and unprofessional nature of Qazi's noncompliance warrants the Court in exercising its discretionary power to strike the document. LR IA 10-1 (providing the Court "may strike any document that does not conform to an applicable provision of these rules or any Federal Rule of Civil or Criminal Procedure."). The Government would not file a document referring to Qazi in an offensive or caricaturish light. The same standard should apply to Qazi who has long been acting as his own attorney and possesses the ability to refrain from such conduct. Without such a standard, the pleadings would degenerate to a very low level of professionalism and dignity. The

document should be stricken as a sanction that will deter Qazi from such conduct in the future. Merely striking the caption would have no deterrent value in that Qazi would just continue to file motions styled in this offensive fashion, knowing that his pleading would still be considered.

**B. Qazi's Objection is Patently Frivolous and Should Be Denied If Not Stricken**

Despite a third attempt, Qazi still fails to explain why the matters discussed in his notice are susceptible to or appropriate for judicial notice. His resort to invoking a demand for judicial notice is legally frivolous, and calculated to compound the proceedings, arrogating to himself limited judicial and prosecutorial resources. His demands are not legally cognizable in the slightest.

"Judicial notice" is a court's recognition of the existence of a fact without the necessity of formal proof. *See Castillo–Villagra v. I.N.S.*, 972 F.2d 1017, 1026 (9th Cir. 1992). Rule 201 of the Federal Rules of Criminal Procedure governs judicial notice. That rule provides, in relevant part, that the scope of judicial notice governs an adjudicative fact only, not a legislative fact. Fed.R.Crim.Pro. 201(a). In order for a Court to take judicial notice of a fact, the fact must not be subject to reasonable dispute because it is generally known within the trial court's jurisdiction, or can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. Fed.R.Crim.Pro. 201(b)(1) and (2). Examples of facts a court has taken judicial notice of include matters of public record, *see Mack v. South Bay Beer Distrib.*, 798 F.2d 1219, 1282 (9th Cir. 1995), "records and reports of administrative bodies," *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir.1953), facts relevant to a constitutional

1  question, *see Rothe Development Corp. v. Department of Defense*, 545 F.3d 1023, 1045–
2  1046 (C.A. Fed. 2008) (judicially noticing facts relevant to equal protection challenge),
3  or well known or easily established facts, such firmly established scientific laws, see
4  generally *Daubert v. Merrell Dow Pham., Inc.*, 509 U.S. 579, 592 n.11 (1993), and well-
5  known medical facts, *see Barnes v. Indep. Auto. Dealers Ass'n of Cal. Health & Welfare
6  Benefit Plan*, 64 F.3d 1389, 1395 (9th Cir. 1995).

       The facts Qazi asks this Court to take judicial notice of are not in any sense susceptible to judicial notice. Instead, Qazi asks this Court to take judicial notice of conclusory, and at times accusatory, arguments about the voluntariness of his post-*Miranda* statement, his belief that the *Miranda* warnings he received were insufficient, and baseless claims of undefined "BAD BEHAVIOUR" by the judges in this District. The fact that the Qazi has to make arguments in an attempt to support his request for judicial notice demonstrates that the subject matter of Qazi's request are reasonably disputed and questioned, and therefore improper for judicial noticing.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**Conclusion**

WHEREFORE, after consideration of the included facts, points, authorities, exhibits, and arguments, the United States respectfully requests that this Court GRANT the Government's Motion to Strike Defendant Qazi's "Objection to Magistrate's Order (DKT. #413" [ECF NO. 415].

DATED this 4th day of April, 2018.

Respectfully submitted,

DAYLE ELIESON
United States Attorney

//s//

PATRICK BURNS
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing **GOVERNMENT'S MOTION TO STRIKE DEFENDANT QAZI'S "OBJECTION TO MAGISTRATE'S ORDER (DKT.#413" [ECF NO. 415]** was sent to Defendant Qazi via United States mail addressed to:

    Mr. Omar Qazi #49760048
    NSDC 2190 East Mesquite Avenue
    Pahrump, Nevada, 89060

and on stand-by counsel Telia Williams, Esq., via electronic service by ECF, on April 4, 2018.

**DATED** this 4th day of April, 2018.

                                        / s / Patrick Burns
                                        _____
                                        PATRICK BURNS
                                        Assistant United States Attorney