1  Omar Qazi
2  N.S.D.C.
3  2190 E. Mesquite Ave.
4  Pahrump, Nevada



FILED _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

APR 27 2018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| UNITED STATES OF AMERICA | |
|---|---|
| Plaintiff, | Case No. 2:15-cr-00014-APG-VCF |
| v. | MOTION TO DISMISS FOR STATUTORY VAGUENESS |
| Omar Qazi | |
| Accused. | (Evidentiary Hearing Requested) |

Certification: This Motion is being filed timely.

COMES NOW, *Omar Qazi*, by Special Appearance, hereby filing this Motion to Dismiss for Statutory Vagueness, and Request for Evidentiary Hearing. For the reasons outlined in the attached Memorandum of Points and Authorities, I request that the Court enter an order granting this Motion to Dismiss for Insufficiency of the Indictment.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### BACKGROUND

On January 20, 2015, a federal grand jury allegedly returned a Criminal Indictment charging the accused with one count of Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Dkt.# 1. On February 08, 2015, the accused was arrested by the State on an un-related charge that was immediately dismissed at arraignment in State Court. The accused remained in State custody due to the Federal hold for this case. On February 24, 2015, the accused was transfered to Federal custody, where the accused currently awaits trial.

### II.

### ARGUMENT

The recent U.S. Supeme Court decision in *Sessions v. Dimaya*, 584 U. S. ___ (2018), held the following:

> The void-for-vagueness doctrine, as we have called it, guarantees that ordinary people have "fair notice" of the conduct a statute proscribes. *Papachristou* v. *Jacksonville*, 405 U. S. 156, 162 (1972). And the doctrine guards against arbitrary or discriminatory law enforcement by insisting that a statute provide standards to govern the actions of police officers, prosecutors, juries, and judges. See *Kolender* v. *Lawson*, 461 U. S. 352, 357–358 (1983). In that sense, the doctrine is a corollary of the separation of powers—requiring that Congress, rather than the executive or judicial branch, define what conduct is sanctionable and what is not. Cf. *id.*, at 358, n. 7 ("[I]f the legislature could set a net large enough to catch all possible offenders, and leave it to the courts to step inside and say who could be rightfully detained, [it would] substitute the judicial for the legislative department" (internal quotation marks omitted)).

The U.S. Supreme Court has held both the Fifth Amendment indictment clause and the Sixth Amendment notice clause requires an indictment to "sufficiently apprise the defendant of what he must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 763 (1962). To fairly apprise the accused of what he must be prepared to meet, criminal statutes must be reviewed for vagueness from the point of

view of a "person of ordinary intelligence." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). That is because "[v]ague laws may trap the innocent by not providing fair warning." *Id.*

In *Connally v General Construction Co.*, 269 U.S. 385 (1926), the U.S. Supreme Court held that "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." *Id.* at 391. "Penal statutes prohibiting the doing of certain things, and providing a punishment for their violation, should not admit of such a double meaning that the citizen may act upon the one conception of its requirements and the courts upon another." *Id.* at 393. "It is established that a law fails to meet the requirements of the Due Process Clause if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits . . . ." *Giaccio v. Pennsylvania*, 382 U.S. 399, 402 (1966).

The Indictment in the instant case reads as follows:

**THE GRAND JURY CHARGES THAT:**

On or about January 6, 2015, in the State and Federal District of Nevada,

**OMAR QAZI**

Defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: (1) a 2012 conviction, in the State of Nevada, for Battery with Substantial Bodily Harm, did knowingly possess a firearm, to wit: a Smith & Wesson .22 caliber firearm bearing serial number M37231, said possession being in and affecting interstate commerce and said firearm <u>having been shipped</u> and transported in interstate commerce, all in violation of Ttitle 18, United States Code, Sections 922(g)(1) and 924(a)2. (emphasis added)

18 U.S.C. § 922(g)(1) states in pertinent part:

"It shall be unlawful for any person . . . who has been

1   convicted in any court of, a crime punishable by imprisonment
2   for a term exceeding one year . . . to ship or transport in
3   interstate or foreign commerce, or possess in or affecting
4   commerce, any firearm or ammunition; or to receive any
5   firearm or ammunition which **has been shipped** or transported
6   in interstate or foreign commerce." (emphasis added)

7   "In cases where the indictment tracks the words of the statute charging the offense, the
8   indictment will be held sufficient so long as the words unambiguously set forth all elements necessary to
9   constitute the offense." *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003); See also *United States*
10  *v. Fitzgerald*, 882 F.2d 397, 399 (9th Cir.1989). The indictment does not track the words of the statute
11  charging the offense. Additionally, the accused "has a right to be apprised of what overt act the
12  government will try to prove at trial. See *United States v. Resendiz-Ponce*, 549 U.S. 102, 106 (2007). The
13  indictment must "fully, directly, and expressly, **without any uncertainty** or ambiguity, set forth all the
14  elements necessary to constitute the offence intended to be punished." See *United States v. Carll*, 105
15  U.S. 611, 612 (1882) (emphasis added)

16  Here, the indictment, and the statute are both insufficient because they do not apprise a person of
17  ordinary intelligence specifically what the government will try to prove at trial. Will the government try
18  the accused at trial in the present tense regarding the interstate commerce element? However, it now
19  appears that the government will not try the accused in the present tense, according to the government's
20  recent discovery disclosures. Additionally, the average person who is charged with this statute commonly
21  asks his or her attorney questions regarding this matter. Questions such as, "I didn't have anything to do
22  with interstate commerce, so why am I being charged for this?" Which is the exact question the accused
23  asked Attorney Heather Fraley at araignment after reading the indictment. People also say "I have never
24  shipped or transported a firearm, so why am I charged with this statute?

25  According to *Merriam-Webster, The Official Scrabble Players Dictionary, Fourth Edition*
26  (2005), "Has" is defined as "A present 3d person singular of have." *Id.*; "Having" is defined as "Present
27  participle of have." *Id.*; And "Had" is defined as "A past tense of have." *Id.*

28  The word "has" as opposed to the word "had" was used in the statute. "Has" is the third person

1  singular, present indicative verb, meaning an action or situation that is currently ongoing or active; where
2  "had" is the past tense participle of the verb have, meaning in a previous action or situation. So if one
3  where currently in progress of shipping or transporting, or if one was the direct recipient then the word
4  "has" would be appropriate. However, if it were expansive, intended to include any firearm previously
5  shipped or transported in interstate commerce, then "had" would be the proper verb. The use of "had"
6  would have meant to include any and all that "had" been shipped or transported any time prior.

7  Thereby, the accused challenges the government to provide a hypothetical scenario where the
8  term "has been" would **only** apply to the past, with no possibility of applying it to the present. It simply
9  cannot be done.

10  Likewise, the phrase "having been shipped" was used in the indictment, in which "having" is the
11  present tense participle of have. *Id.* But an indictment is constitutionally sufficient only if it clearly
12  informs the accused of the precise offense of which he is accused so that he may prepare his defense and
13  so that a judgment thereon will safeguard him from a subsequent prosecution for the same offense. See *1*
14  *Charles Alan Wright & Arthur Miller, Federal Practice & Procedure Criminal § 125* (3d ed. 2000 &
15  Supp. 2005) ("the test for sufficiency ought to be whether it is fair to defendant to require him or her to
16  defend on the bases of the charge **as stated in the particular indictment** or information. The stated
17  requirement that every ingredient or essential element of the offense should be alleged must be read in
18  the light of the fairness test just suggested.") (emphasis added). However, a common reading and
19  understanding of the indictment clearly suggests that I am only charged in the present tense, and I am
20  only prepared to defend against that charge as stated precisely in the alleged indictment.

21  The statute, and the indictment both do not contain any additional terms or phrases such as: "at
22  any time"; "past or present"; "previously"; "before"; "theretofore"; "precedingly"; "prior"; "formerly";
23  "earlier"; "heretofore"; "already been"; "past"; which would clearly inform the accused that he is being
24  charged in the past tense without any uncertainty. The use of these terms or phrases in the statute would
25  have authorized that element of the offense to be tried in the past tense at trial. For example, See 18
26  U.S.C. § 922(k) ("It shall be unlawful for any person knowingly to . . . possess or receive any firearm
27  which has had the importer's or manufacturer's serial number removed, obliterated, or altered and has, *at*
28  *any time*, been shipped or transported in interstate or foreign commerce." (emphasis added)).

In this regard, the U.S. Supreme Court in *Keene Corp. v. United States*, 508 U.S. 200, 208 (1993), explicitly held "[W]hen Congress includes particular language in one section of a statute but omits it in another . . . it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Therefore, it must be presumed that Congress acted intentionally and purposely when they included "at any time" in 18 U.S.C. § 922(k), but omited this language from the other section of the same statute in 18 U.S.C. § 922(g).

"The preeminent canon of statutory interpretation requires us to 'presume that [the] legislature says in a statute what it means and means in a statute what it says there.' Thus, our inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) (internal citations omitted). It should not be "presum[ed] that 'the legislature was ignorant of the meaning of the language it employed." *Id. at 186-87*. When interpreting a statute, the court begins with the statutory text and interprets "statutory terms in accordance with their ordinary meaning, **unless the statute clearly expresses an intention to the contrary**." *United States v. Neal*, 776 F.3d 645, 652 (9th Cir. 2015); See also *Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 207 (1997); *Caminetti v United States*, 242 US 470, 485-86 (1917).

In the context of interpreting statutes, the Supreme Court has consistently held that statutory construction "must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009) (citation omitted). Ordinary meaning is determined by the dictionary definition of the word and the context in which it is used. See, e.g., *Navarro v. Encino Motorcars, LLC*, 845 F.3d 925, 930-931, 2017 U.S. App. LEXIS 344 (9th Cir., 2017) (relying on Random House Dictionary of the English Language (1966); Webster's Third New International Dictionary (1965); Oxford English Dictionary (1933); and American Heritage Dictionary of the English Language (1st ed. 1969)); See also Briggs v. Merck Sharp & Dohme, 796 F.3d 1038, 1045-46 (9th Cir. 2015) (relying on Webster's Third New International Dictionary 1819 (2002))

Here, the language of 18 U.S.C. § 922(g) is clear and plain, but the plain language does not express an intention to be applied on past shipment or transportation of a firearm. Thereby, it must be assumed that the ordinary meaning of the language in the statute "accurately expresses the legislative

1  purpose." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009). Additionally, the ordinary meaning
2  of the language in the statute must be enforced because the statute does not "clearly expresses an
3  intention to the contrary." See *United States v. Neal*, 776 F.3d 645, 652 (9th Cir. 2015). Where "the
4  statute's language is plain, the sole function of the courts is to enforce it according to its terms." *United*
5  *States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989)

6   In *United States v. Wiltberger*, 18 U.S. 76, 5 Wheat. 76 (1820), the U.S. Supreme Court also held
7  "The intention of the legislature is to be collected from the words they employ. <u>Where there is no
8  ambiguity in the words, there is no room for construction.</u> The case must be a strong one indeed, which
9  would justify a court in departing from the plain meaning of words, especially in a penal act, <u>in search of
10 an intention which the words themselves did not suggest. To determine that a case is within the intention
11 of a statute, its language must authorize us to say so.</u> It would be dangerous, indeed, to carry the
12 principle, that a case which is within the reason or mischief of a statute, is within its provisions, so far as
13 to punish **a crime not enumerated in the statute**, because it is of equal atrocity, or of kindred character,
14 with those which are enumerated." Id. at 96. (emphasis added)

15   "The constitutional requirement of definiteness is violated by a criminal statute that fails to give a
16 person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The
17 underlying principle is that no man shall be held criminally responsible for conduct which he could not
18 reasonably understand to be proscribed." *United States v. Harriss*, 347 U.S. 612, 617 (1954); See also
19 *Lambert v. California*, 355 U.S. 225, 228 (1957); *Jordan v. De George*, 341 U.S. 223, 230-232 (1951);
20 *Dunn v. United States*, 442 U.S. 100, 112 (1979)

21   Perhaps a person who is charged with "receipt" could be charged under the current wording of
22 the statute, but only if that person is the direct recipient, because that person would directly receive the
23 firearm that has been shipped *at that time*, taking the firearm into possession. But after the initial receipt,
24 and for a person who was not the direct recipient, it would only be considered a charge for "possession"
25 of a firearm that "had been" shipped.

26   A prime example of the normal usage for this grammatical construction at issue is commonly
27 applied as follows: "Joe has been incarcerated." This language ordinarily means that Joe is currently
28 incarcerated due to his continuous incarceration. But after Joe is released from detainment, the correct

1  language would be "Joe had been incarcerated." Similarly, "Joe went to the post office earlier, and the
2  package has been shipped." This language ordinarily means that that the shipment is currently on the
3  way to the recipient. But once the package arrived at it's destination, the correct language would be "The
4  package had been shipped by Joe." That is because the shipment was completed, and is no longer in the
5  process of shipping.
6        The Fifth Amendment's Due Process Clause "requires that a penal statute define the criminal
7  offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and
8  in a manner that does not encourage arbitrary and discriminatory enforcement." See *Alphonsus v. Holder*,
9  705 F.3d 1031, 1042 (9th Cir. 2013) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)). "A
10 criminal statute must clearly define the conduct it proscribes. If it does not 'give a person of ordinary
11 intelligence fair notice' of its scope, *United States v. Batchelder*, 442 U.S. 114, 123, 99 S. Ct. 2198, 60 L.
12 Ed. 2d 755 (1979), it denies due process." (quoting *Bond v. United States*, 134 S. Ct. 2077, 2097 (2014)).
13       In *United States v. Brewer*, 139 U.S. 278 (1891), the U.S. Supreme Court held "Laws which
14 create crime ought to be so expressed that all men subject to their penalties may know what acts it is
15 their duty to avoid," and "before a man can be punished, his case *must be plainly and unmistakably*
16 *within the statute*." *Id*. at 288. (emphasis added).
17       Here, the statute 18 U.S.C. § 922(g) forbids the doing of an act in terms so vague that men of
18 common intelligence must necessarily guess and speculate at its meaning, and differ as to its application.
19 This clearly violates Due Process. A clear reading of the text provides no refuge for the government. The
20 phrase, "has been shipped" understood in the normal way, includes conduct occurring throughout a
21 crime's commission; but does not precisely look to the past with specific language, and cannot fairly be
22 read to include wholly past shipments with a certainty. "Congress could have phrased its requirement in
23 language that looked to the past . . . , but it did not choose this readily available option" *Gwaltney of*
24 *Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.*, 484 U.S. 49, 57 (1987).
25       Instead, Congress failed to include past tense language in 922(g), such as "at any time," like they
26 purposely did in § 922(k), which ultimately means that Congress intentionally left the past tense
27 language out of the statute. This is because "Congress knows how to target past violations when it wants
28 to do so." *Id*. at 63-64, n 4.

Nonetheless, the Courts usually look to Congress' choice of verb tense in construing statutes. See *United States v. Wilson*, 503 U.S. 329, 333 (1992) (holding that "Congress' use of a verb tense is significant in construing statutes"). The Dictionary Act also provides significance to the choice of verb tense. It provides in relevant part: "In determining the meaning of any Act of Congress, *unless the context indicates otherwise* . . . **words used in the present tense include the future as well as the present.**" See 1 U.S.C. § 1. Thus, the Dictionary Act evidently instructs us that the usage of present tense generally DOES NOT INCLUDE THE PAST in determining the meaning of an Act of Congress, and the context of § 922(g) does not indicate otherwise.

Accordingly, a statute that regulates a firearm that "has been shipped" is not readily understood to encompass a firearm that "had been shipped." Therefore, 18 U.S.C. § 922(g) is void for vagueness by it's failure to provide a fair warning in plain terms to a person of ordinary intelligence, and leaving the public in the dark, uncertain as to the conduct it prohibits with regard to the current standard of judicial enforcement.

## III.

## CONCLUSION

For the reasons mentioned above, I humbly pray that the Court enter an order granting this Motion to Dismiss for Statutory Vagueness. I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct, and that this document is executed without the benefit of a notary pursuant to NRS 208.165, as I am a prisoner confined in a private prison within this state of Nevada.

Executed on April 25, 2018.

                                              Respectfully submitted,

                                              All Rights Reserved and Without Prejudice,

                                              *Omar Qazi*

                               Signed: _____

## Certificate of Service

I hereby certify that on April 25, 2018, I mailed my Motion to Dismiss for Statutory Vagueness, and Request for Evidentiary Hearing, to the following:

Clerk of the Court
Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd. South, Rm. 1334
Las Vegas, Nevada

Omar Qazi
N.S.D.C.
2190 E. Mesquite Ave.
Pahrump, Nevada

C/o: Clerk of the Court
Lloyd D. George U.S. C[ourt]
333 Las Vegas Blvd.
Las Vegas, Nevada