DAYLE ELIESON
United States Attorney
District of Nevada
ALEXANDRA MICHAEL
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6336
Fax: 702.388.5087
Alexandra.m.michael@usdoj.gov

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>OMAR QAZI,<br><br>　　　　Defendant. | Case No.: 2:05-cr-00014-APG-VCF<br><br>RESPONSE TO DEFENDANT'S MOTION TO DIMISS FOR STATUTORY VAGUENESS<br>(ECF No. 420) |

　　　　The United States of America, by and through Dayle Elieson, United States Attorney, and Alexandra Michael, Assistant United States Attorney, hereby files its Response to Defendant's Motion to Dismiss for Statutory Vagueness (Defendant's Motion). ECF No. 420. Defendant's Motion should be denied because: (1) it is untimely under LCR 12-1(b), (2) it is duplicative of previous motions filed by the Defendant and ruled on by the court, and (3) 18 U.S.C.§ 922(g) is not void for vagueness.

　　　　Defendant's status as a *pro se* litigant does not free him of the responsibility to follow the law and the rules. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987)

1

(holding *pro se* litigants are bound by the rules of procedure). Defendant's Motion is approximately the **eighty first** motion filed by the Defendant, not including supplements and objections, in a case where a grand jury returned a single count criminal indictment on January 20, 2015 charging the Defendant with being a *Felon in Possession of a Firearm* in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 1. Defendant's Motion is the **ninth** motion to dismiss the indictment filed by the Defendant, all of which have ultimately been denied by the court.[1] The most recent motions deadline, set by the court was October 25, 2016, *see* ECF No. 213. The motions deadlines was never continued nor extended from that date.[2] The Defendant has not provided good cause for filing his motion almost nineteen months after the motions deadline. The Defendant has also not provided an explanation as to why his current argument was not presented in any of the prior motions to dismiss the indictment filings.[3] Defendant's continuous and repetitive motions filings have caused significant pretrial delay. As such, Defendant's Motion should be denied as untimely and duplicative of previously litigated motions.

If the court is not inclined to deny the motion as untimely and duplicative then the court should deny Defendant's Motion on the merits. Defendant's argument is that 18 U.S.C. § 922(g) is void for vagueness because it uses the term "has" in referencing a firearm that has been shipped or transported in interstate or foreign commerce as opposed to a firearm that "had" been shipped or transported in

---

[1] Motions to Dismiss the Indictment include: ECF No. 39 – 42, 78, 85, 99, 121, and 124. All of these motions have ultimately been denied by the court, *see* ECF No. 141, 146, 143, 149, and 183.

[2] The court set additional deadlines for responses, replies and supplemental briefing but never extended the motions deadline.

[3] The government believes the Defendant has made this argument in previous filings that the court has ruled upon however, the Defendant may not have previously filed a motion that deals with this argument alone in support of the relief he requests.

interstate or foreign commerce. ECF No. 420 at 9. Defendant argues that it is unclear as to whether he is charged in the present or past tense. Defendant's argument fails because he tries to focus on one word taken out of context and the meaning of the phrase doesn't change whether the term has or had is used. The same term "has" is also used in another portion of the statute where it states "It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" 18 U.S.C. § 922(g)(1). The term "has" when read in the statute 18 U.S.C. § 922(g) is not vague. Additionally, Defendant does not provide any legal authority specific to 18 U.S.C. § 922(g) in support of his argument. The Ninth Circuit has held that proof that a firearm was manufactured out of state is all that is needed to meet the minimal nexus to interstate commerce requirement under 18 U.S.C. § 922(g)(1). *United States v. Rousseau*, 257 F.3d 925, 933 (9th Cir. 2001). The government need only prove that the gun had at one time crossed state lines. *United States v. Sherbondy*, 865 F.2d 996 at 999 (9th Cir. 1988). The Ninth Circuit has also held that a defendant's knowledge of a firearm's or ammunition's interstate connection is irrelevant because the interstate commerce element is purely jurisdictional and a convicted felon cannot reasonably expect to possess firearms and ammunition free from restriction. *United States v. Stone*, 706 F.3d 1145, 1147 (9th Cir. 2013). Congress sought to reach possessions broadly, with little concern for when the nexus with commerce occurred….a past connection with commerce is enough. *United States v. Sherbondy*, 865 F.2d 996, 1000-1001 (9th Cir. 1988) quoting *Scarborough v. United States*, 431 U.S. 563 at 577, 97 S.Ct. 1963 at 1970 (1977).

WHEREFORE, after consideration of the included facts, points, authorities, and arguments, the United States respectfully requests that this court deny Defendant's Motion.

Respectfully Submitted,

DAYLE ELIESON
United States Attorney


/s/ *Alexandra Michael*
ALEXANDRA MICHAEL
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the United States Attorney's Office for the District of Nevada and that on this day I filed an electronic copy of the above GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION via Electronic Case Filing (ECF) on May 11, 2018 and a copy will be mailed to the Defendant forthwith.

Dated: May 11, 2018

/s/ *Alexandra Michael*
ALEXANDRA MICHAEL
Assistant United States Attorney