*Omar Qazi*

N.S.D.C.

2190 E. Mesquite Ave.

Pahrump, Nevada

```
____ FILED          ____ RECEIVED
____ ENTERED        ____ SERVED ON
                    COUNSEL/PARTIES OF RECORD

        MAY 3 1 2018

      CLERK US DISTRICT COURT
         DISTRICT OF NEVADA
BY:_____ DEPUTY
```

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

\*\*\*

UNITED STATES OF AMERICA

        Plaintiff,

v.

*Omar Qazi*

        Accused.

Case No. 2:15-cr-00014-APG-VCF

**NOTICE TO ASSERT THE RIGHT TO ASSISTANCE OF COUNSEL**

(U.S. Constitution Amendment VI)

(Oral Hearing Requested)

CERTIFICATION: This Motion is being filed timely.

COMES NOW, *Omar Qazi*, Sui Juris and by Special Appearance, hereby filing this Notice to Assert the Right to Assistance of Counsel. For the reasons outlined in the attached Memorandum of Points and Authorities, I request that this Court enter an order for a hearing to ackowlege the assertion of the right to Assistance of Counsel, and to replace Telia Williams as Stand-by counsel.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**ARGUMENT**

The U.S. Supreme Court just ruled in the case of *McCoy v Louisiana*, 584 U. S. ___ (2018). This case was decided on May 14, 2018, a mere 6 days after this court's last ruling that I can not have the right to the Assistance of Counsel and defend myself at the same time. See Dkt.# 426. However, this new ruling trumps the court's last ruling, effectively changing the spectrum of how the Sixth Amendment is applied and enforced.

I have continuously provided the court with sufficient reasons for removing my stand-by attorney (Telia Williams), who has shown a hostile feeling and spirit of ill will towards the accused. See Dkts. 399, 406, and 414. At the last hearing Ms. Williams was happy to see that the Court was not ruling in my favor, and she continued to giggle throughout the hearing, as if it was a laughing matter. This clear bias would be very prejudicial to the accused in front of a jury. Her demeanor and body language showed her favoritism to the prosecution, which is unprofessional, and also makes me sick to my stomach. Her acting skills can not fool the wise. I do not want to vomit on her at the next hearing, and I request that she sits at a different table before the court removes her from my case.

The Supreme Court in *McCoy* held: "With individual liberty . . . . at stake, it is the defendant's prerogative, not counsel's, to decide on the objective of his defense." The issue here is that Ms. Williams does not even know what the objective of my defense is, as we have had a complete breakdown in communication. The Supreme Court also held that "[t]he Sixth Amendment guarantees to each criminal defendant 'the Assistance of Counsel for his defence.'" Thus, the high Court held that the right under the Sixth Amendment applies to "every criminal defendant" regardless of self representation or not. The Court then provided the history on how "self-representation was the norm" at common law. Thereafter, the court ruled that "[t]he choice is not all or nothing: *To gain assistance, a defendant need not surrender control entirely to counsel.* For the Sixth Amendment, in "grant[ing] to the accused personally the right to make his defense," "speaks of the 'assistance' of counsel, and an assistant, however expert, is still an assistant." *Faretta*, 422 U. S., at 819–820; see *Gannett Co.* v. *DePasquale*, 443 U. S. 368, 382, n. 10 (1979) (the Sixth Amendment "contemplat[es] a norm in which the accused, and not a lawyer, is master

of his own defense")."

Therefore, I do not have to surrender control of the case to Ms. Williams to gain Assistance of Counsel. Ms. Williams must be removed from my case because her hinderance to my defense has caused me and would continue to cause me irreparable injury. Since the last court date of May 08, 2018, I still have had no communication with her. Which means that there has been no effective communication since **November 09, 2017**. She can not be my assistant, and **I WILL DO WHATEVER IT TAKES** to remove her from this case.

Another issue that I can't get any assistance with funding for the court appointed forensic scientist George Schiro. Mr Schiro has provided an estimated list for the cost of his travel expenses, and to provide consultation and testimony for trial. I need this procedural assistance from counsel, as it is obvious that the Court will not file an order to provide these funds. Last time that I requested CJA funding through the Court (Dkt.# 298) for court appointed investigator, Craig Retke, the Court ruled that "Mr. Retke may make an appropriate application to the CJA administrator for additional funds" Dkt.# 306 at 1. The last stand-by (Lance Hendron) would not assist on this matter either. Therefore, because of the lack of procedural assistance from counsel, I have had little to no contact with Craig Retke and George Schiro to properly prepare for trial and to have their funding completed.

### III.

### CONCLUSION

For the reasons mentioned above, I request that the Court enter an order granting an order for a hearing to ackowlege the assertion of the right to Assistance of Counsel, and to replace Telia Williams as Stand-by counsel. I declare under penalty of perjury under the law of the state of Nevada that the foregoing is true and correct, and that this document is executed without the benefit of a notary pursuant to NRS 208.165, as I am a prisoner confined in a private prison within this state of Nevada. Executed on May 29, 2018.

Respectfully submitted,

All Rights Reserved and Without Prejudice,

*Omar Qazi*

Signed: _____

## Certificate of Service

       I hereby certify that on May 29, 2018, I mailed my Notice to Assert the Right to Assistance of Counsel, to the following:

Clerk of the Court
Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd. South, Rm. 1334
Las Vegas, Nevada

Omar Qazi
N.S.D.C.
N. Mesquite Ave.
Pahrump, Nevada

C/o: Clerk of the Court
Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd. So. - Rm.1334
Las Vegas, Nevada [89101]

Correspondence originated from a detention facility. The facility is not responsible for the contents herein

