**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | 2:15-cr-00014-APG-VCF |
| OMAR QAZI, | **ORDER and REPORT AND RECOMMENDATION** |
| Defendant. | |

Before the Court are the following motions:

1) Qazi's Motion to Dismiss for Statutory Vagueness (ECF No. 420),

2) Qazi's Motion to Dismiss for Insufficiency of the Indictment (ECF No. 421),

3) Qazi's Motion to Dismiss for Insufficient Evidence and Violation of the Commerce Clause (ECF No. 424),

4) Qazi's Motion for Order to Show Cause for the Government's alleged failure to mail documents in a timely manner (ECF No. 431), and

5) Qazi's Notice to Assert the Right to Assistance of Counsel (ECF No. 435).

## I.   BACKGROUND

On January 20, 2015, a grand jury charged Qazi with one count of possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). (ECF No. 1). Qazi was convicted of a felony in 2012 for battery with substantial bodily harm. (*Id.*). The Court set the original dispositive motion deadline on March 26, 2015. (ECF No. 8). The Court extended the motion deadline, (*See* ECF No. 17), and set the final motion deadline on October 25, 2016. (ECF No. 213).

On April 27, April 30, and May 8, 2018, Qazi filed three separate motions to dismiss challenging that statute he was charged under and his indictment. (ECF Nos. 420, 421, 424). The Government filed responses to the motions. (ECF Nos. 427, 428, 429). Qazi asserts that these responses were not served on him in a timely matter and moves for an Order to Show Cause why the Government should not be held in contempt for hindering judicial process. (ECF No. 431). Qazi also filed a motion to replace his stand-by counsel. (ECF No. 435).

## II.  DISCUSSION

A. <u>Motions to Dismiss (ECF Nos. 420, 421, 424)</u>

Under Fed. R. Crim. P. 12(c)(3), parties must demonstrate good cause before making a Fed. R. Crim. P. 12(b)(3) motion, including "a motion alleging a defect in instituting the prosecution," after the deadline established by the court. Fed. R. Crim. P. 12(b)(3)(A). Under LCR 12-1(b)(1) and (2), parties cannot file: (1) "defenses and objections based on defects in institution of the prosecution" or (2) "defenses and objections based on defects in the indictment or information" more than thirty days after the arraignment, unless the court sets an alternative deadline, which then controls. Both LCR 12-1(b)(1) and (2) have exceptions. LCR 12-1(b)(1) allows defendants to bring motions challenging the composition of the grand jury after the motion deadline, which is governed by 28 U.S.C. §1867. LCR 12-1(b)(2) allows defendants to bring motions challenging the court's jurisdiction or failure to charge an offense at any point during a proceeding.

In this case, the Court set the motion deadline on October 25, 2016. (ECF No. 213). The deadline applied to all of Qazi's motions to dismiss. (ECF No. 420, 421, and 424). The motions do not meet the exceptions presented in 12-1(b), and Qazi has not demonstrated good cause that justify allowing the motions after the deadline. For this reason, the Court should deny the motions to dismiss as untimely. Although the motions could be denied on this ground alone, the Court will consider the merits.

i.  *18 U.S.C. §§ 922(g) and 924(a)(2) are not void for vagueness.*

Qazi argues that the statute and indictment are void for vagueness. "The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Alphonsus v. Holder*, 705 F.3d 1031, 1042 (9th Cir. 2013) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)).

18 U.S.C. §922(g) makes it unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year… possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g) and § 922(g)(1). The indictment stated Qazi, a convicted felon, broke the law by possessing "any firearm or ammunition which *has been shipped* or transported in interstate or foreign commerce." (ECF No. 420 at 4) (emphasis added). Qazi argues that the indictment and statute are void for vagueness because a person of reasonable intelligence cannot know if the Government will try to prove the interstate commerce element in the past or present tense. (*Id.*).

However, interstate commerce is not a temporal concept; a gun that came to its current location via interstate commerce maintains the quality of "having been shipped" in interstate commerce. *See NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1 (1937) (holding that whether an activity constitutes interstate commerce is a fact-specific question of degree rather than a temporal question); *United States v. Stone*, 706 F.3d 1145, 1147 (9th Cir. 2013) (The interstate commerce provision in 18 U.S.C. § 922(g) is "purely jurisdictional" and a defendant's "knowledge of … the interstate connection is irrelevant."). Therefore, the statute applies to any guns that have ever been shipped in interstate commerce. For these reason, the statute and indictment both clearly state the offense for which the defendant has been charged.

ii.   *The Indictment Does not Violate the Due Process Clause.*

Qazi argues his indictment is insufficient or violates due process because the prosecutor did not instruct the grand jury about the mens rea or interstate commerce elements of the offense. (ECF No. 421 at 2) ("District Court Judge Andrew P. Gordon filed an Order ruling that: 'I have listened, *in camera*, to a

1  recording of a portion of the grand jury proceedings. No instructions regarding *mens rea* or interstate
2  commerce were given.' See Dkt. #391").
3        "In [the Ninth] Circuit, a grand jury indictment will not be dismissed unless the record shows that
4  the conduct of the prosecuting attorney was flagrant to the point that the grand jury was deceived in some
5  significant way." *United States v. Wright*, 667 F.2d 793, 795 (9th Cir. 1982) (internal quotations omitted).
6  A prosecutor has no duty to outline all of the elements of a crime as "long as the instructions given are not
7  flagrantly misleading or as long as all the elements are at least implied." *United States v. Larrazolo*, 869
8  F.2d 1354, 1359 (9th Cir. 1989) (overturned on other grounds by *Midland Asphalt Corp. v. United States*,
9  489 U.S. 749 (1989)). The prosecutor only needed to imply the mens rea and commerce clause elements
10 and satisfied this requirement by including the mens rea and commerce clause elements in the indictment.
11 (ECF No. 1). Therefore, the indictment is sufficient.
12       iii.   *18 U.S.C. §§ 922(g) and 924(a)(2) do not violate the Commerce Clause.*
13       Qazi argues that his gun lost its interstate quality when it entered the state of Nevada and remained
14 there for use solely within the state. (ECF No. 424 at 3). In support of this argument, Qazi cites several
15 cases that are no longer good law. Under modern commerce clause jurisprudence, Congress can regulate
16 economic activities that substantially effect interstate commerce. *See United States v. Lopez*, 514 U.S.
17 549, 558 (1995) ("Congress' commerce authority includes the power to regulate those activities having a
18 substantial relation to interstate commerce, *i.e.*, those activities that substantially affect interstate
19 commerce."); *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 536 (2012) ("The power over activities
20 that substantially affect interstate commerce can be expansive."). Because interstate commerce is not a
21 temporal concept and a felon possessing a gun transported in interstate commerce is an economic activity
22 with substantial effects on interstate commerce, 18 U.S.C. §§922(g) and 924(a)(1) do not violate the
23 Commerce Clause.
24       B.  <u>Motion to Compel (ECF No. 431</u>

1  Qazi asks the Court to hold the Assistant United States Attorney, Alexandra Michael, in contempt
2  under 18 U.S.C. § 401, for failing to mail court documents to him in a timely fashion. (ECF No. 431).
3  18 U.S.C. § 401 gives the Court the authority "to punish by fine or imprisonment… such contempt
4  of its authority," such as "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or
5  command." 18 U.S.C. § 401(c). Under 28 U.S.C. § 636(e)(B)(iii), a magistrate judge can issue an order
6  requiring a person who commits an act of civil contempt to prove to a district court judge why the person
7  should not be held in contempt. A person commits civil contempt by disobeying a "specific and definite"
8  court order. *Mankel v. Gov't Emples. Ins. Co.*, No. 3:16-cv-00657-HDM-VPC, 2017 U.S. Dist. LEXIS
9  119403, *4 (D. Nev. 2017).

10  The Court denies this motion because the AUSA has not disobeyed a specific court order, has
11  mailed Qazi motions and responses in a timely fashion, and Qazi has experienced no prejudice. The Court
12  never issued a specific and definite order setting standards for when the AUSA must mail documents.
13  Further, Qazi has had counsel and represented himself at different points in the proceedings. (*See* ECF
14  No. 251 at 6). When Qazi had counsel, the AUSA served documents to his attorney instead of Qazi, as
15  they were supposed to. When representing himself, Qazi has asked for those documents and the AUSA
16  complied. (*See* ECF No. 437 at 6). However, the Court cautions the United States Attorney to make sure
17  Qazi's mail is sent in a timely fashion to the proper recipient.

18  No prejudice occurred because Qazi did not file replies to the Government's responses. Qazi
19  acknowledges in his motion that he received the documents. (ECF No. 431 at 2). But, Qazi never filed
20  replies. Any replies would have been governed by LCR 12-1(a)(3), which states that Qazi had seven days
21  after service to file a reply brief.

22  C.  Motion for Assistance of Counsel (ECF No. 435)

23  Qazi filed a Notice to Assert the Right to Assistance of Counsel where he requests the court remove
24  Telia Williams, his stand-by counsel, and appoint new stand-by counsel. (ECF No. 435). Qazi believes
25  that Williams' behavior would prejudice him in front of a jury and argues she is hostile and unhelpful to

him. (*Id.* at 2). Qazi previously filed a similar motion. (*See* ECF No. 399). This Court denied the motion, (*see* ECF No. 406), and the District Judge affirmed the decision. (*See* ECF No. 426). Qazi also alleges problems securing funds through the Criminal Justice Act ("CJA") to pay his forensic scientist, George Schiro. (ECF No. 435 at 3). On March 29, 2017, the Court dismissed a similar motion without prejudice and instructed Qazi's private investigator to submit a CJA application, to be processed in the ordinary manner. (ECF No. 306 at 1).

As before, Qazi should have his forensic scientist file the appropriate paperwork with the Court. The CJA Administrator and Judge Gordon will review the application and make determinations in the ordinary course. There is a link to the application on the home page of the Court's website.

The Court will not remove Williams from the case and appoint new stand-by counsel because Qazi does not have a right to standby-counsel. *See United States v. Salemo*, 81 F.3d 1453 (9th Cir. 1996) (ruling that defendants do not have a constitutional right to advisory counsel and the CJA does not authorize payment for the services of advisory counsel); *United States v. Kienenberger*, 13 F.3d 1354, 1356 (9th Cir. 1996) (holding that the defendant did not have a right to court-appointed advisory or stand-by counsel because "[a] defendant does not have a constitutional right to 'hybrid' representation."). Although the Court can take discretionary measures to improve the relationship between a defendant and counsel, the Court has already done so and the circumstances have not changed since then.[1]

## CONCLUSION

Qazi's motions to dismiss are untimely. The AUSA's conduct does not rise to the level necessary to hold the AUSA in contempt. However, the Court reminds the AUSA to make sure Qazi gets documents in a timely fashion. Finally, the Court declines to appoint new standby-counsel.

ACCORDINGLY, and for good cause shown,

---

[1] *See* ECF No. 406. On March 13, 2018, Magistrate Judge Cam Ferenbach held a hearing to discuss dismissing Williams from the case. After hearing from the defendant, Magistrate Judge Ferenbach denied the Motion to Substitute Standby Counsel.

IT IS RECOMMENDED that Qazi's Motion to Dismiss for Statutory Vagueness (ECF No. 420) be DENIED.

IT IS FURTHER RECOMMENDED that Qazi's Motion to Dismiss for Insufficiency of the Indictment (ECF No. 421) be DENIED.

IT IS FURTHER RECOMMENDED that Qazi's Motion to Dismiss for Insufficient Evidence and Violation of the Commerce Clause (ECF No. 424) be DENIED.

IT IS ORDERED that Qazi's Motion for Order to Show Cause (ECF No. 431) is DENIED.

IT IS FURTHER ORDERED that Qazi's Notice to Assert the Right to Assistance of Counsel (ECF No. 435) is DENIED.

**NOTICE**

Pursuant to Local Rules IB 3-1, a party may object to orders issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* LR IB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. (*See* LSR 2-2).

DATED this 14th day of June, 2018.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE