Jacob B. Lee
Nevada Bar No. 012428
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1695
JLee@strucklove.com

Gina G. Winspear
Nevada Bar No. 005552
DENNETT WINSPEAR, LLP
3301 North Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
Telephone: (702) 839-1100
Fax: (702) 839-1113
GWinspear@dennettwinspear.com

Attorneys for CoreCivic/NSDC (Interested Party)

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OMAR QAZI,<br><br>Defendant. | Case No. 2:15-cr-00014-APG-VCF<br><br>**CORECIVIC'S BRIEF RE:**<br>**DEFENDANT'S RECORDED CALLS** |

Pursuant to the Court's June 21, 2018 Order (Doc. 442), CoreCivic/Nevada Southern Detention Center ("NSDC") (collectively, "CoreCivic"), through counsel, submits the following response to the Court's request for briefing on the issue of pro se Defendant, Omar Qazi's ("Defendant"), request for an Order precluding CoreCivic from recording his phone calls with his purported paralegal, investigator, and experts pursuant to the attorney-client privilege. The attorney-client privilege does not apply where a litigant is representing himself, as it requires both an attorney and a client. Although other protections, such as the work product doctrine, arguably may apply, safety and security considerations weigh against application of the protection in the

1  particular situation presented here. CoreCivic therefore respectfully requests that the Court deny

2  Defendant's request. Should the Court decide to hear oral argument on this issue, CoreCivic

3  requests that it be promptly informed so that it can make arrangements to have counsel present.

4  <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

5  **I.   LEGAL ARGUMENT**

6  **A.   The Attorney-Client Privilege Does Not Apply.**

7  The attorney-client privilege, like all privileges, "obstruct[s] the search for truth," and

8  therefore must be "strictly confined within the narrowest possible limits consistent with the logic

9  of [its] principles." *Whitehead v. Nevada Com'n on Judicial Discipline*, 110 Nev. 380, 414-15

10  (1994) (internal citations and quotations omitted). The purpose of the attorney-client privilege is

11  to protect communications between attorneys and clients and to "encourage clients to make full

12  disclosures to their attorneys in order to promote the broader public interests of recognizing the

13  importance of fully informed advocacy in the administration of justice." *See Wynn Resorts,*

14  *Limited v. Dist. Ct.*, 399 P.3d 334, 341 (Nev. 2017). Application of this privilege necessarily

15  requires <u>both</u> an attorney <u>and</u> a client in order to achieve this purpose. *Id.*; *see also* NRS § 49.095.

16  No such relationship exists here, where Defendant is acting as his own attorney, as "[Defendant]

17  is one person, and cannot by himself establish the existence of an attorney-client relationship."

18  *Naham v. Haljean*, No. 08 C 519, 2010 WL 3025574, at *2 (N.D. Ill. July 30, 2010).

19  Thus, even though the privilege generally extends to a third party acting as the attorney's

20  agent for purposes of representing the client—e.g., a paralegal or an investigator—there is no

21  privilege to extend to an agent where the litigant is representing himself. *Id.* (finding the pro se

22  plaintiff's conversations between the plaintiff and his former paralegal were not protected by the

23  attorney-client privilege); *see also U.S. v. Christensen*, 828 F.3d 763, 802-03 (9th Cir. 2015)

24  (recognizing that the attorney-client privilege may protect conversations between an attorney and

25  a private investigator retained by the attorney to assist in the attorney's representation of a client).

26  The Court should therefore deny Defendant's request that his phone calls with his purported

27  paralegal, investigator, and experts not be recorded pursuant to the attorney-client privilege.

28

1

2

**B.** **Although The Work Product Doctrine May Apply, Legitimate Security Interests Weigh Against Applying It Here.**

3

4

5

6

7

8

9

The Court's Order questioned whether "that privilege [the attorney-client privilege], or any other, applies to this situation." (Doc. 442.) Although none of the other privileges recognized in N.R.S. Title 4, Chapter 49 apply to Defendant's relationships with his purported paralegal, investigator, and experts, the work product doctrine arguably may apply. The work product doctrine is broader than the attorney-client privilege, and "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *Wynn Resorts*, 399 P.3d at 347 (quoting *U.S. v. Nobles*, 422 U.S. 225, 238 (1975)).[1]

10

11

12

13

14

15

16

17

18

19

20

21

Courts have held that, just as pro se litigants are bound to comply with the applicable rules of procedure, they may assert the protections of the work product doctrine. *See, e.g., Dowden v. Sup. Ct.*, 73 Cal.App.4th 126, 128 (1999) ("[W]e conclude that litigants appearing in propria persona may assert [the] work product privilege."); *Otto v. Box U.S.A. Group, Inc.*, 177 F.R.D. 698, 699 (N.D. Ga. 1997) ("It is the law of this District that a plaintiff who creates work-product material before hiring an attorney is still permitted to take advantage of the work-product doctrine."); *Halbach v. Boyman*, 377 N.J.Super. 202, 208 (N.J. App. 2005) ("Boyman was acting no less as an attorney when he invoked the work product privilege simply because he was proceeding pro se.").[2] Courts have also recognized that the doctrine may be asserted to protect recorded conversations as work product materials. *See, e.g., Otto*, 177 F.R.D. at 699 ("Neither party disputes that it would be considered work-product for an attorney to consensually record an interview with a third-party witness."); *Sea-Roy Corp. v. Sunbelt Equip. & Rentals, Inc.*, 172

22

23

24

---

[1] The doctrine, codified in Fed. R. Civ. P. 26(b)(3), applies in the criminal justice system as well. *See Nobles*, 422 U.S. at 238.

25

26

27

28

[2] *See also* Fed. R. Civ. P. 26(b(4)(C) (protecting communications between an attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications); Fed. R. Crim. P. 16(b)(2) (prohibiting discovery of "reports, memoranda, or other documents made by the defendant, or the defendant's attorney or agent, during the case's investigation or defense," and "a statement made to the defendant, or the defendant's attorney or agent, by the defendant; a government or defense witness; or a prospective government or defense witness").

F.R.D. 179, 182 (M.D.N.C. 1997) ("Defendants do not dispute that tape recorded conversations may, in fact, constitute work product material.") (citing cases).

None of these cases, however, deal with the specific situation presented here of a currently incarcerated criminal defendant representing himself pro se and seeking to prevent prison officials from recording his phone calls with non-attorney persons on the outside. Practical safety and security considerations outweigh any arguments Defendant may make that recording his phone calls with his purported paralegal, investigator, and experts prevents him from fully preparing his defense.

First, unlike with attorneys, whose status can be quickly verified via a search of the State Bar of Nevada website, there is not a similarly quick, easy, cost-effective, and *reliable* way to verify whether a person is a legitimate paralegal, investigator, or expert witness, as opposed to a detainee's spouse or significant other, fellow gang member, criminal co-conspirator, etc. If there is no possibility of calls between a detainee and these persons being recorded, there is no way to verify that the callers on the other end are actually assisting the detainee with the preparation of his defense, and there is nothing to stop the detainee from using the calls to arrange criminal activities to be carried out either inside or outside the facility, putting staff, other inmates, and the public at risk.

Second, other avenues exist for Defendant to prepare his defense without having his mental impressions, conclusions, opinions, or legal theories recorded. Standby counsel has been appointed for Defendant, and can communicate with any necessary investigators and experts on Defendant's behalf and enlist the aid of a paralegal to assist with these and other tasks as needed. Moreover, nothing precludes Defendant from receiving regular non-contact visits [3] from his purported team at the facility.

Third, accommodation of Defendant's request would present significant operational challenges. At most, a particular detainee usually has only one or two attorneys who, as discussed

---

[3] All visitation at NSDC other than attorney visitation is non-contact via the use of video monitors and telephones. Attorneys and their representatives (e.g., investigators, paralegals, and law students) are permitted legal contact visits in separate rooms that are not monitored or recorded except for a security window that allows for security staff observation.

1    above, can be quickly and easily verified as attorneys. If detainees were to be permitted to add

2    purported paralegals, investigators, and experts to the list of non-recorded phone calls, the time,

3    effort, personnel, and expense required to verify the identities of such persons would increase

4    exponentially, taking detention staff away from other duties and endangering the security of both

5    staff and detainees. Moreover, as discussed above, this opens up the potential for misuse of non-

6    recorded calls, further endangering not only staff and detainees inside NSDC, but the public

7    outside the facility.

8           Finally, there are no ready alternatives to provide Defendant the relief he seeks. Allowing

9    Defendant to exchange unmonitored written communications (i.e., legal mail), or to have

10   unmonitored visits (i.e., legal contact visits), with such persons would implicate the same—if not

11   greater—dangers and difficulties as unrecorded phone calls.

12          These concerns outweigh any interest Defendant may have in protecting his mental

13   impressions, conclusions, opinions, or legal theories. This is especially true where Defendant has

14   a constitutional right to have an attorney appointed for him who could prepare his defense within

15   the confines of both the attorney-client privilege and the work product doctrine, and has in fact

16   had standby counsel appointed and present at his court hearings, but has made the decision to

17   represent himself.

18   **III.    CONCLUSION**

19          Although Defendant has a right to represent himself, he does not have the right to dictate

20   changes to CoreCivic's policies and procedures, especially where such changes would potentially

21   put facility staff, other detainees, and the public at risk. Defendant's request that his phone calls

22   with his purported paralegal, investigator, and experts not be recorded should be denied. Should

23   the Court decide to hear oral argument on this issue, CoreCivic requests that it be promptly

24   informed so that it can make arrangements to have counsel present.

25

26

27

28

1   DATED this 29th day of June 2018.

2                                         STRUCK LOVE BOJANOWSKI & ACEDO, PLC

3

4                                         By /s/ Jacob B. Lee
                                             Jacob B. Lee
5                                            3100 West Ray Road, Suite 300
                                             Chandler, Arizona 85226
6                                            JLee@strucklove.com

7                                            Gina G. Winspear
                                             DENNETT WINSPEAR
8                                            3301 North Buffalo Dr., Suite 195
                                             Las Vegas, NV 89129
9                                            GWinspear@dennettwinspear.com

10                                           Attorneys for CoreCivic/NSDC (Interested Party)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3474376                          - 6 -

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on June 29, 2018, I electronically transmitted the attached document

3   to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of

4   Electronic Filing to the following CM/ECF registrants:

5          Alexandra M. Michael                                    Telia U. Williams
           United States Attorney's Office                        Law Office of Telia U. Williams, Esq.
6          501 Las Vegas Blvd. South, Suite 1100        10161 Park Run Dr., Ste. 150
           Las Vegas, NV 89101                                    Las Vegas, NV 89145
7          alexandra.m.michael@usdoj.gov                   teliauwilliams@telialaw.com

8          Elizabeth Olson White                                 *CJA Appointment for Defendant Qazi*
           United States Attorney's Office
9          District of Nevada
           400 South Virginia Street, Ste. 900
10         Reno, NV 89501
           elizabeth.o.white@usdoj.gov
11
           Patrick Burns
12         U.S. Attorney's Office
           501 Las Vegas Blvd. South, Ste. 1100
13         Las Vegas, NV 89101
           john.p.burns@usdoj.gov
14
           *Attorneys for Plaintiff USA*
15
16         I hereby certify that on this same date, I served the attached document by U.S. Mail,

17  postage prepaid, on the following, who is <u>not</u> a registered participant of the CM/ECF System:

18         Omar Qazi
           49760−048
19         Nevada Southern Detention Center
           2190 East Mesquite Ave
20         Pahrump, NV 89060

21         *Defendant Pro Se*

22                                                                         /s/ Jacob B. Lee
23                                                              _____

24

25

26

27

28

3474376                                             - 7 -