DAYLE ELIESON
United States Attorney
ALEXANDRA MICHAEL
PATRICK BURNS
Nevada Bar No. 11779
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388- 6020
John.P.Burns@usdoj.gov

*Representing the United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No.: 2:15-cr-00014-APG-VCF |
| **Plaintiff,** | **GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE ANY ARGUMENT OR EVIDENCE REGARDING (1) PROSECUTORIAL CHARGING DECISIONS; OR (2) PRETRIAL LITIGATION** |
| **vs.** | |
| **OMAR QAZI,** | |
| **Defendant.** | |

**CERTIFICATION: The undersigned counsel certifies that this Motion is timely filed**.

The United State of America, by and through DAYLE ELIESON, United States Attorney, and ALEXANDRA MICHAEL and PATRICK BURNS, Assistant United States Attorneys, hereby respectfully submit this Government's Motion In Limine to Preclude Any Argument or Evidence Regarding (1) Prosecutorial Charging Decisions; and (2) Pretrial Litigation.

/ / /

/ / /

/ / /

1

## POINTS AND AUTHORITIES

### I.      Introduction

Defendant Omar Qazi (Qazi) is charged in a one-count indictment with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Qazi's DNA was found on the subject firearm and he gave a recorded confession admitting his guilt. Based on his filings, letters, and in-court statements, the Government anticipates that Qazi will attempt to introduce at trial argument and/or evidence relating to: (1) the Government's decision to exercise its prosecutorial discretion to indict him;[1] and (2) pretrial litigation that has taken place regarding discovery, motion practice, and other issues.[2] Because neither of those topics are relevant to the jury's determination at trial and would otherwise be used by Qazi for improper purposes, such as distracting the jury, wasting time, and encouraging nullification, the Government moves for an order in limine precluding Qazi from introducing such arguments and/or evidence at trial.

### II.     Legal Argument

**A.     The Court Should Preclude Any Evidence or Argument Related to the Government's Exercise of its Prosecutorial Discretion to Charge Qazi**

The Government anticipates that Qazi may seek to introduce evidence related to prosecutorial decisions made by the United States Attorney's Office for the District of Nevada and also by the State of Nevada. This evidence may be related to such things as

---

[1] *See, e.g.*, ECF No. 99 at 7-15 (Qazi's motion to dismiss claiming that state prosecution deprives Government of power to indict him federally); 221 at 2:20-4:17 (Qazi brief arguing that his case "is a state case" and Government has no jurisdiction to prosecute him).

[2] Among other things, Qazi intends to introduce into evidence the hearsay transcript of his suppression hearing, and he has stated in a jail call posted to YouTube that he intends to make an issue of his pretrial detention pending trial.

2

the decision to file federal charges against Qazi, the State of Nevada's decision to dismiss state charges, and similar topics. The Government believes that Qazi use such argument/evidence to mount some sort of defense that he was already charged for this conduct but the case was dismissed – hence, the jury should not convict him in this case. He also may attempt to encourage the jury to nullify the law by arguing that he should be acquitted because the case would have stayed in state court absent "federal overreach." These types of arguments and evidence should be excluded from trial.

Prosecuting attorneys have broad discretion in handling criminal matters. Thus, if a prosecutor believes there is probable cause that a crime has been committed, "the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Wayte v. United States*, 470 U.S. 598, 607-08 (1985) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). "This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review. Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake." *United States v. JDT*, 762 F.3d 984, 996 (9th Cir. 2014) (citing *Wayte*, 470 U.S. at 607).

In addition, evidence bearing on the government's decision to prosecute is "extraneous and collateral" and thus should be excluded from trial. *See United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument"); *United States v. Berrigan*, 482 F.2d 171, 174-76 (3d Cir. 1973) (affirming exclusion of evidence relating to

"discriminatory prosecution"). It is settled law that inquiries regarding the subjective intentions or motivations of a government agent are irrelevant to determining the factual guilt or innocence of a defendant. *See, e.g.*, *United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (noting, even in the context of an entrapment defense, it was proper for the trial court not to "allow the defense to mount an inquiry into the mental states of the investigating officers since such an inquiry was irrelevant"). For these same reasons, a jury should not be permitted to consider evidence or testimony related to matters of prosecutorial discretion.

Accordingly, the jury should not be allowed to review documents or evidence, or hear argument, concerning the Government's decision to charge Qazi, what charges it selected, or whether Qazi was charged for conduct arising from the facts or circumstances of a case in another jurisdiction, or why the State of Nevada chose to dismiss state charges. These decisions are purely within the discretion of the prosecution. Whether to charge or not charge a particular target, what charges to bring before the grand jury, and whether to proceed with new or different charges is not relevant to whether Qazi committed the crimes alleged in the indictment. Put simply, these discretionary decisions have absolutely no bearing on any fact of consequence in this case. Therefore, this evidence should be excluded under Rule 401.

Even if the Court were to believe that there was some relevance to this evidence, the relevancy of these determinations would be substantially outweighed by unfair prejudice, confusing the jury, and misleading the jury. *United States v. Reed*, 641 F.3d 992, 993 (8th Cir. 2011) ("Several circuits have unanimously upheld the exclusion of evidence of prior charging decisions on the ground that many factors unrelated to guilt

may influence those decisions and their admission therefore risks misleading the jury and confusing the issues." (citations omitted)). In this instance, introduction of this evidence would be purely motivated to inflame the passions of the jury by asserting that the Government was wrong to select Qazi for prosecution when state court charges were already pending against him. However, the jury, like a judge, would not have the ability to fully evaluate all of the factors that go into these types of determinations – such as the strength of a particular case, the deterrence value or the prosecutions enforcement policies or resources. Thus, allowing a jury to review these types of prosecutorial decisions is no different than a judge intervening in these determinations. For the same reasons, this type of argument should not be permitted to be made to the jury. Thus, even if relevant, this evidence should be excluded at trial.[3, 4]

## B.   Issues Related To Pretrial Motion Practice and Discovery Matters Are Irrelevant

It is believed that Qazi may attempt to "litigate the litigation" before the jury. Specifically, based on Qazi's previous filings and innuendos, the Government anticipates that Qazi will attempt to argue to the jury, or present evidence, that the Government has somehow engaged in some sort of improper conduct based upon pretrial litigation actions or alleged discovery violations. This would be highly improper.

As a starting point, pretrial litigation conduct and discovery related matters are

[3] Note that if Qazi chose to question or challenge the Government's exercise of its discretion to charge him federally, a proper rejoinder would involve the Government's consideration of Qazi's criminal history and propensity for violence in exercising its discretion. Qazi would do well to leave that door closed at trial.
[4] Should the content of the transcript of the preliminary hearing held for Qazi in Las Vegas Justice Court become admissible under the Federal Rules of Evidence, the Government obviously does not object to Qazi being able to use the transcript for legitimate purposes, such as impeaching a witness with a prior inconsistent statement made at the preliminary hearing.

5

not related to any of the elements of the crimes charged in the indictment nor are they a proper basis for a "defense." In fact some courts have expressly recognized that any evidence or argument that relates specifically to pretrial litigation between the parties would simply be an attempt to litigate the litigation before the jury, which is impermissible. *See generally, Timberlake Const. Co. v. U.S. Fidelity & Guaranty Co.*, 71 F.3d 335, 340 (10th Cir. 1995) (once litigation is commenced, the actions taken in defense of that litigation, are not probative of whether or not the underlying torts were committed.) Strategies and tactics used by parties in pretrial litigation are not relevant to prove any issue of consequence in a case.  On this basis alone, these matters are not relevant and should be deemed inadmissible. Fed. R. Evid. 402 (irrelevant evidence is not admissible).

Additionally, permitting evidence related to pretrial conduct or alleged discovery violations would also be improper pursuant to Federal Rule of Evidence 403. First, allowing this type of evidence is unnecessary. If the Government did engage in any type of "improper conduct" – including any alleged discovery violations, this would be a question for the Court to decide – not the jury. This would raise issues of law – which are the exclusive province of the Court. In this same vein, the Court can impose an entire host of remedies against a party that violates its discovery violations – or even engages in improper conduct. Fed. R. Crim. Pro. 16(d)(2). If the Court were to permit Qazi to make these kinds of arguments to the jury, it would place the type of sanction to be imposed – if any – on the jury. This would be highly prejudicial to the Government.

Moreover, allowing Qazi to provide evidence to the jury of the Government's decisions to engage in pretrial motion practice or the like would undermine and

discourage attorneys from zealously advocating for their clients within the bounds set by law. *See Timberlake*, 71 F.3d at 341. In order to rebut these types of assertions, Government counsel would become a witness in the case. This would violate the undersigned's Nevada ethical obligations. *See* Nev. R. Prof. Cond. 3.7. There would be no other witness that could explain what actions were taken to provide discovery, what pretrial motion practice was engaged in and why, or other strategic decisions or actions taken by the Government during pretrial litigation. This would require that counsel violate an ethical rule, and would be highly prejudicial to the Government.

Finally, allowing this type of evidence would be confusing to the jury, create an undue delay, and, ultimately, would be a waste of time. Thus, for all of these reasons, Qazi should be precluded from making any direct argument, offering evidence, or making improper innuendos to the jury related to the pretrial proceedings between the parties, including motion practice, discovery, continuances, self-representation, etc.

### III.   <u>Conclusion</u>

For the foregoing reasons, the Government respectfully requests that the Court enter an order in limine precluding Qazi from the following:

1.   Making any statement or argument to the jury related to pre-trial litigation, discovery matters, or pre-trial orders to the jury in both this case and the proceedings in Nevada state courts;

2.   Introducing any evidence or attempting to illicit any testimony from any witness related to pre-trial litigation, discovery matters, or pre-trial orders related to either this case or the proceedings in the Nevada state courts;

3.     Making any statement or argument to the jury related to matters of prosecutorial discretion, including but not limited to, the decision to charge Qazi, what charges to bring, and/or any reference to dismissal of charges in Nevada state courts; and,

4.     Introducing any evidence or from attempting to illicit any testimony from any witness related to matters of prosecutorial discretion, including but not limited to, the decision to charge Defendant, what charges to bring, and/or any reference to the State of Nevada's decision to dismiss charges in state court.[5]

DATED this 5th day of July, 2018.

Respectfully submitted,

DAYLE ELIESON
United States Attorney

//s//

ALEXANDRA MICHAEL
PATRICK BURNS
Assistant United States Attorneys

---

[5] The Government anticipates that Qazi will fail to abide by any such orders. Should he disregard such an order of the Court during trial, the Government will request that he be held in contempt and punished with a consecutive jail sentence for each violation.

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

## <u>CERTIFICATE OF SERVICE</u>

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing **GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE ANY ARGUMENT OR EVIDENCE REGARDING (1) PROSECUTORIAL CHARGING DECISIONS; OR (2) PRETRIAL LITIGATION** was sent to Defendant Qazi via United States mail addressed to:

    Mr. Omar Qazi #49760048
    NSDC 2190 East Mesquite Avenue
    Pahrump, Nevada, 89060

and on stand-by counsel Telia Williams, Esq., via electronic service by ECF, on July 5, 2018.

**DATED** this 5th day of July, 2018.

                        / s / Patrick Burns
                        _____
                        PATRICK BURNS
                        Assistant United States Attorney