DAYLE ELIESON
United States Attorney
ALEXANDRA MICHAEL
PATRICK BURNS
Nevada Bar No. 11779
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388- 6020
John.P.Burns@usdoj.gov

*Representing the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>OMAR QAZI,<br><br>Defendant. | Case No.: 2:15-cr-00014-APG-VCF<br><br>**GOVERNMENT'S MOTION IN LIMINE REGARDING COURTROOM PROCEDURES WITH PRO SE DEFENDANT** |

**CERTIFICATION: The undersigned counsel certifies that this Motion is timely filed**.

The United State of America, by and through DAYLE ELIESON, United States Attorney, and ALEXANDRA MICHAEL and PATRICK BURNS, Assistant United States Attorneys, hereby respectfully submit this Government's Motion In Limine Regarding Courtroom Procedures with Pro Se Defendant.

/ / /

/ / /

/ / /

/ / /

1

## POINTS AND AUTHORITIES

### I. Introduction

Defendant Omar Qazi (Qazi) is charged in a one-count indictment with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Qazi's DNA was found on the subject firearm and he gave a recorded confession admitting his guilt. Based on his custody status and history of failing to conduct himself in a professional and safe manner while in court, *see, e.g.*, ECF No. 375 at 41-46 (Qazi engaging in violent outburst while referring to AUSA by her name and as a "punk ass bitch"), it is anticipated that Qazi may be required to remain shackled throughout the trial proceedings. Ordinarily, in order to ensure that the jury does not see a defendant's shackles, a drape is placed around the counsel table. In addition, if a defendant does not waive his presence at sidebar discussions, those issues are resolved when the Court is on recess and outside the presence of the jury. However, in this case, there are additional issues that will arise given Qazi's election to represent himself.

Ordinarily, attorneys present their opening and closing statements by standing at a podium. Attorneys question witnesses, during both direct and cross examination, by standing at a podium. In each instance, the attorneys must move to and from counsel table. In addition, attorneys may have occasion to walk exhibits to either the court clerk or the witness. However, in this case, each of these actions has the potential to reveal that Qazi is shackled and in custody. In addition, Qazi's custody status might also be revealed during sidebar meetings with the Court following objections that must be resolved outside the presence of the jury. As a result, there are a number of courtroom procedures that may be impacted by Qazi's custody status – particularly if he remains

shackled. The Government requests that, if the Court orders Qazi shackled during trial, that the Court enter an order in limine implementing courtroom procedures and protocols to ensure Qazi's due process rights are not violated and to provide guidance to the parties.

## II. Legal Argument

### A. Due Process Does Not Permit The Use Of Visible Restraints

Whether a defendant will be required to be shackled during a trial is within the discretion of the district court. *United States v. Cazares*, 788 F.3d 956, 963 (9th Cir. 2015). In exercising this discretion, the district court must: (1) be persuaded by compelling circumstances that some measure is needed to maintain the security of the courtroom; and, (2) pursue less restrictive alternatives before imposing physical restraints. *Id*. Whether Qazi will be required to be shackled during this trial will be a decision within the Court's discretion. Here, Qazi has a lengthy criminal history, including felony and misdemeanor convictions for violent crime. He has demonstrated a propensity for violence during court proceedings, verbally threatened an AUSA, and generally demonstrated a lack of respect for the authority of multiple federal judges. Thus, it appears that there are sufficiently compelling circumstances that may require "some measure" to "maintain security in the courtroom." *Id*. The Government is unaware, what, if any, less restrictive alternatives can be imposed short of physical restraints to maintain the courtroom security. This is a question best posed to the United States Marshals Service Deputies, who are experts at courtroom security.[1]

---

[1] The Government takes no position on whether Qazi should or should not be shackled.

However, if Qazi is shackled, "due process does not permit the use of visible restraints if the trial court has not taken account of the circumstances of a particular case." *Id.* (quoting *Deck v. Missouri*, 544 U.S. 622, 632 (2005). The reason for this is simple: "visible shackling undermines the presumption of innocence and the fairness of the fact finding process." *Id.* For these reasons, in the presence of the jury, defendants are usually not handcuffed or placed in other visible restraints. *Id.* (citing *Stewart v. Corbin*, 850 F.2d 492, 497 (9th Cir. 1988).

In this case, if Qazi is shackled during trial, there must be measures taken to ensure that Qazi's shackles are not seen by the jury and his due process rights are not violated. This will be particularly important and unique given that Qazi is representing himself. Accordingly, there must be measures taken to ensure that Qazi will still be able to have control over the organization of his defense, make motions, participate in voir dire, question witnesses and the like. *See McCaskle v. Wiggins*, 465 U.S. 168, 174 (1984). In order to ensure that Qazi's due process rights are not violated and that his restraints are not seen, the Government offers the following protocols to be implemented at the time of trial:[2]

---

This is a decision that is best left to the discretion of the Court and based upon information received from court security experts. This motion is made in an abundance of caution in anticipation of the possibility that Qazi will be shackled during the proceedings.

[2] These are only suggestions by the Government and are not intended to be an exhaustive list. Rather, the Government expects that the Court may have utilized similar or additional protocols in previous cases. The protocols listed here are only suggestions to ensure that the trial is fair and just to all parties.

(1) Qazi must be brought in and out of the courtroom outside the presence of the jury;

(2) Drapes should be placed around counsel table;

(3) Qazi should be permitted to go to the podium prior to opening statement and closing argument outside of the presence of the jury and both he and the Government should be required to stand directly behind the podium at all times during these presentations to ensure that there is no movement or noise created from the restraints;

(4) Both Qazi and Government counsel should be required to conduct direct and cross examination while remaining seated at counsel table;

(5) Neither Qazi nor Government counsel should stand when the jury enters the room or when making any objections to the Court (so as to avoid any noise from the restraints);

(5) If Qazi has any exhibits that need to be taken to the court clerk or a witness, Government counsel shall be required to walk the document(s) to and from the court clerk and/or witnesses; and,

(6) Any objections that require a sidebar conference should be held during a recess outside the presence of the jury.

If additional issues arise during trial, the Government requests that the Court take any and all necessary measures to ensure that Qazi's shackles are not seen by members of the venire or the jury.

///

///

///

### III.  Conclusion

For the foregoing reasons, the Government respectfully requests that the Court enter an order in limine adopting the above protocols, and such other protocols as the Court sees fit, if Defendant Qazi is shackled during the trial.

DATED this 5th day of July, 2018.

                Respectfully submitted,

                DAYLE ELIESON
                United States Attorney

                //s//

                ALEXANDRA MICHAEL
                PATRICK BURNS
                Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing **GOVERNMENT'S MOTION IN LIMINE REGARDING COURTROOM PROCEDURES WITH PRO SE DEFENDANT** was sent to Defendant Qazi via United States mail addressed to:

Mr. Omar Qazi #49760048
NSDC 2190 East Mesquite Avenue
Pahrump, Nevada, 89060

and on stand-by counsel Telia Williams, Esq., via electronic service by ECF, on July 5, 2018.

**DATED** this 5th day of July, 2018.

/ s / Patrick Burns
_____
PATRICK BURNS
Assistant United States Attorney