DAYLE ELIESON
United States Attorney
ALEXANDRA MICHAEL
PATRICK BURNS
Nevada Bar No. 11779
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702)  388-6336/Fax: (702) 388- 6020
John.P.Burns@usdoj.gov

*Representing the United States of America*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-oOo-

| UNITED STATES OF AMERICA, | Case No.: 2:15-cr-00014-APG-VCF |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANT QAZI FROM INTRODUCING INADMISSIBLE HEARSAY AND TO EXCLUDE DEFENSE EXHIBITS 501; 503-505; 508; 514-517; 522-528; AND 530 |
| vs. | |
| OMAR QAZI, | |
| Defendant. | |

**CERTIFICATION: The undersigned counsel certifies that this Motion is timely filed**.

The United State of America, by and through DAYLE ELIESON, United States Attorney, and ALEXANDRA MICHAEL and PATRICK BURNS, Assistant United States Attorneys, hereby respectfully submit this Government's Motion In Limine to Preclude Defendant Qazi from Introducing Inadmissible Hearsay and to Exclude Defense Exhibits 501; 503-505; 508; 514-517; 522-528; and 530.

/ / /

/ / /

/ / /

1

# POINTS AND AUTHORITIES

## I. Introduction

Defendant Omar Qazi (Qazi) is charged in a one-count indictment with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Qazi's DNA was found on the subject firearm and he gave a recorded confession admitting his guilt. Qazi is representing himself *pro se* and plans to call his mother and numerous other witnesses during a defense-case-in-chief. ECF No. 395. Qazi has an extensive criminal history and has sustained multiple criminal convictions that could be used to impeach him if he chose to take the stand and testify. Except as otherwise introduced by the Government as non-hearsay admissions by a party opponent, Fed. R. Evid. 801(d)(2), Qazi's out-of-court statements constitute inadmissible hearsay. The Government now moves for an order in limine precluding Qazi from attempting to introduce his own out-of-court statements into evidence at trial.

Qazi has also noticed as defense exhibits numerous documents, including police reports, newspaper articles, letters, and court minutes, and transcripts of prior hearings and testimony. ECF No. 400; Defense Exhibits 501-530, attached hereto as Exhibit 1. The Government now moves for an order in limine precluding Qazi from introducing these hearsay documents into evidence at trial. Specifically, the Government seeks an order excluding Defense Exhibits 501; 503-505; 508; 514-517; 522-528; and 530.

/ / /

/ / /

/ / /

## II. Legal Argument

**A. Unless Introduced by the Government as Admissions by a Party Opponent, Qazi's Out-of-Court Statements Constitute Inadmissible Hearsay – the Court Should Issue an Order in Limine Precluding Qazi from Attempting to Introduce Such Statements Into Evidence**

A defendant's out-of-court statement constitutes inadmissible hearsay under Federal Rules of Evidence 801(c)[1] and 802.[2] Only when offered by an adversary opposing party is a defendant's own out-of-court statement admissible as non-hearsay. Fed. R. Evid. 801(d)(2).[3] The Federal Rules of Evidence do not entitle a defendant to introduce into evidence his own self-serving, exculpatory out-of-court statements. "The rules [of evidence] do not … provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party." *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996); *see also United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005) ("Rule 801(d)(2) ... does not extend to a party's attempt to introduce his or her *own* statements through the testimony of other witnesses.") (emphasis in original); *United States v. Doxy*, 225 Fed. Appx. 400, 402 (7th Cir. 2007) ("Typically, a party's self-serving, exculpatory, out-of-court statement is inadmissible

---

[1] ("'Hearsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement.").

[2] ("Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court.").

[3] ("An Opposing Party's Statement. The statement is offered against an opposing party and:
   (A) was made by the party in an individual or representative capacity;
   (B) is one the party manifested that it adopted or believed to be true;
   (C) was made by a person whom the party authorized to make a statement on the subject;
   (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
   (E) was made by the party's coconspirator during and in furtherance of the conspiracy.
The statement must be considered but does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D); or the existence of the conspiracy or participation in it under (E).").

hearsay."), *cert. denied*, *Doxy v. United States*, 552 U.S. 911, 128 S. Ct. 258, 169 L. Ed. 2d 189 (2007). The rationale for this rule is obvious: a defendant should not be able to avoid the crucible of cross-examination by introducing his own unreliable and self-serving out-of-court statements.

Defendants who are unwilling to testify and be subject to cross-examination, often attempt to introduce their own self-serving exculpatory out of court statements through another witness (such as an interviewing officer) and then justify admissibility based on Rule 106, codifying the "rule of completeness." Such efforts must fail, however, because "the rule of completeness is not a mechanism to bypass hearsay rules for any self-serving testimony." *United States v. Gonzalez*, 399 F. App'x 641, 645 (2d Cir. 2010); *see also United States v. Perez*, No. EDCR1300087AVAP, 2014 WL 12689229 at 5 (C.D. Cal. 2014), *aff'd*, 662 F. App'x 495 (9th Cir. 2016) ("As the Government correctly notes, the rule of completeness does not trump the rule that '[a] defendant does not have the right to present self-serving hearsay statements.'").

A defendant is also not even entitled to introduction of the entirety of a recorded statement merely because the Government has first introduced an inculpatory portion of the statement. "The rule of completeness … does not necessarily require admission of [an entire statement, writing or recording.] Rather, only those portions which are relevant to an issue in the case and necessary to clarify or explain the portion already received need to be admitted." *United States v. Lopez–Medina*, 596 F.3d 716, 735 (10th Cir. 2010) (*quoting United States v. Moussaui*, 382 F.3d 453, 481 (4th Cir. 2004)). "In determining whether a disputed portion of a statement must be admitted [under the rule of completeness], the trial court should consider whether (1) it explains the admitted

4

evidence, (2) places the admitted evidence in context, (3) avoids misleading the jury, and (4) insures fair and impartial understanding of the evidence." *Id.*; *accord United States v. Lewis*, 641 F.3d 773, 785 (7th Cir. 2011). "Because neither the Constitution nor the rule of completeness requires admission of [the] entire statement once any portion is admitted in a criminal prosecution, courts have required defendants to demonstrate with particularity any unfairness in selective admission of the prior ... statement." *United States v. Fisher*, Case No. 06–CR20415–2, 2008 WL 2605405 at 1 (E.D. Mich. 2008) (*citing United States v. Branch*, 91 F.3d 699 (5th Cir. 1999)).

The Government anticipates that Qazi will attempt to introduce his own out-of-court statements into evidence through the direct or cross examination of witnesses who testify at the trial. For instance, Qazi intends to call his mother as a witness at trial. Were he to attempt to elicit his own out-of-court statements through his mother, that would clearly be improper. Because the Federal Rules of Evidence make his out-of-court statements inadmissible unless offered by the Government or under some other exception or exclusion, the Court should issue an order in limine precluding Qazi from engaging in such conduct at trial.

### B. Qazi Should be Precluded from Introducing Into Evidence the Inadmissible Hearsay Documents He Has Designated as Defense Exhibits 501; 503-505; 508; 514-517; 522-528; and 530

*Qazi Should be Precluded from Introducing Into Evidence Defense Exhibits 501; 503-504; 505 (CAD and Unit Log); 522-523; and 525 Because They Are Inadmissible Hearsay Documents*

"Police reports are generally excludable as hearsay." *United States v. Jimenez*, 275 F. App'x 433, 438 (5th Cir. 2008) (citing *United States v. Lopez-Moreno*, 420 F.3d 420, 437 (5th Cir. 2005)); *see also* Sulayman v. Obama, 729 F. Supp. 2d 26, 34–35 (D. D.C.

5

2010) (noting FD-302s and other federal investigative reports "all [] contain hearsay in one form or another"). Such reports often involve "multiple layers of hearsay" and would require an independent basis of admissibility for each hearsay layer. *Cairel v. Alderden*, 821 F.3d 823, 830 (7th Cir.), *cert. denied*, 137 S. Ct. 493, 196 L. Ed. 2d 403 (2016) (citing Fed. R. Evid. 805)). Rule 802's exclusion of hearsay evidence is not surmounted merely by showing that a police report is a public record. *See, e.g.*, *Graham v. Jersey City Police Dep't*, No. CIV.A. 11-7326 WJM, 2014 WL 7177362, at *3 (D. N.J. 2014) ("While a police report may be a public record, the contents of the police report, i.e., the statements made to police from a witness, are inadmissible hearsay where, as in this case, Defendants are offering the police report to establish the truth of the matters set forth in the report." (citations omitted)).

The defense is, of course, free to ask a witness whether he or she made a statement that is reflected in a police report. However, if the defense is not satisfied with the witness's answer, the defense may not publish or introduce the contents of the report as a prior inconsistent statement. *See United States v. Brika*, 416 F.3d 514, 529 (6th Cir. 2005) (holding that "such documents [FBI 302s] have been deemed inadmissible for impeaching witnesses on cross-examination"), *abrogated on other grounds by United States v. Booker*, 543 U.S. 222 (2005); *United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980) (holding that because "the written statement of the FBI agent was not attributable to [the witness]" it was "properly rejected as a prior inconsistent statement"); *United States v. Hill*, 526 F.2d 1019, 1026 (10th Cir. 1975) (upholding the trial court's decision to "not allow counsel to use the 302 statement to impeach a witness because the witness did not prepare or sign the document and probably never adopted

it"). Moreover, the defense may not use the police report in a way that suggests to the jury that the report is a statement of the witness if the witness did not write the report. See *United States v. Marks*, 816 F.2d 1207, 1210-11 (7th Cir. 1987) (holding that where defense counsel read from a 302 during cross-examination in a way that would "seem authoritative" and potentially confuse the jury, the judge was entitled to require the witness be shown the 302 and given the opportunity to adopt or reject it as a statement, although such a practice was no longer required by the federal rules of evidence).[4]

Here, Qazi has designated numerous police reports and documents as defense exhibits he intends to introduce into evidence at trial. Specifically, his Defense Exhibits 501 and 523 consist of the LVMPD arrest, property, and miscellaneous reports, as well as the search warrant documents related to this case. All of those items constitute hearsay and most contain multiple levels of hearsay. Defense Exhibits 503 and 525 are reports from the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and are inadmissible hearsay for the same reasons. Defense Exhibit 504 is an uncertified printout of aggregated vehicle registration information, which also constitutes hearsay. Defense Exhibit 505 is a disc of LVMPD radio traffic and the CAD and unit log for the event number under which Qazi was arrested. The CAD and unit log are also hearsay documents that are inadmissible.[5] Defense Exhibit 522 is an arrest report related to the arrest of former LVMPD detective Michael Kitchen. That document is also inadmissible

---

[4] Likewise, in the appropriate circumstances and with the proper foundation, the defense may attempt to refresh the witness's recollection by showing the witness the report, but only if the defense does so in a manner that does not imply that the report is the witness's own statement.

[5] There might be an applicable hearsay exception through which the radio traffic recording could be introduced, but that exception would not also apply to the CAD and unit log.

hearsay. Because the foregoing documents all constitute inadmissible hearsay without any obvious exception or exclusion, Qazi should be precluded from introducing them into evidence.

*Qazi Should be Precluded from Introducing Into Evidence Defense Exhibits 514-517 Because They Are Hearsay Newspaper Clippings*

Newspaper articles are "classic, inadmissible hearsay." *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005); *see also De La Cruz v. DuFresne*, 533 F. Supp. 145, 149 (D. Nev. 1982) ("The copies of newspaper articles attached to the plaintiff's memoranda of points and authorities are hearsay."). Indeed, "[e]ven when the actual statements quoted in a newspaper article constitute nonhearsay, or fall within a hearsay exception, their repetition in the newspaper creates a hearsay problem." *Green v. Baca*, 226 F.R.D. 624, 637–38 (C.D. Cal. 2005), *order clarified*, No. CV 02-204744MMMMANX, 2005 WL 283361 (C.D. Cal. 2005) (citing and quoting, *inter alia*, *Larez v. City of Los Angeles*, 946 F.2d 630, 642 (9th Cir. 1991) ("As the reporters never testified nor were subjected to cross-examination, their transcriptions of Gates's statements involve a serious hearsay problem")).

Qazi has designated as Defense Exhibits 514-517 four newspaper clippings relating to the arrest and criminal case of former LVMPD detective Michael Kitchen. Those newspaper clippings are inadmissible hearsay. Moreover, they contain multiple levels of hearsay to the extent that they, among other things, recount the out-of-court

statements of attorneys and judges. These exhibits should be excluded because they are inadmissible and no exception or exclusion applies.[6]

### *Qazi Should be Precluded from Introducing Into Evidence Defense Exhibits 508; 523-524; 530 Because They Are Hearsay Transcripts and Minutes of Court Proceedings*

Federal Rule of Evidence 804(b)(1) creates a hearsay exception for "former testimony" by an unavailable witness provided that the testimony: "(A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and (B) is now offered against a party who had…an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1). It may also be the case that *portions* of a transcript may be introduced to impeach a witness with a prior inconsistent statement under Rule 801(d)(1)(A), which excludes such inconsistent statements from the definition of hearsay.[7] But that does not mean the entire transcript, the balance of which still constitutes hearsay, would necessarily be admitted into evidence. Prior consistent statements contained within the same transcript would be inadmissible unless they qualified for admission under Rule 801(d)(1)(B).[8] Such statements are only admissible non-hearsay if they predate a motive to fabricate. *United States v. Frazier*, 469 F.3d 85,

---

[6] In a separate motion, the Government will be seeking exclusion of any evidence regarding Kitchen's misconduct. However, even if such a topic was deemed admissible, the hearsay rule would still prohibit Qazi from introducing these newspaper clippings into evidence.

[7] ("(d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay: (1) A Declarant-Witness's Prior Statement. The declarant testifies and is subject to cross-examination about a prior statement, and the statement: (A) is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition…").

[8] (excluding from the definition of hearsay a witness's out-of-court statement that "(B) is consistent with the declarant's testimony and is offered: (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground[.]").

92 (3d Cir. 2006) (discussing *Tome v. United States*, 513 U.S. 150, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995)); *see also United States v. Collicott*, 92 F.3d 973, 979 (9th Cir. 1996), *as amended* (Oct. 21, 1996) ("Prior consistent statements by a witness 'may not be admitted to counter all forms of impeachment or to bolster the witness merely because she has been discredited.'" (quoting *Tome, supra*)). For instance, Qazi's mother's consistent statements during her preliminary hearing testimony are not admissible since a motive to fabricate—the desire not to see her son convicted—had already arisen prior to that hearing. Finally, the admissibility of inconsistent statements also does not mean that the *entire* transcript of proceedings, including all the witness testimony, attorney argument, and judicial findings, would become admissible non-hearsay evidence to be given to the jury.

Qazi has designated as Defense Exhibits 508 and 530 the transcript of his state court preliminary hearing and the transcript of a federal court hearing on his unsuccessful motion to suppress, respectively. Those transcripts constitute hearsay and are, at this point, inadmissible. Qazi has failed to demonstrate the unavailability of any of these witnesses, thus Rule 804(b)(1)'s exception for former testimony does not apply.[9] Qazi may believe that the transcripts will contain some prior inconsistent statements when certain witnesses testify at trial, but the witnesses will have to testify before it can be known if inconsistencies have arisen such that Rule 801(d)(1)(A) would permit the introduction of a statement during prior testimony. And even were such an event to occur, Qazi would not be entitled to simply throw the entire transcript into evidence *en*

---

[9] Qazi has given no notice and has filed no motion regarding such unavailability of a witness.

*masse*. Qazi should be prohibited from introducing these exhibits into evidence, absent the identification of specific portions that qualify under some hearsay exception or exclusion.

Qazi has designated as Defense Exhibits 523-524 the uncertified online court minutes from his state court case; these minutes reflect dismissal of state charges. These documents are inadmissible hearsay. The Court should preclude Qazi from introducing these exhibits on that basis. The Court should also preclude Qazi from introducing those exhibits into evidence under Rule 403 because they lack any relevance to the issues the jury will consider. Qazi appears intent on confusing the jury by presenting the state court minutes showing that the state court charges were dismissed. The State of Nevada dismissed those charges in its prosecutorial discretion and in the typical fashion that occurs when the United States adopts a state firearm possession case. In addition to sowing confusion, the exhibits would engender undue delay by generating a mini-trial as to the State of Nevada's dismissal and its reasons.

*Qazi Should be Precluded from Introducing Into Evidence Defense Exhibits 526-527 Because They Are Hearsay Letters*

As Defense Exhibits 526-527, Qazi intends to introduce correspondence between Julie Embry and the LVMPD records bureau. These documents are classic hearsay, constituting neither business records nor public records. Thus, they are not admissible under any exception or exclusion. Qazi should be barred from introducing them into evidence.

/ / /

/ / /

*Qazi Should be Precluded from Introducing Into Evidence Defense Exhibit 528 Because It Is an Out-of-Court Statement of His Expert's Conclusion, Not a Document Upon Which the Expert Relied in Forming His Conclusions, Thus It Is Inadmissible Hearsay Unsupported by an Exception or Exclusion*

Qazi has noticed an expert witness who will be called upon to render opinions regarding the DNA evidence in this case. He has also, however, designated as Defense Exhibit 528 a three-page report prepared by the witness and which states the witness's conclusions in this case. The Federal Rules of Evidence permit a party to call an expert witness to the stand and have the witness opine in accordance with the rules on expert opinion testimony. *See* Fed. R. Evid. 702-703. Rule 703 even permits reference to other materials that the expert relied upon in formulating the opinion. Fed. R. Evid. 703. What Qazi is *not* permitted to do is introduce the expert witness's own report, which is an out-of-court statement summarizing the witness's conclusions and would be offered for the truth of the matter asserted. There is no hearsay exclusion or exception that permits such evidence. A decision from the District of Arizona well-illustrates the inadmissibility of such a report:

> The court finds that Dr. Pitt's report is nevertheless inadmissible, because it is hearsay—indeed, "classic" hearsay—because it represents Dr. Pitt's out of court declaration offered for its truth. *See* Fed.R.Evid. 801(c) (defining hearsay); Fed.R.Evid. 802 (excluding hearsay). Moreover, Dr. Pitt's report falls within no hearsay exception for reports or records, because it was plainly prepared in anticipation of litigation by a non-treating mental health expert. Fed.R.Evid. 803 (defining hearsay exceptions, including in subsection (6) business reports not made in anticipation of litigation). His report is not a hearsay report of a non-testifying expert relied on by a testifying expert that may be admitted pursuant to Rule 703 to show what a testifying expert relied upon in reaching his or her conclusions, *see Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1061 (9th Cir. 2003), because Dr. Pitt did not rely upon his report in reaching his conclusions, the report represents his conclusions. Moreover, his report is not an admissible summary of his opinions, because it does not represent a summary of "voluminous" other evidence within the

meaning of Rule 1006. Aguilar's motion will be granted to the extent that Dr. Pitt's report will be excluded.
*Arizona, Dep't of Law, Civil Rights Div. v. ASARCO, L.L.C.*, 844 F. Supp. 2d 957, 965–66 (D. Ariz. 2011), *aff'd sub nom. Arizona v. Asarco LLC*, 543 F. App'x 702 (9th Cir. 2013), *adhered to on reh'g en banc*, 773 F.3d 1050 (9th Cir. 2014), and *aff'd sub nom. Arizona v. ASARCO LLC*, 773 F.3d 1050 (9th Cir. 2014).

No hearsay exception applies to such a report, and it certainly does not fall within the catch-all residual hearsay exception because the actual live testimony of the expert will be more probative on the point for which the report would be offered. *See, e.g., United States v. Lasley*, No. 14-CR-45-LRR, 2014 WL 6775539, at *6 (N.D. 2014).[10] Qazi's attempt to introduce the expert report into evidence would actually infringe the jury's role as factfinder, something that should not be permitted. *See In re Lyondell Chem. Co.*, 558 B.R. 661, 667 (S.D.N.Y. 2016) ("An expert report that serves as a mere 'conduit' for hearsay likewise infringes the role of the factfinder because 'the job[ ] of judging [the hearsay] witnesses' credibility and drawing inferences from their testimony belongs to the factfinder.'" (quoting *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013)). Further, Qazi has no right to blunt or impair the Government's opportunity to

---

[10] (granting Government's motion in limine to exclude defense expert reports, and stating: "[M]ost importantly, Defendant's experts are available and intend to testify at trial. Therefore, the reports are not 'more probative on the point for which [they are] offered than any other evidence that the proponent can obtain through reasonable efforts.' Fed.R.Evid. 807(a)(3). That is, the experts' testimony itself is more probative on the point for which such experts' reports are offered. The jury will have the opportunity to hear Defendant's experts' live testimony, and the government will have the opportunity to cross examine the experts in front of the jury. Because this testimony is admissible, the court finds no basis to allow the hearsay contained in the experts' reports to be admitted into evidence under Federal Rule of Evidence 807. Accordingly, the court shall grant the Government Motion to the extent it seeks to exclude experts' written reports containing hearsay.").

13

cross-examine the expert witness at trial by presenting a bolstering hearsay report produced for purposes of this litigation. Qazi will be free to call his expert witness and have the witness opine is otherwise proper under the rules, but he has no entitlement under the rules to introduce this inadmissible hearsay report.

### III. Conclusion

For the foregoing reasons, the Government respectfully requests that the Court enter an order in limine precluding Qazi from:

(1) introducing into evidence his own out-of-court statements either directly or through other witnesses on direct or cross examination;

(2) from seeking to introduce into evidence the documents he has designated as Defense Exhibits 501; 503-505; 514-517; and 522-528; and

(3) from seeking to introduce into evidence Defense Exhibits 508 or 530, unless portions of the prior testimony are otherwise admissible under a hearsay exclusion or exception and Qazi first removes or redacts all the otherwise inadmissible portions of the prior testimony.

DATED this 5th day of July, 2018.

Respectfully submitted,

DAYLE ELIESON
United States Attorney

//s//

ALEXANDRA MICHAEL
PATRICK BURNS
Assistant United States Attorneys

14

## CERTIFICATE OF SERVICE

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing **GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANT QAZI FROM INTRODUCING INADMISSIBLE HEARSAY AND TO EXCLUDE DEFENSE EXHIBITS 501; 503-505; 508; 514-517; 522-528; AND 530** was sent to Defendant Qazi via United States mail addressed to:

Mr. Omar Qazi #49760048
NSDC 2190 East Mesquite Avenue
Pahrump, Nevada, 89060

and on stand-by counsel Telia Williams, Esq., via electronic service by ECF, on July 5, 2018.

**DATED** this 5th day of July, 2018.

/ s / Patrick Burns
_____
PATRICK BURNS
Assistant United States Attorney