DAYLE ELIESON
United States Attorney
ALEXANDRA MICHAEL
PATRICK BURNS
Nevada Bar No. 11779
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702)  388-6336/Fax: (702) 388- 6020
John.P.Burns@usdoj.gov

*Representing the United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:15-cr-00014-APG-VCF |
| Plaintiff, | **GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANT QAZI FROM ARGUING JURY NULLIFICATION OR SENTENCING MATTERS** |
| vs. | |
| OMAR QAZI, | |
| Defendant. | |

**CERTIFICATION: The undersigned counsel certifies that this Motion is timely filed**.

The United State of America, by and through DAYLE ELIESON, United States Attorney, and ALEXANDRA MICHAEL and PATRICK BURNS, Assistant United States Attorneys, hereby respectfully submit this Government's Motion In Limine to Preclude Defendant Qazi from Arguing Jury Nullification or Sentencing Matters.

/ / /

/ / /

/ / /

/ / /

1

1

## POINTS AND AUTHORITIES

### I.    Introduction

Defendant Omar Qazi (Qazi) is charged in a one-count indictment with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Qazi's DNA was found on the subject firearm and he gave a recorded confession admitting his guilt. Based on numerous of Qazi's filings, the Government anticipates that he will argue for an acquittal based on the jury ignoring the law as instructed to them by the Court. Further, the Government expects Qazi to argue that the potential penalty he faces if convicted supports finding him not guilty. Therefore, with this motion, the Government requests an order in limine precluding Qazi from making any type of argument that (1) encourages the jury to disregard the law and acquit him based on a nullification theory; or (2) presents argument or evidence based on the potential penalty Qazi faces if convicted.

### II.    Legal Argument

#### A. The Court Should Preclude Qazi from Referencing the Potential Penalty He Faces if Convicted

The Ninth Circuit has held that it is inappropriate for a jury to consider or be informed about the consequences of their verdict. *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991). Various other circuits have agreed that argument or evidence related to punishment before a jury is improper. *See, e.g., United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997); *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997); *see also United States v. McKenzie*, 922 F.2d 1323, 1327 (7th Cir. 1991) (holding that "the sixth amendment requires that a jury determine questions of guilt or innocence;

punishment is the province of the Court"). Such argument or evidence concerning punishment is improper because the law is well-settled that the potential penalty faced by a defendant is irrelevant to the jury's determination of guilt or innocence. *See, e.g., Shannon v. United States*, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'"), quoting *United States v. Rogers*, 422 U.S. 35, 40 (1975); ("It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict."); *United States v. McCracken*, 488 F.2d 406, 423 (5th Cir. 1974) ("Except where a special statutory provision mandates a jury role in assessment or determination of penalty, the punishment provided by law for offenses charged is a matter exclusively for the court and should not be considered by the jury in arriving at a verdict as to guilt or innocence.").

Here, the Government anticipates that Qazi will attempt to use the potential penalty he faces as evidence of his innocence. Specifically, Qazi has a large amount of credit for time served already accrued at this point. If convicted, the high-end of his guideline range, if imposed, would likely cause him only to be imprisoned for a relatively short period compared to the amount of time in custody he has already served. Qazi is expected to use this fact to argue that his willingness to try the case, rather than plead guilty, is evidence of his innocence because he could easily just plead guilty without a negotiation and not face a lengthy term of imprisonment. In other words, since he has already served most of his potential sentence, he must be taking the case to trial to prove

his innocence. In addition to being logically fallacious,[1] this argument is improper because it involves introducing the jury to the potential consequences of its verdict, which is something a jury is not permitted to consider in a non-penalty phase trial.[2] The law is very clear that Qazi should be precluded from arguing potential sentencing outcomes to the jury in this case.

### B. The Court Should Preclude Qazi from Attempting to Present Evidence or Argument Related To Jury Nullification

Nullification is "a violation of a juror's oath to apply the law as instructed by the court." *Merced v. McGrath*, No. C-03-1904 CRB, 2004 WL 302347, at *6 (N.D. Cal. 2004), *aff'd*, 426 F.3d 1076 (quoting *United States v. Thomas,* 116 F.3d 606, 614 (2d Cir. 1997)). When a defendant introduces, or attempts to introduce, irrelevant information, arguments, or questions designed to encourage jury nullification, the court has a duty to forestall or prevent juror nullification "by firm instruction or admonition." *Thomas*, 116 F.3d at 616 (2d Cir. 1997). *See also United States v. Young*, 470 U.S. 1, 7–10 (1985) (holding that the district court has a duty to prevent improper arguments to the jury, including those designed to "divert the jury from its duty to decide the case on the evidence"); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("A trial judge . . . may block defense attorneys' attempts to serenade a jury with the siren song of nullification."); *Zal v. Steppe*, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, concurring)

---

[1] Qazi's decision to force the case to trial despite his large amount of credit for time served is consistent with other motivations besides actual innocence. For instance, it may be the result of narcissism, a desire to be esteemed by other prisoners or outside groups, ideological justifications, or the desire to make a political statement, or the need to occupy himself with some activity.

[2] Conversely, Qazi should also be prohibited from informing the jury of the maximum penalty for a violation of 18 U.S.C. § 922(g).

("[N]either a defendant nor his attorney has a right to present to a jury evidence that is *irrelevant* to a *legal* defense to, or an element of, the crime charged. Verdicts must be based on the law and the evidence, *not* on jury nullification as urged by either litigant.") (emphasis added). In *United States v. Blixt*, the Ninth Circuit determined that the district court properly instructed the jury to disregard jury nullification arguments made by defense counsel in closing argument. 548 F.3d 882, 890 (9th Cir. 2008). This maxim of law is followed by various other circuits as well. *See United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant."); *United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) ("Jury nullification 'is not to be positively sanctioned by instructions,' but is to be viewed as an 'aberration under our system.' "); *Scarpa v. Dubois*, 38 F.3d 1, 11 (1st Cir. 1994) (noting that "defense counsel may not press arguments for jury nullification in criminal cases"); *United States v. Trujillo*, 714 F.2d 102, 105 (11th Cir. 1983) ("Appellant's jury nullification argument would have encouraged the jurors to ignore the court's instruction and apply the law at their caprice. While we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath").

In this case, it is quite clear from Qazi's pleadings that he embraces sovereign citizen ideology and other forms of constitutional mysticism that deny the United States Government's power to charge, adjudicate, and punish violations of federal laws, such as 18 U.S.C. § 922(g). *See, e.g.*, ECF No. 41; 78; 212; 221. Indeed, Qazi has noticed as a

witness in his case-in-chief a woman named Julie Embry. ECF No. 395 at 2:11. The Southern Poverty Law Center, which monitors extremist and hate groups, identifies Julie Embry as a purported "Chief Justice for a sovereign common law court" and a paralegal for Ryan Bundy. Southern Poverty Law Center, *The Sovereign Files 7.17.17*, *available    at*    https://www.splcenter.org/hatewatch/2017/07/17/sovereign-files-71717 (accessed July 3, 2018); *see also* Rockland County Times, *Nullified: Seven charged in armed standoff with feds acquitted, including Bundy brothers*, November 2, 2016, *available    at*    http://www.rocklandtimes.com/2016/11/02/nullified-seven-charged-in-armed-standoff-with-feds-acquitted-including-the-bundy-brothers/ (accessed July 3, 2018) (quoting Embry extensively regarding prosecution of Ryan Bundy and others in District of Oregon); North Richland Hills Police Department BOLO, *available at* https://www.scribd.com/document/358852626/d02-bn-002008-002009-mar-2-julie-embry-bolo (accessed July 3, 2018). Qazi should be precluded from subjecting the jury to these fringe extremist views, which *per se* conflict with the Court's anticipated instructions on the law and necessarily encourage the jury to disregard and nullify the law. He should be precluded from calling Julie Embry or similar witnesses during the trial.

Qazi likewise denies the enforceability of duly enacted federal laws, including 18 U.S.C. § 922(g). *See, e.g.*, ECF No. 448. He has repeatedly filed motions denying the basic enforceability of the statute with which he is charged. Qazi's peculiar and fringe views on the law are not matters that can be considered by the jury at trial. Moreover, no party is entitled to encourage the jury to disregard this Court's instructions on the law.

Therefore, Qazi should be precluded from arguing or otherwise presenting evidence or pursuing lines of inquiry designed to elicit jury nullification.

### III.   <u>Conclusion</u>

For the foregoing reasons, the Government respectfully requests that the Court enter an order in limine precluding Qazi from:

(1) referencing the penalties he faces if convicted in this case;

(2) making any argument or attempting to present evidence designed to illicit jury nullification; and

(3) calling Julie Embry as a witness at trial. [3]

DATED this 5th day of July, 2018.

<div style="margin-left: 40%;">

Respectfully submitted,

DAYLE ELIESON
United States Attorney

*//s//*

ALEXANDRA MICHAEL
PATRICK BURNS
Assistant United States Attorneys

</div>

---

[3] The Government anticipates that Qazi will fail to abide by any such orders. Should he disregard such an order of the Court during trial, the Government will request that he be held in contempt and punished with a consecutive jail sentence for each violation.

1

## <u>CERTIFICATE OF SERVICE</u>

2

3     I certify that I am an employee of the United States Attorney's Office. A copy of

the foregoing **GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE**

4

**DEFENDANT QAZI FROM ARGUING JURY NULLIFICATION OR**

5

**SENTENCING MATTERS** was sent to Defendant Qazi via United States mail

6

addressed to:

7

8         Mr. Omar Qazi #49760048
          NSDC 2190 East Mesquite Avenue
          Pahrump, Nevada, 89060

9

10    and on stand-by counsel Telia Williams, Esq., via electronic service by ECF, on July 5,

2018.

11

12        **DATED** this 5th day of July, 2018.

13

14                                    / s / Patrick Burns
                                    _____

15                                    PATRICK BURNS
                                    Assistant United States Attorney

16

17

18

19

20

21

22

23

24