DAYLE ELIESON
United States Attorney
ALEXANDRA MICHAEL
PATRICK BURNS
Nevada Bar No. 11779
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388- 6020
John.P.Burns@usdoj.gov

*Representing the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>OMAR QAZI,<br><br>    Defendant. | Case No.: 2:15-cr-00014-APG-VCF<br><br>**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE ANY ARGUMENT OR EVIDENCE REGARDING ALLEGED OUTRAGEOUS GOVERNMENT CONDUCT OR VINDICTIVE AND/OR SELECTIVE PROSECUTION** |

**CERTIFICATION: The undersigned counsel certifies that this Motion is timely filed**.

The United State of America, by and through DAYLE ELIESON, United States Attorney, and ALEXANDRA MICHAEL and PATRICK BURNS, Assistant United States Attorneys, hereby respectfully submit this Government's Motion In Limine to Preclude Any Argument or Evidence Regarding Alleged Outrageous Government Conduct or Vindictive and/or Selective Prosecution.

/ / /

/ / /

/ / /

1

# POINTS AND AUTHORITIES

## I. Introduction

Defendant Omar Qazi (Qazi) is charged in a one-count indictment with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Qazi's DNA was found on the subject firearm and he gave a recorded confession admitting his guilt. Qazi has made repeated references and allusions in some of his filings to allegations of improper government conduct, and in particular, vindictive prosecution. *See, e.g.*, ECF No. 343 (Qazi captioning motion identifying the Government as "persecutor"); 115 (alleging prosecution is a result of AUSA violating her oath of office and "fraud"). Based on these various allegations and assertions, the Government believes that Qazi may attempt to use argument or evidence before the jury to argue some sort of improper government conduct, or vindictive prosecution and/or selective prosecution. However, none of these issues are "defenses" that may be raised before a jury. Therefore, with this motion, the Government requests an order in limine precluding Qazi from making any type of argument and/or attempting to admit any type of evidence purporting to show improper government conduct or vindictive prosecution and/or selective prosecution.

## II. Legal Argument

"A defendant's right to present evidence in support of his defense . . . is not without limits." *United States v. Espinoza-Baza*, 647 F.3d 1182, 1188 (9th Cir. 2001) (citing *Greene v. Lambert*, 288 F.3d 1081, 1090 (9th Cir.2002)). "While the Constitution ... prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-

established rules of evidence permit trial judges to exclude evidence" that is irrelevant, lacking in foundation, or when "its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Id*. (quoting *Holmes v. South Carolina*, 547 U.S. 319, 326 (2006)). In this instance, the Government files this motion in limine in order to narrow issues at trial, and to exclude irrelevant evidence, and unduly prejudicial arguments and evidence before the jury.

The rules of evidence are clear - only relevant evidence is admissible at trial. Fed. R. Evid. 401. Conversely, irrelevant evidence is not admissible. Fed. R. Evid. 402. To be considered relevant, the evidence must have some "tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." Fed. R. Evid. 401. A "fact of consequence" is either evidence or facts that relate to: (1) the elements of the crimes that are charged; (2) specific allegations asserted in the indictment; or, (3) any legitimate and admissible defenses alleged by Qazi.

However, relevant evidence may be excluded under Federal Rule of Evidence 403. Rule 403 states, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Thus, if any minimal relevancy is noted for any of the categories of evidence identified above, that relevancy would be substantially outweighed by the factors identified by Rule 403.

In this instance, any argument or attempt to admit evidence related to alleged outrageous government conduct or vindictive prosecution and/or selective prosecution

3

involves issues of law. Therefore, any argument or evidence related to those topics is not relevant and is thus inadmissible. And even if relevant, the evidence must be excluded under Rule 403.

### A. Any Allegations of Outrageous Government Conduct Must Be Excluded From Trial

The Government anticipates that Qazi may attempt to argue that the Government has engaged in some sort of outrageous conduct. Any type of evidence or argument alleging outrageous government conduct should be precluded from trial. There is an "increasing tendency in criminal cases to try some person other than the defendant and some issues other than his guilt." *United States v. Griffin*, 867 F.Supp. 1347, 1347 (N.D. Ill. 1994) (citation omitted). The "thrust of the defense" in these types of cases "is this: the prosecution was not nice or could have done it better and so the jury ought to acquit, whether or not guilt has been proved beyond a reasonable doubt." *Id*. at 1347.

The impropriety of arguing allegations of governmental misconduct to the jury is twofold. First, and most fundamentally, the Ninth Circuit has explicitly stated that "outrageous government conduct is not a defense" in a criminal case. *United States v. Montoya*, 45 F.3d 1286, 1300 (9th Cir. 1995) ("Outrageous government conduct is not a defense, but rather a claim that government conduct in securing an indictment was so shocking to due process values that the indictment must be dismissed."). Second, any claim of alleged "outrageous government conduct" is an issue of law – to be resolved by the Court, not the jury. *United States v. McClelland*, 72 F.3d 717, 721 (9th Cir. 1995); *United States v. Wylie*, 625 F.2d 1371, 1378 (9th Cir. 1980). Therefore, as an issue of law for the Court, any argument and/or evidence that Qazi may attempt to introduce at trial

4

should be excluded.

### B. Any Allegations of Vindictive or Selective Prosecution Must Be Excluded From Trial

Claims of either vindictive or selective prosecution are not defenses on the merits of the indictment; rather, these are independent assertions that the prosecutor sought the prosecution for reasons forbidden by the Constitution. *United States v. Armstrong*, 517 U.S. 456, 464 (1996). First, claims of vindictive prosecution raise the possibility of a due process violation. Vindictive prosecution occurs when a prosecutor "seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right." *United States v. Gamez-Orduno*, 235 F3.d 453, 462 (9th Cir. 2000). To establish a claim of vindictive prosecution, the defendant must either: (1) produce direct evidence of the prosecutor's punitive motive; or, (2) "by showing that the circumstances establish a reasonable likelihood of vindictiveness thus giving rise to a presumption that the Government must in turn rebut." *United States v. Kent*, 649 F.3d 906, 913 (9th Cir. 2011).

Conversely, a claim of selective prosecution raises possible issues under the Equal Protection Clause of the Fifth Amendment. *Armstrong*, 517 U.S. at 464. The defendant must establish two elements: (1) he must provide evidence that persons similarly situated have not been prosecuted; and (2) he must show that the decision to prosecute was made on the basis of an impermissible motive. *United States v. Bourgeois*, 964 F.2d 935, 938 (9th Cir. 1992). The question of whether vindictive or selective prosecution has occurred is a question to be addressed by the court – not the jury. *See United States v. Jenkins*, 504 F.3d 694, 698 (9th Cir. 2007) (noting that "trial court" makes

5

determinations related to vindictive prosecution); *United States v. Jones*, 52 F.3d 924, 927 (11th Cir. 1995); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) ("[T]he issue of selective prosecution is one to be determined by the Court."); *United States v. Berrigan*, 482 F.2d 171, 174-76 (3rd Cir. 1973) (affirming exclusion of evidence relating to "discriminatory prosecution").

This is further underscored by the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. Pro. 12(3)(A)(iv). Pursuant to Rule 12(3)(A)(iv), claims of vindictive or selective prosecution must be made by motion and before a trial on the merits. *Id*. Therefore, any argument and/or evidence associated with any claim of either vindictive and/or selective prosecution should not be presented to the jury and should be precluded with an order in limine.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## III. Conclusion

For the foregoing reasons, the Government respectfully requests that the Court enter an order in limine precluding Qazi from:

1. Making any argument or statements to the jury related to any claims based on outrageous government conduct or vindictive prosecution and/or selective prosecution.

2. Attempting to introduce any evidence or elicit any testimony from any witness related to claims of outrageous government conduct or vindictive prosecution and/or selective prosecution.[1]

DATED this 5th day of July, 2018.

Respectfully submitted,

DAYLE ELIESON
United States Attorney

//s//

ALEXANDRA MICHAEL
PATRICK BURNS
Assistant United States Attorneys

---

[1] The Government anticipates that Qazi will fail to abide by any such orders. Should he disregard such an order of the Court during trial, the Government will request that he be held in contempt and punished with a consecutive jail sentence for each violation.

7

# CERTIFICATE OF SERVICE

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing **GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE ANY ARGUMENT OR EVIDENCE REGARDING ALLEGED OUTRAGEOUS GOVERNMENT CONDUCT OR VINDICTIVE AND/OR SELECTIVE PROSECUTION** was sent to Defendant Qazi via United States mail addressed to:

Mr. Omar Qazi #49760048
NSDC 2190 East Mesquite Avenue
Pahrump, Nevada, 89060

and on stand-by counsel Telia Williams, Esq., via electronic service by ECF, on July 5, 2018.

**DATED** this 5th day of July, 2018.

/ s / Patrick Burns
_____
PATRICK BURNS
Assistant United States Attorney