DAYLE ELIESON
United States Attorney
ALEXANDRA MICHAEL
PATRICK BURNS
Nevada Bar No. 11779
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388- 6020
Alexandra.m.michael@usdoj.gov

*Representing the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**-oOo-**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**OMAR QAZI,**<br><br>**Defendant.** | **Case No.: 2:15-cr-00014-APG-VCF**<br><br>**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE DEFENSE WITNESSES AND IMPROPER IMPEACHMENT EVIDENCE** |

**CERTIFICATION: The undersigned counsel certifies that this Motion is timely filed**.

The United State of America, by and through DAYLE ELIESON, United States Attorney, and ALEXANDRA MICHAEL and PATRICK BURNS, Assistant United States Attorneys, hereby respectfully submit this Government's Motion In Limine to Preclude defense witnesses including Michael Kitchen and any other improper impeachment questioning and/or evidence.

/ / /

/ / /

/ / /

# POINTS AND AUTHORITIES

## I. Introduction

Defendant Omar Qazi (Qazi) is charged in a one-count indictment with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Based on his filings, letters, and statements during hearings in this case, the Government anticipates that Qazi will attempt to: (1) recall government witnesses, (2) call irrelevant witnesses, (3) call witnesses for improper purposes, specifically Michael Kitchen and (4) question witnesses regarding improper impeachment. Because Qazi is not permitted to improperly call witnesses nor improperly question witnesses and any such evidence would be for improper purposes, such as confusing and distracting the jury, the Government moves for an order in limine precluding Qazi from unnecessarily recalling government witnesses, calling irrelevant witnesses, calling witnesses for improper purposes and questioning witnesses regarding improper impeachment.

## II. Legal Argument

### A. Legal Standard for Relevant Evidence and the Exclusion of Irrelevant and Unfairly Prejudicial Evidence Under Federal Rules of Evidence 401-403

Federal Rule of Evidence 401, provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Rule 402 provides in part that "[i]rrelevant evidence is not admissible." Rule 403 permits a district court to exclude relevant evidence if the evidence's probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay,

wasting time, or needlessly presenting cumulative evidence." Evidence is unfairly prejudicial if it suggests a decision on an improper basis. *See* Fed. R. Evid. 403 Advisory Committee's Note. District court judges enjoy broad discretion to exclude evidence under Rule 403, and their determinations will not be disturbed on appeal absent an abuse of that discretion. *Wood v. Alaska*, 957 F.2d 1544, 1550 (9th Cir. 1992) ("Because trial judges have broad discretion both to determine relevance and to determine whether prejudicial effect or other concerns outweigh the probative value of the evidence, we will find a [constitutional] violation only if we conclude that the trial court abused its discretion.").

Qazi's witness list includes twenty (20) potential defense witnesses. Of the twenty (20) listed, sixteen (16) are law enforcement witnesses. Of the twenty (20) listed, at best, three (3) witnesses: private investigator Craig Retke, Forensic Scientist George Schiro and Gloria Qazi may provide some relevant testimony to Qazi's defense at trial. Qazi should be precluded from unnecessarily recalling government witnesses, calling irrelevant witnesses, calling witnesses for improper purposes and questioning witnesses regarding improper impeachment.

B. **The Court Should Preclude Any Irrelevant Defense Witnesses and Improper Evidence Qazi Intends to Present**

The Government anticipates that Qazi will seek to call numerous law enforcement witnesses that either (1) the government intends to call in its case in chief or (2) Qazi intends to call for the sole purpose of attempting to impeach that witness, impeach another witness or generally cast aspersions regarding law enforcement. Neither should be permitted.

**Defense Witness Michael Kitchen**

Qazi's proposed witness list includes Kitchen[1] and Qazi's proposed exhibit list[2] contains multiple newspaper articles relating to Kitchen's criminal history and underlying conduct.[3] On January 6, 2015, Kitchen was a Detective with Metro's Firearms Investigation Unit (FIU) and he conducted a post *Miranda* interview of Qazi. Qazi's statement was audio recorded and later transcribed. In that statement, Qazi admitted to possessing the gun along with other details about the gun and how he obtained it. Metro officer Rotta (Rotta) was present for the taped statement. Sergeant Glover (Glover) was the Metro officer who conducted the initial traffic stop and found Qazi's gun in the car. Sergeant Bien (Bien) was the lead FIU Detective who recovered Qazi's gun and submitted it for DNA testing. Forensic scientist Dannenberger found Qazi's DNA on the gun. The Government intends to call Glover, Bien, Rotta and Dannenberger as witnesses in its case in chief. The Government also intends to admit Qazi's recorded statement in its case in chief.[4] Given the recorded statement can be authenticated by other witnesses and is not hearsay per FRE 801(d)(2)(A), Kitchen's testimony is not necessary.[5] Qazi's intent to call and impeach the credibility of Kitchen is not only irrelevant but also improper.

---

[1] ECF No. 395.

[2] ECF No. 400.

[3] On June 12, 2015, Kitchen entered a guilty plea agreement pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970) (*Alford* plea) in Nevada State District Court Case No. C-15-306372-1 to a gross misdemeanor charge of Attempt Theft. On July 2, 2015, Kitchen was adjudicated guilty and received a suspended sentence of probation for an indeterminate period not to exceed three (3) years.

[4] Qazi's Motion to Suppress his statement was granted by Magistrate Judge Ferenbach and later adopted by District Court Judge Gordon. The decision was appealed by the Government and the Ninth Circuit reversed and remanded the District Court's decision to suppress Qazi's statement.

[5] On August 3, 2016, there was an evidentiary hearing for the motion to suppress Qazi's statement, the parties presented witness and evidence related to Qazi's post *Miranda* statement. Kitchen was not called by either party as a witness at that hearing. ECF No. 198.

The same issue – a defendant calling the uncalled witness in order to "dirty him up" in front of the jury – was addressed by the Seventh Circuit in *United States v. Douglas*, 408 F.3d 922 (7th Cir. 2005). There, the government elected not to call a former cooperating witness in the trial of a defendant charged with distributing crack cocaine, the government electing, instead, to pursue its proof through other witnesses and evidence. The defendant, however, called the former cooperator in his case and sought to impeach him with his prior criminal history using Rule 607. The district court precluded the impeachment and the Seventh Circuit affirmed, finding that Douglas' impeachment evidence failed to meet the threshold requirement of relevancy under Rule 402, even if it was permissible under Rule 607. *Douglas*, 408 F.3d at 927. Specifically, the *Douglas* court found that when the government does not call a witness, that witness's credibility is not at issue and any impeachment evidence related to the uncalled witness is, therefore, irrelevant:

> Where appropriate, a party is free to impeach the credibility of his own witness....However, where such testimony is irrelevant, a party may properly be prevented from eliciting the testimony. That is the foundation of the rules of evidence.

*Id.*

A similar issue was raised in *United States v. O. Scott Drexler*, and the District Court ruled that the defendant would not be permitted to call SSA Love for impeachment purposes only.[6] Lastly, this issue has also been previously addressed by this court when Magistrate Ferenbach denied Qazi's motion to compel documents and records as they relate to Kitchen's criminal history and underlying conduct given he was not going to be

[6] *See* 2:16-cr-46-GMN-PAL-11-16 at ECF No. 1804 re ECF No. 1797.

called as a witness and therefore his credibility would not be at issue at trial.[7] Additionally, any mention of Kitchen's credibility via other witnesses or records is also irrelevant and improper. Lastly, comments regarding Kitchen not being called as a witness are irrelevant and improper. As such, Qazi should be precluded from calling Kitchen as a witness, presenting any evidence related to Kitchen's credibility, or commenting on Kitchen not being called as a witness.[8]

**Defense Witness Sergeant Glover**

Qazi's proposed witness list includes Glover[9] and Qazi's proposed exhibit list contains documents relating to a complaint Qazi filed against Glover.[10] Qazi, who through his filings, courtroom conduct and communications while in custody, has made it very clear that he does respect nor does he abide by the orders of this court. This court has already ruled that any records as they relate to Glover and what he did with Qazi's "crystals and shark tooth" once they were recovered is not relevant as it does not go to Glover's credibility.[11] Therefore, Qazi should be precluded from calling Glover or questioning Glover regarding any irrelevant and extrinsic evidence about Qazi's complaint with the Las Vegas Metropolitan Police Department (Metro).

Thus, for all of these reasons, Qazi should be precluded from unnecessarily recalling government witnesses, calling irrelevant witnesses, calling witnesses for

---

[7] ECF Nos. 363 and 391.

[8] If the court is inclined to permit Qazi to call Kitchen as a witness the Government would respectfully request leave to file an additional motion in limine to limit the scope of questioning of Kitchen as there is no doubt based on Qazi's filings, that he would attempt to improperly question Kitchen in violation of FRE 410, FRE 608(b) and FRE 609. *See also United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009)(citation omitted).

[9] ECF. No. 395.

[10] ECF No. 400.

[11] ECF No. 363 and 391.

improper purposes, and questioning witnesses regarding improper impeachment.

## III. Conclusion

For the foregoing reasons, the Government respectfully requests that the Court enter an order in limine precluding Qazi from the following:[12]

1. Calling Michael Kitchen as a defense witness;

2. Introducing any evidence or attempting to illicit any testimony from any witness related to Michael Kitchen's credibility;

3. Introducing any evidence or attempting to illicit any testimony from any witness related to Qazi's complaint filed against Sergeant Glover and the outcome;

4. Calling or recalling law enforcement witnesses[13]

5. Calling Julie Embry as a defense witness[14]

DATED this 6th day of July, 2018.

Respectfully submitted,

DAYLE ELIESON
United States Attorney

//s//

ALEXANDRA MICHAEL
PATRICK BURNS
Assistant United States Attorneys

---

[12] The Government anticipates that Qazi will fail to abide by any such orders. Should he disregard such an order of the Court during trial, the Government will request that he be held in contempt and punished with a consecutive jail sentence for each violation.

[13] ECF No. 395 – Defense witnesses #1 - #5 and #7 - #17.

[14] *See* ECF No. 455 in support of this request.

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing **GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE** was sent to Defendant Qazi via United States mail addressed to:

Mr. Omar Qazi #49760048
NSDC 2190 East Mesquite Avenue
Pahrump, Nevada, 89060

and on stand-by counsel Telia Williams, Esq., via electronic service by ECF, on July 6, 2018.

**DATED** this 6th day of July, 2018.

/ s / Alexandra Michael
______________________________
ALEXANDRA MICHAEL
Assistant United States Attorney