1  *Omar Qazi*

2  N.S.D.C.

3  2190 E. Mesquite Ave.

4  Pahrump, Nevada



10              UNITED STATES DISTRICT COURT

11                    DISTRICT OF NEVADA

12                           ***

13  UNITED STATES OF AMERICA        Case No. 2:15-cr-00014-APG-VCF

14            Plaintiff,            **RESPONSE TO CORECIVIC'S BRIEF**

15                                  **(DKT.# 449)**

16            v.

17  *Omar Qazi*

18            Accused.

19  Certification: This Response is being filed timely.

20

21        COMES NOW, *Omar Qazi*, Sui Juris and by Special Appearance, hereby filing a Response to

22  CoreCivic's Brief (Dkt.# 449). This Response is based on the following Memorandum of Points and

23  Authorities, and any other evidence or oral argument the Court will entertain as a matter of Due Process.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### ARGUMENT

The attorney-client privilege is the oldest and arguably most fundamental of the common law privileges recognized under Federal Rule of Evidence 501. See *United States v. Zolin*, 491 U.S. 554, 562 (1989); See also *Gomez v. Vernon*, 255 F.3d 1118, 1131 (9th Cir. 2001) (The attorney-client privilege has been recognized as "the oldest of the privileges for confidential communications known to the common law.") (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389, 66 L. Ed. 2d 584, 101 S. Ct. 677 (1981)); *In re Grand Jury Proceedings*, 162 F.3d 554, 556 (9th Cir. 1998) ("The attorney-client privilege is not only the oldest privilege known to the common law, but the attorney-client privilege is also, perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system.")

CoreCivic's brief argues that the attorney-client privilege should not extend to a litigant representing himself. However, there appears to be no settled authority on this matter. But, in support of CoreCivic's argument, they concede that this privilege would generally extend to third parties. Their is no doubt that I am acting as my own attorney in this case, and the third parties in this case are all court appointed individuals. The communication held with these individuals relates to the defense's strategies, theories and tactics, which does not need to be disclosed. The attorney-client privilege should extend to a litigant representing himself.

Additionally, the disclosure of these communications would also violate the Due Process Clause of the Fifth Amendment, and "[b]ecause the Fifth Amendment's protection against testimonial self-incrimination may be threatened by the act of disclosure of legal files, that constitutional guarantee also supports the clients' legitimate expectations of privacy." *DeMassa v. Nunez*, 770 F.2d 1505, 1507 (9th Cir. 1985); See also *Bittaker v. Woodford*, 331 F.3d at 723, n.7. (9th Cir. 2003) (en banc), holding that the Constitution's guarantees of due process of law would lose most of it's substance "if the Government can with impunity place a secret agent in a lawyer's office to inspect the confidential papers of the defendant and his advisers, to listen to their conversations, and to participate in their . . . defense." (ellipsis added)

Nonetheless, CoreCivic acknowledges that the Work Product Doctrine may apply. However, they claim that security interests weigh against applying it here. The accused concedes that it would apply in this case, but the accused does not concede that security interests would weigh against applying it.

In support of their argument, CoreCivic first argues that there is no "*reliable* way to verify whether a person is a legitimate paralegal, investigator, or expert witness, as opposed to a detainee's spouse or siginificant other, fellow gang member criminal co-conspirator, etc." However, the CJA office had already approved all these third parties by having them submit their resumes. Next, CoreCivic argues that other avenues exist, such as having stand-by counsel communicate with these individual third parties on my behalf. However, this avenue does not exist in this case, as their is no communication or relationship with current stand-by counsel. CoreCivic's third argument is that my request "would present significant operational challenges." However, it is quite rare nowadays that litigants would represent themselves, as opposed to the past. CoreCivic's last argument is unclear, stating that "there are no ready alternatives to provide," and that written communications or unmonitored visits "with such person's would implicate the same-if not greater-dangers and difficulties as unrecorded phone calls." However, the court should note that all these individuals have always been approved for unmonitored written communications and unmonitored visits at this facility. In fact, my paralegal had to provide the front office with the court order showing that she is court appointed in order gain their approval for the unmonitored visits.

Thereby, if the court does not grant the accused's request under the attorney-client privilege, it is clear that the court should atleast grant the accused's request pursuant to Due Process, and/or the Work Product Doctrine, because CoreCivic's security interests do not outweigh applying the Work Product Doctrine in this case. Denying the accused's request would only create a hardship upon the individual third parties in this case, by forcing them all to travel to Pahrump, Nevada in order to properly assist or prepare for trial.

## II.

## CONCLUSION

For the reasons set forth above, the accused respectfully requests that the Court issue an Order

denying CoreCivic's Brief (Dkt.# 449), precluding CoreCivic from recording phone calls with the third parties in this case (Paralegal, CJA appointed investigator and DNA expert).

    I declare under penalty of perjury under the law of the state of Nevada that the foregoing is true and correct, and that this document is executed without the benefit of a notary pursuant to NRS 208.165, as I am a prisoner confined in a private prison within this state of Nevada.

Executed on July 07, 2018.

                    Respectfully submitted,

                    All Rights Reserved and Without Prejudice,

                    *Omar Qazi*

          Signed: _____

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July 09, 2018, I mailed my Response to CoreCivic's Brief (Dkt.# 449), to the following:

Clerk of the Court
Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd. South, Rm. 1334
Las Vegas, Nevada

---

*Omar Qazi*
N.S.D.C.
2190 E. Mesquite Ave.
Pahrump, Nevada

Omar Qazi
N.S.D.C.
190 E. Mesquite Ave,
Pahrump, Nevada

C/o: Clerk of the Court
Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd. So. - Rm. 1334
Las Vegas, Nevada [89101]

89101-706934



LAS VEGAS
NV 890
Correspondence originated from a detention facility. The facility is not responsible for the contents herein

Mailed From 89060
07/10/2018
US POSTAGE
$00.47⁰
First-Class
032A 0061838671