DAYLE ELIESON
United States Attorney
ALEXANDRA MICHAEL
PATRICK BURNS
Nevada Bar No. 11779
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702)  388-6336/Fax: (702) 388- 6020
Alexandra.m.michael@usdoj.gov

*Representing the United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### -oOo-

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No.: 2:15-cr-00014-APG-VCF** |
| **Plaintiff,** | **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE AND REQUEST FOR AN EVIDENTIARY HEARING [ECF No. 462]** |
| **vs.** | |
| **OMAR QAZI,** | |
| **Defendant.** | |

**CERTIFICATION: The undersigned counsel certifies that this Response is timely filed**.

The United State of America, by and through DAYLE ELIESON, United States Attorney, and ALEXANDRA MICHAEL and PATRICK BURNS, Assistant United States Attorneys, hereby respectfully submit this Government's Response in Opposition to Defendant's Motion in Limine for an Evidentiary Hearing Pursuant to Fed. R. Evid. 104(C) and *Jackson v. Denno*, 378 U.S. 368 (1964).

/ / /

/ / /

/ / /

1

## POINTS AND AUTHORITIES

### I.      Introduction

Defendant Omar Qazi (Qazi) is charged in a one-count indictment with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  Trial is set to commence on July 30, 2017.  Motions in limine were due on July 6, 2018.  Qazi's Motion in limine requests an evidentiary hearing for the court to determine the voluntariness of Qazi's confession prior to presenting it to the jury.  Qazi's request should be denied because: (1) the court already held an evidentiary hearing and determined Qazi's confession was voluntary[1] and (2) Qazi didn't object to or appeal the court's factual findings or legal finding that Qazi's confession was voluntary[2] and therefore the issue has been waived.

### II.      Relevant Facts and Procedural History

Qazi's first Motion to Suppress, filed on May 27, 2015, alleged a violation of the Fourth Amendment and requested evidence be suppressed.[3]  It did not challenge nor seek suppression of Qazi's confession based on insufficient *Miranda* warnings or voluntariness issues.  Qazi's first Motion to Suppress was denied.[4]  Qazi's second Motion to Suppress and Request for a *Franks* Hearing, filed on August 26, 2015, alleged Fourth Amendment violations and requested evidence be suppressed.[5]  It did not challenge nor seek suppression of Qazi's confession based on insufficient *Miranda*

---

[1] Evidentiary Hearing – ECF No. 198.  Magistrate Judge Ferenbach's R&R - ECF No. 199 at 5-6.  District Judge Gordon Adopted and Affirmed R&R – ECF No. 281.
[2] Defendant's Response to Objections to R&R – ECF No. 203 and Defendant's Answering Brief, Case No: 17-10004, Dkt. Entry 22.
[3] ECF No. 18.
[4] ECF No. 23 and ECF No. 32.
[5] ECF No. 49 and ECF No. 50.

warnings or voluntariness issues.   Qazi's second Motion to Suppress was denied.[6]

Qazi's third Motion to Suppress, filed on January 29, 2016 entitled "Second Motion to

Suppress", alleged numerous Constitutional violations.[7]   It did not challenge nor seek

suppression of Qazi's confession based on insufficient *Miranda* warnings or

voluntariness issues.   It very briefly argued that Detective Kitchen (Kitchen) was

required to re-Mirandize Qazi.[8]   Qazi's third Motion to Suppress was denied but left

open the option for the Government to file a substantive response to Qazi's *Miranda*

argument.[9]   The District Court ultimately denied Qazi's third Motion to Suppress but

referred the limited *Miranda* issue for briefing and consideration by the Magistrate

Judge.[10]   The only *Miranda* issue presented by Qazi was whether Kitchen was required

to re-*Mirandize* him.   The court set a date for an evidentiary hearing and both parties

submitted additional briefing.[11]   On August 3, 2016, the court held an evidentiary

hearing regarding:  (1) whether the *Miranda* warnings provided to Qazi were legally

sufficient, (2) whether Qazi's confession was voluntary, and (3) whether Kitchen

needed to re-*Mirandize* Qazi.  The Government called two (2) witnesses and submitted

four (4) exhibits including body camera footage and the audio recording of Qazi's

statement.   The Government questioned both witnesses regarding the surrounding

circumstances of the interrogation to include facts that would go to the voluntariness of

Qazi's confession.[12]     Qazi's counsel cross-examined the Government witnesses

---

[6] ECF No. 66 and ECF No. 144.
[7] ECF No. 129.
[8] ECF No. 129 at 17.
[9] ECF No. 158.
[10] ECF No. 184.
[11] ECF No. 185, ECF No. 186, ECF No. 191, ECF. No 192, ECF No. 196, and ECF No. 197.
[12] *See* generally Motion to Suppress transcript pages 15-35,  47-50, 54-63, and 69.

regarding the surrounding circumstances of the interrogation to include facts that would go to voluntariness of the confession.[13]  The Government rested and Qazi neither called any witnesses nor presented any exhibits.  Qazi did not testify and did not call Kitchen as a witness.[14]  The parties presented argument, which included a lengthy back and forth between the Government and Judge regarding the voluntariness of Qazi's confession.[15]  The court took the case under submission.  On August 4, 2016, Magistrate Judge Ferenbach issued an R&R finding: (1) Kitchen was not required to re-*Mirandize* Qazi, (2) Qazi's confession was voluntary and (3) Officer Glover's *Miranda* Warnings to Qazi were insufficient.[16]  The Government filed Objections and Qazi Responded but did not object to the Court's finding that Qazi's confession was voluntary.[17]  The District Court affirmed the R&R and the Government subsequently filed a notice of appeal.[18]  On appeal the Government argued the *Miranda* warning provided to Qazi was legally sufficient and Qazi argued in opposition.  Qazi never submitted a cross claim or argument regarding the Magistrate Judge's finding and District Court's affirmation that Qazi's confession was voluntary.[19]  The Ninth Circuit reversed and remanded the District Court's ruling finding that Qazi's *Miranda* warning was sufficient and his statement should not be suppressed.[20]  Qazi filed a

---

[13] *See* generally Motion to Suppress transcript pages 35-47, 51-54, 63-69.

[14] Defense counsel stated to the court that attempts to serve a subpoena on Kitchen were made but were unsuccessful. The Government and the court were willing to accommodate Qazi if more time was needed to call Kitchen as a witness but ultimately Qazi decided not to testify and not to call Kitchen as a witness during the hearing.

[15] *See* generally Motion to Suppress transcript pages 69-89 and 94-97.

[16] ECF No. 199.

[17] ECF No. 203.

[18] ECF No. 281 and ECF No. 282.

[19] *See* Government's Opening Brief, Case No: 17-10004 Dkt. Entry 5 and Defendant's Answering Brief, Case No: 17-10004 Dkt. Entry 22.

[20] Qazi was nearly verbatim to the language in *Miranda*, changing only the pronoun and the verb. Qazi was not given an insufficient Miranda warning.  *United States v. Qazi*, 713 F. App'x 691 (9th Cir. 2018)

Motion in limine requesting an evidentiary hearing for the court to determine the voluntariness of Qazi's confession prior to presenting it to the jury.  In this Motion, Qazi states he would testify at the hearing and he would request a subpoena for Kitchen.

### III.   Legal Argument

A. **Qazi's Has Already Had An Evidentiary Hearing On Whether His Confession Was Voluntary And The Court Decided His Confession Was Voluntary**

Qazi references is  Rule 104(c) and *Jackson v. Denno* 378 U.S. 368 (1964) in support of his argument.  In *Jackson v. Denno*, the Supreme Court stated that "a defendants objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined." 378 U.S. 368, 380 (1964). Here those issues were litigated and decided by the court and therefore the findings were "reliably arrived at in accordance with considerations that are permissible and proper under federal law." *Id*. at 381.  Qazi is not entitled to a second hearing on this issue.  The Motion to Suppress evidentiary hearing was set to address the issue, among others, of the voluntariness of Qazi's confession.  Qazi had the opportunity to present testimony and evidence or even testify himself at the evidentiary hearing but he chose not to do so. He also had the opportunity to call Kitchen as a witness but he chose not to.  Qazi cannot now come and ask to present witnesses regarding the voluntariness of his confession.  Just as the Government wouldn't be permitted to call additional witness in favor of its position for a hearing that was held and ruled on almost two (2) years ago.

Qazi is attempting to re-litigate his Motion to Suppress, which is improper and frustrates judicial economy.  A party cannot simply re-open or attempt to re-litigate a previously decided issue because they all of a sudden want to call additional witnesses. Qazi does not acknowledge the fact that the issue has already been decided by the court and he does not provide a reason as to why he didn't present the desired testimony (himself and Kitchen) at the evidentiary hearing.  Given the court has already ruled on the matter, Qazi's Motion in Limine should be denied.

B. **The Defendant Has Waived the Issue of Voluntariness by Not Presenting Evidence at the Evidentiary Hearing, Not Objecting to the R&R's Findings, and Not Arguing the Issue on Appeal**

Magistrate Judge Ferenbach's R&R found that Qazi's confession was voluntary. Qazi never contested this finding or the factual allegations in support of this finding. It "is well settled that a reviewing court will not generally consider a matter not first raised in the trial court." *United States v. Greger*, 716 F.2d 1275, 1277 (9th Circ. 1983). With respect to a magistrate judge's recommendation, this Court has held that "failure to properly address and brief the objectionable issues waives the right to appeal." *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see also Britt v. Simi Valley Unified Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983)). In particular, when a defendant fails to challenge a magistrate judge's factual findings, this Court will not consider challenges to those findings. *Bastidas*, 791 F.3d at 1159.

Qazi did not object to the factual findings utilized to determine voluntariness nor did he object to the court's determination that his confession was voluntary.  As such, he has waived the issue.  Qazi's current request is an attempt to reconsider, re-litigate, or appeal the Magistrate Judge's R&R determination that his confession was

6

voluntary.  However, Qazi waived that issue by not objecting to the findings and not appealing the issue once the District Judge affirmed the Magistrate's R&R.

Additionally, Qazi has noted he would intend to testify and call Kitchen as a witness if an evidentiary hearing is granted.  However, it appears Qazi has waived is right to testify at the evidentiary hearing.  When "a defendant remains silent in the face of his attorney's decision not to call him as a witness, he waives his right to testify." *United States v. Pino-Noriega,* 189 F.3d 1089, 1095 (9th Cir.1999) (internal quotation omitted). *See also Guerrero v. United States*, 84 Fed.Appx. 933, 935 (9th Cir. 2003) (holding that a defendant has waived his constitutional right to testify in his own defense by "failing to notify the court of his desire to testify or to request a different attorney when his attorney does not call him as a witness"). Furthermore, the trial court has no duty to inquire into criminal defendants' waiver of their right to testify. *Harris v. Terhune*, 92 Fed.Appx. 462, 463 (9th Cir. 2004). Qazi didn't present any witnesses nor any evidence at the Motion to Suppress evidentiary hearing and therefore he has waived his right to do so at this point.  That hearing was set to address the issue of voluntariness and Qazi should not be permitted to now present testimony and/or evidence that was available at the time of the original evidentiary hearing.

## IV.   <u>Conclusion</u>

For the foregoing reasons, the Government respectfully requests that the Court deny Qazi's Motion in Limine for an Evidentiary Hearing.

DATED this 13th day of July, 2018.

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Respectfully submitted,

DAYLE ELIESON
United States Attorney

*//s//*

ALEXANDRA MICHAEL
PATRICK BURNS
Assistant United States Attorneys

8

## <u>CERTIFICATE OF SERVICE</u>

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE** was sent forthwith to Defendant Qazi via United States mail addressed to:

      Mr. Omar Qazi #49760048
      NSDC 2190 East Mesquite Avenue
      Pahrump, Nevada, 89060

and on stand-by counsel Telia Williams, Esq., via electronic service by ECF,  July 13, 2018.

    **DATED** this 13th day of July, 2018.


                  / s / Alexandra Michael
                 _____
                 ALEXANDRA MICHAEL
                 Assistant United States Attorney