1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

4    UNITED STATES OF AMERICA,                    Case No. 2:15-cr-14-APG-VCF

5                                Plaintiff,       **ORDER DENYING (1) MOTION TO RE-**
                                                  **OPEN DETENTION HEARING, AND (2)**
6            v.                                   **MOTION TO DISMISS**

7    OMAR QAZI,                                   (ECF Nos. 443, 448)

8                                Defendant.

9

10

11         Defendant Omar Qazi has filed a motion to re-open his detention hearing. ECF No. 443.

12   He contends that because he has been detained for over three years his due process rights are

13   being violated by his continued detention.  He also filed a motion to dismiss this case for lack of

14   subject matter jurisdiction. ECF No. 448.  He argues that the Bail Reform Act of 1984 (the

15   authority for his pre-trial detention) was, in reality, a joint resolution for an appropriations bill

16   that cannot have the force of law or operate beyond the year it was passed. *Id.* at 7—8. But Qazi

17   does not explain how his argument leads to the dismissal of the charges pending against him.

18         Qazi has filed several motions seeking release from custody.  Each of those motions was

19   duly considered and rejected by the court.  The Ninth Circuit affirmed Qazi's detention as

20   recently as February 12, 2018. *United States v. Qazi*, No. 17-10478, 2018 WL 841667 (9th Cir.

21   2018).  Most of the delay in this case has been due to the many motions filed by Qazi (and some

22   stipulations to continue filed by the parties).  A portion of the delay was also due to the

23   government's interlocutory appeal of my suppression order.  The government ultimately

24   prevailed on that appeal, so the delay was justified. *United States v. Loud Hawk*, 474 U.S. 302,

25   315–16 (1986).  Qazi, too, filed an interlocutory appeal, which was denied.

26         This case is scheduled to begin trial on July 30, 2018.  Qazi's due process rights are not

27   violated by his continued detention until that trial concludes.

1        With regard to Qazi's motion to dismiss addressing the Bail Reform Act of 1984,

2  Magistrate Judge Leen rejected Qazi's arguments in an earlier version of his motion. *See* ECF

3  No. 325 at 15—16.  I adopt her reasoning and likewise reject Qazi's repackaging of his

4  arguments.  Moreover, even if the Bail Reform Act of 1984 was found to be no longer

5  enforceable, that would not result in the dismissal of the charges pending against Qazi.

6        IT IS THEREFORE ORDERED that Qazi's motion to reopen his detention hearing **(ECF**

7  **No. 443) is denied**, and his motion to dismiss **(ECF No. 448) is denied.**

8        Dated:  July 17, 2018.

9  

10                               ANDREW P. GORDON
                             UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23