# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>OMAR QAZI,<br><br>Defendant | Case No.: 2:15-cr-00014-APG-VCF<br><br>**Order Granting Government's Motion to Exclude Evidence Regarding Sgt. Bien**<br><br>(ECF No. 471) |

The Government filed a motion in limine (ECF No. 471) to preclude defendant Omar Qazi from introducing at trial findings Judge Boulware made regarding Sergeant Frank Bien in a separate case, *United States v. Frank Chavez*, 2:15-cr-00035-RFB-CWH. Qazo declined to file a written response and instead responded to the motion orally at the July 19, 2018 hearing.

In the *Chavez* case, Bien was investigating a crime scene with Detective Hodson. Hodson obtained a telephonic search warrant from state court Judge Lippis based on a mistake of fact regarding the relationship between some of the people involved in the incident. After obtaining the warrant but before executing it, Hodson and Bien learned of the error. Instead of calling Judge Lippis back, Bien and Hodson decided the new information was not material and executed the warrant without informing Judge Lippis of the mistake. Judge Boulware later held that "Hodson and Bien's decision to nevertheless execute the warrant, without calling Judge Lippis back to ask whether this information would change her probable cause determination, converted an innocent misrepresentation into one that was knowingly false." *United States v. Frank Chavez*, Case No. 2:15-cr-00035-RFB-CWH, ECF No. 55 at 18-19. Nevertheless, Judge Boulware ruled that "the false statement contained in the warrant application was not essential to the finding of probable cause." *Id.*

This information is not admissible in this case. It has no relation to the facts of this case. Nor is it proper impeachment material because, given the facts involved in that case, it is not probative of Bien's character for truthfulness. Fed. R. Evid. 608.

Even if it could constitute impeachment material, this information is excludable under Federal Rule of Evidence 403. Introduction of this information would lead to a distracting, confusing, and time-consuming mini-trial about the facts in *Chavez*. I would have to permit the Government to delve into the facts about the *Chavez* case, including Judge Boulware's finding that the mistake did not negate probable cause for the warrant, the fact that the incorrect information was included based on information relayed by other officers, and Bien's role in the warrant preparation relative to Hodson's role. This detour into an unrelated search warrant in an unrelated case would distract and confuse the jury from the evidence and facts in this case. What little, if any, probative value the information has is substantially outweighed by the prejudicial impact, confusion, and waste of time that would occur. Thus, this information is excluded under Federal Rule of Evidence 403.

IT IS THEREFORE ORDERED that the Government's motion **(ECF No. 471) is GRANTED**. The order and findings regarding Frank Bien in *United States v. Chavez*, Case No. 2:15-cr-00035-RFB-CWH are inadmissible in the trial of this case.

DATED this 20th day of July, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE