

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:15-cr-00014-APG-VCF |
| Plaintiff, | |
| v. | **JURY INSTRUCTIONS** |
| OMAR QAZI, | |
| Defendant. | |

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law applicable to this case. A copy of these instructions will be available in the jury room for you to consult. You should take care to follow all of my instructions, because they are all equally important. Do not follow some and ignore others. You should not infer from these instructions, or from anything else I may have said or done, any suggestion as to what verdict you should reach—that matter is entirely up to you.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender. You will recall that you took an oath promising to do so at the beginning of the case.

You are here only to determine whether Mr. Qazi is guilty or not guilty of the charge in the Indictment. He is not on trial for any conduct or offense not charged in the Indictment. As I said before trial, the Indictment is not in any sense evidence of the allegations it contains.

Mr. Qazi has entered a plea of "not guilty" to the charge set forth in the Indictment. As I explained to you during voir dire, the law presumes Mr. Qazi is innocent unless and until the Government has proved each element of the charge beyond a reasonable doubt. The law does not require a defendant to prove his innocence, nor to produce any evidence at all. No inference whatsoever may be drawn from his election not to do so.

Your duty is to determine whether the Government has met its burden.

**REASONABLE DOUBT – DEFINED**

I have told you that the Government must prove Mr. Qazi's guilt beyond a reasonable doubt. Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the Government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that Mr. Qazi is guilty, it is your duty to find him not guilty. On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that Mr. Qazi is guilty, it is your duty to find him guilty.

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; and

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Jury Instructions

## OPINION EVIDENCE

You have heard testimony from a person who, because of education or experience, was permitted to state opinions and the reasons for these opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in this case.

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received in evidence, as well as any facts agreed to by the parties. The following things are not evidence and you may not consider them in deciding what the facts are:

(1)    Questions, statements, objections, and arguments by the lawyers and Mr. Qazi are not evidence. The lawyers and Mr. Qazi are not witnesses. Although you must consider the questions from the lawyers and Mr. Qazi to understand the answers of a witness, the questions are not evidence. Similarly, what the lawyers and Mr. Qazi have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers or Mr. Qazi state them, your memory of them controls.

(2)    Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

(3)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

7

**WITNESS CREDIBILITY**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may choose to believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the witness's opportunity and ability to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable each witness was, and how much weight you think their testimony deserves.

**REDACTION OF EXHIBITS**

Some of the exhibits that were introduced in this case had material redacted from them. To redact means to obscure or remove information prior to presentation to the jury. Redacted information is not relevant to the issues that you are to decide in this case, and you should not speculate regarding the content or nature of the redacted information. You are not to draw any inferences from the fact that information was redacted.

**STATEMENTS BY DEFENDANT**

You have heard testimony that the defendant made statements. It is for you to decide (1) whether the defendant made any of the statements, and (2) if so, how much weight to give them. In making those decisions, you should consider all the evidence about the statements, including the circumstances under which the defendant may have made them.

## DEFENDANT'S DECISION TO NOT TESTIFY

The defendant in a criminal case has a constitutional right to not testify. You may not draw any inference of any kind from the fact that Mr. Qazi did not testify.

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

## ELEMENTS OF THE OFFENSE

Mr. Qazi is charged in the Indictment with the possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In order for Mr. Qazi to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First:      On or about January 6, 2015, Mr. Qazi knowingly possessed a Smith & Wesson .22 caliber firearm bearing Serial Number M37231;

Second:      The firearm has been shipped or transported from one state to another; and

Third:      At the time Mr. Qazi possessed the firearm, he had been previously convicted of a crime punishable by imprisonment for a term exceeding on year.

Mr. Qazi stipulates that before January 6, 2015, he had been convicted of a crime punishable by imprisonment for a term exceeding one year. You should therefore treat this fact as having been proved. You may consider this prior conviction only as it relates to the third element of the offense. You may not consider this prior conviction for any other purpose.

## **"ON OR ABOUT" - DEFINED**

The Indictment charges that the offense alleged was committed "on or about" a certain date. Although it is necessary for the Government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the Government to prove the offense was committed precisely on the date charged.

14

## KNOWINGLY—DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The Government is not required to prove that Mr. Qazi knew that his acts or omissions were unlawful.  You may consider evidence of Mr. Qazi's words, acts, or omissions, along with all the other evidence, in deciding whether he acted knowingly.

The Government does not have to prove that Mr. Qazi was aware of his felon status or knew that the firearm traveled in interstate commerce.

## POSSESSION – DEFINED

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

The Government does not need to prove that Mr. Qazi owned the firearm, only that he possessed the firearm.

## INTERSTATE COMMERCE – DEFINED

To prove the interstate commerce element, the Government can satisfy its burden by showing that, at some time prior to January 6, 2015, the firearm crossed a state line, i.e., moved from one state to another. It is not necessary that the Government prove that the defendant himself carried the firearm across a state line or that the defendant knew that the firearm had previously been transported in interstate commerce.

## CLOSING INSTRUCTIONS

When you begin your deliberations, elect one member of the jury as your foreperson. Your foreperson will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach an agreement, if you can. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence and discussed it fully with your fellow jurors, listening to their views.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict, but only if each of you can do so after making your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a unanimous verdict.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

The punishment the law provides for this crime is for the Court to decide. You must not consider punishment in deciding whether the Government has proved its case against Mr. Qazi beyond a reasonable doubt.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

If during your deliberations you need to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will respond to the jury concerning the case only in writing or here in open court. If you send me a question, I will consult with the parties before answering it, which may take some time. You should continue your deliberations while waiting for the answer to any question.

Jury Instructions

Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of Mr. Qazi's guilt, until after you have reached a unanimous verdict or have been discharged.


Dated: August ___/___, 2018.

_____

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE