1  *Omar Qazi*

2  N.S.D.C.

3  2190 E. Mesquite Ave.

4  Pahrump, Nevada

5

_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
            COUNSEL/PARTIES OF RECORD

AUG - 7 2018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

6

7

8

9

10

11  **UNITED STATES DISTRICT COURT**

12  **DISTRICT OF NEVADA**

13  \*\*\*

14  UNITED STATES OF AMERICA                    Case No. 2:15-cr-00014-APG-VCF

15             Plaintiff,                       **MOTION FOR RELEASE PENDING**

16                                              **SENTENCING**

17             v.

18  *Omar Qazi*

19             Defendant.

20  <u>Certification</u>: This Motion is being filed timely.

21

22        Comes Now, *Omar Qazi*, appearing *In Propria Persona*, hereby filing this Motion for Release

23  Pending Sentencing. This Motion is based on the following Memorandum of Points and Authorities, and

24  any other evidence or oral argument the Court will entertain as a matter of Due Process.

25

26

27

28

1           <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2    I.    <u>ARGUMENT</u>

3           I have previously argued that the probable sentence if convicted would be between 21-27

4    months. See Dkt.# 308 at 4-7; and Dkt.# 315 at 6. The accused reincorporates those points here. If this is

5    correct, it would mean that I have already served about twice the probable sentence because I have been

6    in custody for almost 43 months. The government's improper estimation is that the sentencing guidelines

7    range would be 63-78 months. Since the prosecution never provided an explanation on why they believe

8    I should get a 6-point enhancement on a previous "crime of violence," the accused's reasoning must be

9    accepted as correct. The only response the government made was: ("The base offense level is a 20, as the

10   defendant committed the instant offense subsequent to sustaining a felony conviction for a crime of

11   violence (Battery with Substantial Bodily Harm in violation of NRS 200.481 – District Court Clark

12   County, Nevada - Case No. C273567). See Dkt.# 307 at 11. Nevertheless, the following offer of proof

13   also provides that I would be at a base offense level of 14, placing me at a guideline sentencing range of

14   21-27 months.

15          Due to the fact that the government has already conceded that Nevada Battery Statute NRS

16   200.481 is not a crime of violence, the court can not add the 6-point enhancement under the Sentencing

17   Guidlines in this case. See *United States v. Barlese*, No. 15-10269 (D. Nev. Oct. 13, 2015), Government's

18   Unopposed Motion for Summary Disposition and Remand for Resentencing (wherein the government

19   states "[it] agrees that Barlese's prior [Nevada] battery conviction does not qualify as a crime of violence

20   under the remaining operative clauses of the Career Offender Guidelines.") The government recognized

21   that Nevada battery is interpreted broadly to include "the intentional and unwanted exertion of force

22   upon another, *however slight*." Hobbs v. State, 251 P.3d 177, 179-180 (Nev. 2011) (*emphasis added*). The

23   Nevada Battery Statute NRS 200.481 is the statute that I was convicted for in the past, which can easily

24   be seen from a review of the plea agreement and charging document. See Dkt.# 308, at Exhibit 5, pgs.

25   20-30.

26          But even the felony version of the statute under NRS 200.481(2)(b) is not a categorical match

27   with a generic crime of violence under § 4B1.2(a)(1) of the Sentencing Guidelines, which provides in

28   pertinent part: The term "crime of violence" means any offense under federal or state law, punishable by

1    imprisonment for a term exceeding one year, that—*has as an element the use, attempted use, or*

2    *threatened use of physical force* against the person of another. (emphasis added)

3         Under subection (1), to qualify as a crime of violence, a conviction requires an element of

4    "physical force." This element is limited to "violent force," i.e., "force capable of causing physical pain

5    or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). The Supreme Court has

6    described "violent force" as force that is "extreme," "furious," "severe," and "strong. *Id.* (internal

7    quotation marks omitted)

8         Under a strict categorical analysis, my prior conviction under NRS 200.481 does not satisfy the

9    "physical force" element of a crime of violence. This is because force under NRS 200.481 or NRS

10   200.481(2)(b) need not be violent. Rather, Nevada battery requires only "the intentional and unwanted

11   exertion of force upon another, however slight," such as "spitting on another." *Hobbs v. State*, 251 P.3d

12   177, 179-180 (Nev. 2011). Such a de minimis quantum of force does not qualify as "violent" within the

13   meaning of *Johnson*. Indeed, "at least some physical suffering" is all that is required for a concivtion

14   under NRS 200.481(2)(b). See *Collins v. State*, 125 Nev. 60, 64, 203 P.3d 90, 93 (2009). And while that

15   suffering necessarily must last beyond the moment of impact, there is no requirement in Nevada law that

16   it be more than insubstantial in intensity. See *LaChance v. State*, 321 P.3d 919, 925 (2014) (rejecting

17   defendant's argument that "where the substantial-bodily-harm element is based on prolonged pain, the

18   pain must also be substantial")

19        Thus, a conviction under NRS 200.481(2)(b) does not require the use of "violent" physical force.

20   A generic "crime of violence" under 18 U.S.C. § 16, however does. For example, under state law,

21   someone who pinched, scratched, or lightly slapped a victim, thereby causing a subjective experience of

22   "mild discomfort" that did not "immediately" dissipate, *Collins*, 203 P.3d at 92-93, has technical liability

23   under NRS 200.481(2)(b). See *Holland v. State*, No. 69883, 2017 WL 881951, at *1 (Nev. Ct. App. Feb.

24   24, 2017) (affirming a conviction under NRS 200.481(2)(b) where defendant merely "struck" victim).

25        Criminal liability under NRS 200.481(2)(b) may attach in many unpredictable ways, such as

26   when outsized harm results from slight physical, though non-violent touching, as in the case of fragile or

27   infirm victims, or when a loss of balance occurs. In those situations, even a de minimis quantum of non-

28   violent force may produce "substantial bodily harm" sufficient to trigger felony liability under NRS

1   200.481(2)(b), whereas the application of the same de minimis quantum of force would not amount to a

2   generic crime of violence under 18 U.S.C. § 16(a). Such actions clearly fall short of "violent" physical

3   force as contemplated in *Johnson.*

4        Thereby, these decisions by the Nevada courts establish a "realistic probability" that an accused

5   could be convicted of felony battery under NRS 200.481(2)(b) without using violent physical force

6   against the person of another, as § 4B1.2(a)'s elements clause requires. See *Gonzales v. Duenas-Alvarez,*

7   549 U.S. 183, 193 (2007). Simply said, Nevada's felony version of the battery offense here is not a

8   categorical match under the elements clause, since it does not contain as an element the use, attempted

9   use, or threatened use of physical force against the person of another. See *United States v. Edling,* __ F.3d

10  __, 2018 WL 2752208, No. 16-10457 (9th Cir. Nev., June 08, 2018) (holding that defendant's prior

11  Nevada conviction for coercion did not qualify as a "crime of violence" under § 4B1.2(a)'s elements

12  clause)

13       Accordingly, since NRS 200.481 is not a crime of violence, the government's anticipated 6-point

14  enhancement would not apply, and the court should anticipate the base offense level being 14 for

15  sentencing purposes.

16                              **II.    CONCLUSION**

17       For the reasons set forth above, I respectfully request that the Court issue an Order granting this

18  Motion for Release Pending Sentencing.

19       I declare under penalty of perjury under the law of the state of Nevada that the foregoing is true

20  and correct, and that this document is executed without the benefit of a notary pursuant to NRS 208.165,

21  as I am a prisoner confined in a private prison within this state of Nevada.

22  Executed on August 03, 2018.

23                              Respectfully submitted,

24                              All Rights Reserved and Without Prejudice,

25                              *Omar Qazi*

26                       Signed: _____

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on August 03, 2018, I mailed my Motion for Release Pending Sentencing, to the following:

Clerk of the Court
Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd. South, Rm. 1334
Las Vegas, Nevada

---

*Omar Qazi*
N.S.D.C.
2190 E. Mesquite Ave.
Pahrump, Nevada

Omar Qazi: 44760048
N.S.D.C.
2190 E. Mesquite Ave.
Pahrump, Nevada

US POSTAGE
$00.47⁰
First-Class
Mailed From 89060
08/06/2018
032A 0061838671

Correspondence origin
ated from a detention
facility. The facility is
not responsible for
the contents herein

C/o: Clerk of the Court
Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd, So.-Rm.1334
Las Vegas , Nevada [89101]

89101-706934