Telia U. Williams, Esq.
Nevada Bar No. 9359
Law Office of Telia U. Williams
10161 Park Run Dr., Ste. 150
Las Vegas, Nevada 89145
Tel: (702) 835-6866
telia@telialaw.com
*Attorney for Defendant*
*Omar Qazi*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>OMAR QAZI,<br><br>  Defendant | Case No.: 2:15-cr-00014-APG-VCF<br><br>**DEFENDANT'S FORMAL OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT** |

<u>Certification</u>: These objections are timely filed.

 Omar Qazi, by and through his attorney of record, Telia U. Williams, Esq., submits these Formal Objections to the Presentence Investigation Report for the court's consideration.

 Dated this 25th day of October, 2018.

        Respectfully submitted,

        */s/ Telia U. Williams*
        Telia U. Williams, Esq.
        LAW OFFICE OF TELIA U. WILLIAMS
        10161 Park Run Drive, Suite 150
        Las Vegas, NV 89145
        *Attorney for defendant Omar Qazi*

# OBJECTIONS

**1.     Request for Extension**

At the outset, Mr. Qazi would like to, respectfully, note for the record that he requested a brief extension today in which to file his formal objections to the Pre-Sentence Investigation Report (PSR) of the United States Probation Office, but was unfortunately unable to be accommodated. Mr. Qazi desired an extension because he wanted additional time to review the PSR in order to detail his objections to his counsel, made more difficult since he is in custody, and has been assigned to a part of the jail where he has more restrictive access to the library, telephone, and mail.  As a result, although Mr. Qazi did indicate to his new counsel that he received a copy of the PSR, and had read it, he was not yet able to articulate or write down his objections to it.[1]  In order not to pass the deadline of his formal objections, he submits these brief Objections, which he finds most salient.  It is unknown at this time what Probation's position on these objections might be, or would have been.

❖ *Factual Objections*

- *Pre-Trial Services Information/Custodial Status:*

Under "Adjustment to Custody," (paragraphs 5-9), the PSR asserts various factual assertions regarding combative incidents involving him.  Mr. Qazi contests the presence of these in his PSR, as none of them were formally charged or investigated, and he had no opportunity to formally defend himself against them.  Mr. Qazi contends that the descriptions of the incidents do not reflect his side of the story, and include inaccuracies.  In particular, the July 4, 2018 incident described by Probation does not mention that Mr. Qazi requested to file a formal complaint about the religious discrimination that he perceived he sustained at the hands of the staff and

---

[1] *See id.*

2

administration. Mr. Qazi's version of the events include his meeting with the then-Warden of the detention center where he is being held in custody, Jean Killian. Ms. Killian had promised to Mr. Qazi, as well as his fellow inmates with religious objections to eating certain foods ordinarily given to inmates on holidays, in this case, the Fourth of July. Ms. Killian had proposed a solution that satisfied Mr. Qazi and the other similarly-situated inmates at the meeting. However, when the day came round, the staff of the prison either flagrantly disregarded the plan for the special meal, or failed to follow it. In any event, it was an emotionally trying situation that escalated quickly, and not all to the fault of Mr. Qazi. Mr. Qazi is prepared to state on the record at his sentencing the details from his point of view.

Even if accurate, however, Mr. Qazi disputes the relevance of his alleged incidents in custody to his PSR, and requests that they be stricken.

- *The Offense Conduct:*

In paragraph 11, the PSR notes that the narcotics discovered in Mr. Qazi's possession at the time of his arrest were packaged for sale, and not personal use. But Mr. Qazi denies this, and further, contends that the arresting officer's suggestions of this are hearsay.

- *Adjustment for Obstruction of Justice:*

In paragraph 14, the PSR alleges that Mr. Qazi obstructed justice by calling his mother as a witness at his Preliminary Hearing in the state court proceedings. Mr. Qazi denies that he intended to suborn perjury in calling his mother to testify at his probable cause hearing. Mr. Qazi called his mother as a character witness for him (as he had intended to do at his trial). Mr. Qazi could not know, nor did he deliberately elicit, false testimony from his mother about the origin of the firearm and controlled substances.

- *Adjustment for Acceptance of Responsibility:*

In paragraph 15, the PSR denies that Mr. Qazi accepted responsibility for his conduct. However, Mr. Qazi maintains that he accepted responsibility for being a felon, and for possessing

the firearm, two essential elements of his offense.[2] In fact, Mr. Qazi early in the case signed a stipulation that he was a felon, and closer to trial, as this court well knows, proffered a stipulation that he possessed a firearm. His proffered "unilateral stipulation" was rejected by the government, and only partly granted by the court, but it nonetheless indicates that Mr. Qazi did not intend to put the government to its proof on this element.

Mr. Qazi's intent in going to trial was to contest the element of "interstate commerce." It was a strictly legal contention, and not a factual one. However, slight or marginal the legal viability of this claim might be, it does not tend to contravene his "acceptance of responsibility." It is true that Acceptance of Responsibility "is not intended to apply to a defendant who puts the government to its burden of proof at trial ***by denying the essential factual elements of guilt***."[3] But Mr. Qazi did <u>not</u> deny the "essential factual elements of guilt." He focused instead on his legal argument that the firearm did not travel in interstate commerce. Indeed, Mr. Qazi tried, without success, to 100% stipulate to the fact that he, a felon, was in possession of a firearm, obviating the government's burden of proving that second element. (The government did not have the burden of proving the first element inasmuch as Mr. Qazi had already entered a joint stipulation with the government regarding it). Mr. Qazi plainly did not put the government to the burden of proving that he was in possession of the firearm, and an assertion that he did is plainly inaccurate.

Mr. Qazi felt that he had no other means to contest the factual contention that the firearm that he possessed passed in interstate commerce except by proceeding to trial on it. But the court can, and should, find that he "accepted responsibility" for his conduct, which he did not deny at trial. The USSG envisions this situation where it says:

> Conviction by trial, however, <u>does not automatically preclude a defendant from consideration for such a reduction</u> [for acceptance of responsibility]. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This

---

[2] *See* 18 U.S.C. § 922(g)(1); 18 U.S.C. § 924(a)(2).
[3] *See* <u>United States Sentencing Guidelines Manual</u> (USSG) at §3E1.1(2) (Emphasis added).

may occur, *for example*, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g. to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct)…[4]

Mr. Qazi presents that "rare situation." He went to trial to challenge that the firearm that he was found with actually passed through interstate commerce, and to challenge perceived government misconduct in relation to stopping him. This is just the kind of situation where he did not deny the principal "factual" aspects of his guilt, but to preserve issues of importance to his legal challenges, however novel or unworkable. Thus, Mr. Qazi's assertion of his constitutional right to trial should not work against his having accepted responsibility, entitling him to "2" points in mitigation of his adjusted offense level.

- *Criminal History:*

Mr. Qazi denies the factual allegations listed in paragraph 46 (on page 15). At most, Mr. Qazi admits that he repeatedly "shoved" his girlfriend, and denies the remaining allegations. Mr. Qazi denies that his conviction should constitute a "crime of violence," for reasons he has already detailed on the record. (*See* ECF No. 540).

- *Offender Characteristics:*

Mr. Qazi denies that he subjected his girlfriend to domestic violence on several occasions, as stated in paragraph 74 (and in paragraph 119).

Mr. Qazi respectfully invites this court's considerable discretion in reviewing and considering his objections.

Dated this 25th day of October, 2018.

            Respectfully submitted,

            */s/ Telia U. Williams, Esq.*
       By: _____
            TELIA U. WILLIAMS, ESQ.
            *Attorney for Omar Qazi*

---

[4] *See id.* (Emphases added) (Underlined emphasis added to show that what follows is just an example, and not the only possible illustration of this principle).

**CERTIFICATE OF SERVICE**

I certify that on this 25th day of October, 2018, I caused the foregoing to be delivered by the Court's electronic notification system CM/ECF Program to the persons on the electronic mailing list for this case.

        /s/ David DaSilva
        _____
        of The Law Office of Telia U. Williams